UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

TESSA KNOX,                                    :

                Plaintiff,   :

    -against-                                 :   17 Civ. 772

JOHN VARVATOS ENTERPRISES, INC.,               :

                Defendant.   :

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

## COMPLAINT

Plaintiff Tessa Knox ("Knox"), individually and on behalf of other similarly situated female employees of John Varvatos Enterprises, Inc. ("JV"), by her undersigned attorneys, for her complaint against JV, alleges:

### Nature of the Action

1. Knox is bringing this action to recover damages from JV for intentional discrimination in compensation on the basis of sex. JV compensates its male sales associates with an annual store credit of $6,000 for JV merchandise, but offered Knox and other similarly situated female sales associates only a 50% discount on purchases at JV's sister store. This discrimination on the basis of sex violates the Equal Pay Act, 29 U.S.C. § 206, New York's Equal Pay Act, N.Y. Labor Law § 194, and New York's Human Rights Law, N.Y. Executive Law § 296.

### Jurisdiction and Venue

2. This Court has subject matter jurisdiction over the first claim in this action pursuant to 28 U.S.C. § 1331.

3. This Court has supplemental jurisdiction over the second and third claims in this action pursuant to 28 U.S.C. § 1367 because they are so related to the first claim that they form part of the same case or controversy within the meaning of Article III of the Unites States Constitution.

4. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b) because defendant resides in this District and because a substantial part of the events and omissions giving rise to the claims occurred in this District.

## The Parties

5. Knox is a citizen of the State of New York, residing in East Hampton, New York.

6. Upon information and belief, JV is a corporation organized and existing under the laws of the State of Delaware, with its principal place of business at 26 West 17th Street, New York, New York, where JV's Human Resources personnel are located.

## Background of this Action

7. Upon information and belief, JV designs and sells clothing and accessories at stores located across the United States, including New York. Upon information and belief, JV's annual gross sales exceed $500,000.

8. Nationwide, JV employs at least 100 sales associates, about half of whom, upon information and belief, are women. Upon information and belief, JV currently employs about 30 sales associates in its New York stores, about half of whom, upon information and belief, are women.

9. JV has employed Knox as a sales associate at JV's retail store located at 54 Newtown Lane, East Hampton, New York (the "East Hampton Store"), since August, 2016.

10. Knox's duties as a sales associate include greeting customers when they enter the store, answering customer's questions regarding merchandise, promoting merchandise to customers in the store, retrieving apparel from the storage room for customers, advising customers as to whether clothes fit well, ringing up purchases, processing returns, folding clothes, and maintaining the cleanliness and tidiness of the store. These duties of Knox are the same as those of male sales associates.

11. The duties Knox performs for JV as a sales associate requires the same skill, effort, and responsibility as the work male sales associates perform.

12. Knox performs these duties under the same working conditions as male sales associates.

13. Sometime after she began her employment at JV, Knox learned that JV offered employees compensation of $3,000 of JV merchandise, twice per year, as a clothing allowance ("Clothing Allowance").

14. Knox then asked her manager at the East Hampton Store, Peter Ngo ("Ngo"), about the Clothing Allowance. Ngo confirmed that he received the Clothing Allowance, but could not confirm whether Knox was entitled to receive the Clothing Allowance.

15. On January 2, 2017, Knox e-mailed Ann Byron ("Byron"), the Vice President of Human Resources at JV, asking whether Knox was entitled to the Clothing Allowance. Knox received an out-of-office reply, suggesting that Knox could contact Daniel Ramdular ("Ramdular"), an employee in JV's Human Resources department. Knox then e-mailed Ramdular.

16. On January 4, 2017, Ramdular e-mailed Knox that he had referred Knox's request to another employee in JV's Human Resources department, Nicole Chang ("Chang").

17. On January 4, 2017, Chang responded to Knox's request via email, stating "Unfortunately, at this time, we do not provide a clothing allowance for female employees. You are eligible to receive a discount on John Varvatos items (as per the attached [Retail Employees Discount Policy ("REDP")]) and a 50% discount with our sister company, AllSaints (see attached John Varvatos /AllSaints 50% Discount Policy ("JVASDP"))." Attached as Exhibit A is a copy of the email Chang sent to Knox, with its attachments.

18. The REDP applies to both male and female employees of JV, and can be used for the benefit of the employee and his or her immediate family.

19. The JVASDP applies to only female employees of JV and entitles them to a 50% discount on clothing and other merchandise at retail locations of JV's sister store, AllSaints, up to a maximum discount of $5,000 per year.

20. According to JV's written policies, all male employees at JV retail store locations are eligible for the employee wardrobe allowance discount.

21. Upon information and belief, since February 1, 2014, to present, the turnover rate for female sales associates at JV's New York stores, who were denied the Clothing Allowance while male sales associates at JV's New York stores received the Clothing Allowance, approximated 50 percent per year.

FIRST CLAIM FOR RELIEF
(Equal Pay Act – 29 U.S.C. § 206)

22. Knox repeats the allegations in paragraphs 1 through 21 above as if set forth in full.

23. JV intentionally violated 29 U.S.C. § 206(d)(1) because the Clothing Allowance confers an annual benefit of $6,000 only on male sales associates of JV, and not on female sales associates of JV, even though they perform equal work under equal conditions.

24. The REDP is not an equivalent benefit conferred on female sales associates because it is also available to male sales associates.

25. The JVASDP is not an equivalent benefit conferred on female sales associates because it (i) is only a 50% discount for a value up to $5,000 per year; and (ii) can only be redeemed at a different establishment.

26. Because of JV's violation of Section 206, Knox did not receive the value of the Clothing Allowance.

27. As a result of JV's unlawful conduct, Knox is entitled to damages, including actual damages, liquidated damages, costs and attorneys' fees.

<u>SECOND CLAIM FOR RELIEF</u>
(New York Labor Law § 194)

28. Knox repeats the allegations set forth in paragraphs 1 to 27 above as if set forth in full.

29. JV intentionally violated Section 194 of New York's Labor Law because the Clothing Allowance confers an annual benefit of $6,000 only on male sales associates of JV, and not on female sales associates of JV, even though they perform equal work under equal conditions.

30. The REDP is not an equivalent benefit conferred on female sales associates because it is also available to male sales associates.

31. The JVASDP is not an equivalent benefit conferred on female sales associates because it (i) is only a 50% discount for a value up to $5,000 per year, and (ii) can only be redeemed at a different establishment.

32. Because of JV's violation of Section 194, Knox did not receive the value of the Clothing Allowance.

33. As a result of JV's unlawful conduct, Knox is entitled to damages, including actual damages, liquidated damages, costs and attorneys' fees.

### THIRD CLAIM FOR RELIEF
(New York Human Rights Law – N.Y. Executive Law § 296)

34. Knox repeats the allegations set forth in paragraphs 1 to 33 above as if set forth in full.

35. JV intentionally violated Section 296 of New York's Human Rights Law because the Clothing Allowance confers an annual benefit of $6,000 only on male sales associates of JV, and not on female sales associates of JV, and therefore discriminates in the conditions or privileges of employment on the basis of sex.

36. The REDP is not an equivalent benefit conferred on female sales associates because it is also available to male sales associates.

37. The JVASDP is not an equivalent benefit conferred on female sales associates because it (i) is only a 50% discount for a value up to $5,000 per year, and (ii) can only be redeemed at a different establishment.

38. Because of JV's violation of Section 296, Knox did not receive the value of the Clothing Allowance.

39. As a result of JV's unlawful conduct, Knox is entitled to compensatory damages, costs and attorneys' fees.

### Class Action Allegations – State Law Claims

40. Knox repeats the allegations set forth in paragraphs 1 to 39 above as if set forth in full.

41. Knox is bringing this action as a class action pursuant to Federal Rule of Civil Procedure 23, on behalf of herself and a class of persons similarly situated.

42. The first class of people Knox seeks to represent is defined as the present or former female sales associates employed by JV at its stores in the State of New York, from February 1, 2011, to the time of class certification, who were denied the Clothing Allowance at the same time that male sales associates employed by JV at its stores in the State of New York received the Clothing Allowance. This class has a claim under the New York State Equal Pay Act ("NYSEPA Class").

43. The second class of people Knox seeks to represent is defined as the present or former female sales associates employed by JV at its stores in the State of New York, from February 1, 2014 to the time of class certification, who were denied the Clothing Allowance at the same time that male sales associates employed by JV at its stores in the State of New York received the Clothing Allowance. This class has a claim under the New York State Human Rights Law ("Human Rights Law Class").

44. The classes are sufficiently numerous that joinder of all members is impracticable. Upon information and belief, the first class is comprised of at least 60 persons, and the second class is comprised of at least 37 persons.

45. There are questions of law and fact common to each class.

46. For the NYSEPA Class, these questions include, among others (i) whether JV's decision to offer the Clothing Allowance only to its male sales associates, and not its female sales associates, violated the New York State Equal Pay Act, and (ii) whether this violation was willful.

47. For the Human Rights Law Class, these questions include, among others (i) whether JV's decision to offer the Clothing Allowance only to its male sales associates, and not

7

its female sales associates, violated the New York State Human Rights Law, and (ii) whether this violation was willful.

48. The claims of Knox are typical of the claims of the classes. Knox has a common interest with each member of each class.

49. Knox will fairly and adequately protect the interests of the classes. The interests of Knox are representative and coincident with, and not antagonistic to, those of the remainder of each class. Knox is represented by competent counsel.

50. The questions of law and fact common to the class members predominate over any questions affecting only individual members, and a class action would be superior to other available methods for fairly and efficiently adjudicating the controversy.

Collective Action Allegations – Equal Pay Act

51. Knox repeats the allegations set forth in paragraphs 1 to 50 above as if set forth in full.

52. Knox is bringing the claim for violation of the federal Equal Pay Act as a collective action (the "EPA Collective Action") pursuant to Section 216(b) of the Fair Labor Standards Act, 29 U.S.C. § 216(b), on behalf of herself and persons similarly situated.

53. The EPA Collective Action plaintiffs include present or former female sales associates employed by JV at its stores in the United States from February 1, 2014, to the time of certification, who were denied the Clothing Allowance at the same time that the male sales associates employed by JV at its stores in the United States received the Clothing Allowance,

54. Questions of law and fact common to the EPA Collective Action plaintiffs include, but are not limited to (i) whether JV's decision to offer the Clothing Allowance only to

its male sales associates, and not its female sales associates, violated the federal Equal Pay Act, and (ii) whether this violation was willful.

55. The EPA Collective Action may be brought and maintained as an "opt-in" collective action pursuant to 29 U.S.C. § 216(b), because the claim of Knox is similar to the claims of the EPA Collective Action plaintiffs.

56. Knox and the EPA Collective Action plaintiffs (a) are similarly situated, (b) have substantially similar job classifications, functions, families, titles, and/or duties, and (c) are subject to JV's common policy and practice of sex discrimination in compensation by offering the Clothing Allowance only to its male sales associates and not its female sales associates.

WHEREFORE, Knox, individually and on behalf of all those similarly situated, demands judgment against JV:

A. Awarding Knox damages, according to proof, including compensatory damages and liquidated damages, the precise amount to be determined by the trier of fact in this action;

B. Awarding Knox her costs and attorneys' fees in this action, pursuant to 29 U.S.C. § 216(b), N.Y. Labor Law § 198, N.Y. Executive Law § 297(10), and other applicable laws, and

C. Granting such other and further relief as to this Court seems just and proper.

<u>Jury Trial Demand</u>

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Knox hereby demands a trial by jury of all issues in this action that are so triable.

Dated:  New York, New York
         February 1, 2017

                DUNNEGAN & SCILEPPI LLC

                By *William Dunnegan*
                  William Dunnegan (WD0415)
                  wd@dunnegan.com
                  Richard Weiss (RW4039)
                  rw@dunnegan.com
              Attorneys for Plaintiff
              350 Fifth Avenue
              New York, New York 10118
              (212) 332-8300