HUGHES HUBBARD & REED LLP
Ned H. Bassen
Jordan E. Pace
One Battery Park Plaza
New York, New York 10004-1482
Telephone:  212-837-6000
Facsimile:  212-422-4726
ned.bassen@hugheshubbard.com
jordan.pace@hugheshubbard.com

*Attorneys for Defendant John Varvatos Enterprises, Inc.*

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| TESSA KNOX<br><br>                    Plaintiff,<br><br>          v.<br><br>JOHN VARVATOS ENTERPRISES, INC.<br>                              Defendant. | Civil Action No. 1:17-cv-00772 (GHW) |

# DEFENDANT JOHN VARVATOS ENTERPRISES, INC.'S
# OPPOSITION TO PLAINTIFF'S MOTION FOR CONDITIONAL CERTIFICATION

78442784_4

**TABLE OF CONTENTS**

INTRODUCTION ............................................................................................................................. 1

ARGUMENT ..................................................................................................................................... 2

    I.    The Court Should Deny the Motion for Conditional Certification .......................... 2

        A.    Conditional Certification Is Inappropriate Where No Plaintiff Has Joined an EPA Action ................................................................................ 2

        B.    Potential Opt-In Plaintiffs Are Not Similarly Situated Because the Plaintiff Has Not Shown a Violation of the Equal Pay Act with Respect to Them ....................................................................................... 3

        C.    The Proposed Collective Is Overbroad and Too Vaguely Defined ............ 5

    II.    The Court Should Deny the Request for Equitable Tolling Because Plaintiff Has Not Shown That Either Required Element Is Present in This Case .................................................................................................................... 6

        A.    There Are No Extraordinary Circumstances .............................................. 7

        B.    Potential Opt-in Plaintiffs Who Have Not Filed Claims Have Not Acted with the Required Reasonable Diligence ......................................... 8

    III.    Plaintiff's Proposed Form of Notice Is Defective ................................................... 9

    IV.    The Court Should Not Permit Harassment of Potential Opt-In Plaintiffs ............ 10

    V.    The Court Should Not Compel Varvatos to Provide Any Information Beyond That Necessary to Provide Notice by First Class Mail ............................ 12

CONCLUSION ............................................................................................................................... 12

## TABLE OF AUTHORITIES

Page(s)

**Cases**

*Aponte v. Comprehensive Health Mgmt., Inc.*, No. 10 Civ. 4825 (PKC), 2011 WL 2207586 (S.D.N.Y. June 2, 2011) ................................................................................................11

*Bittencourt v. Ferrara Bakery & Cafe Inc.*, 310 F.R.D. 106 (S.D.N.Y. 2015) ..............................4

*A.Q.C. ex rel. Castillo v. United States*, 656 F.3d 135 (2d Cir. 2011) ...........................................6

*Damassia v. Duane Reade, Inc.*, 04 Civ. 8819 (GEL), 2006 WL 2853971 (S.D.N.Y. Oct. 5, 2006) .................................................................................................................5

*Diaz v. S&H Bondi's Dep't Store*, No. 10 Civ. 7676 (PGG), 2012 WL 137460 (S.D.N.Y. Jan. 18, 2012) ................................................................................................................4

*Guillen v. Marshalls of MA, Inc.*, 750 F. Supp. 2d 469 (S.D.N.Y. 2010) .......................................2

*Hamadou v. Hess Corp.*, 915 F. Supp. 2d 651 (S.D.N.Y. 2013) .....................................................4

*Hernandez v. Immortal Rise, Inc.*, No. 11 CV 4360 (RRM) (LB), 2012 WL 4369746 (E.D.N.Y. Sept. 24, 2012) ................................................................................................9, 10

*Herron v. Peveto Cos.*, Civil Action H-15-766, 2016 WL 3166850 (S.D. Tex. June 7, 2016) ..................................................................................................................................6

*Hoffman v. Sbarro, Inc.*, 982 F. Supp. 249 (S.D.N.Y. 1997) ..........................................................3

*Hoffmann-La Roche Inc. v. Sperling*, 493 U.S. 165 (1989) ...........................................................9

*Irwin v. Dep't of Veterans Affairs*, 498 U.S. 89 (1990) ..................................................................6

*Jackson v. Bloomberg, L.P.*, 298 F.R.D. 152 (S.D.N.Y. 2014) .......................................................7

*Kassman v. KPMG LLP*, No. 11 CIV. 03743 (LGS), 2015 WL 5178400 (S.D.N.Y. Sept. 4, 2015), *reconsideration denied*, No. 11 CIV. 3743 (LGS), 2015 WL 5775866 (S.D.N.Y. Oct. 2, 2015) ..........................................................................................7

*Michael v. Bloomberg L.P.*, No. 14-CV-2657 (TPG), 2015 WL 1810157 (S.D.N.Y. Apr. 17, 2015) ........................................................................................................11, 12

*Myers v. Hertz Corp.*, 624 F.3d 537 (2d Cir. 2010) ............................................................... 2, 3, 5

*Ramos v. PJJK Rest. Corp.*, No. 15-CV-5672 (PKC), 2016 WL 1106373 (S.D.N.Y. Mar. 10, 2016) ...............................................................................................................6

# TABLE OF AUTHORITIES
(Continued)

**Page(s)**

*Ramos v. Platt*, No. 1:13–CV–8957–GHW, 2014 WL 3639194 (S.D.N.Y. July 23, 2014) ...................................................................................................................................8

*Sanchez v. JMP Ventures, L.L.C.*, No. 13 CIV. 7264 (KBF), 2014 WL 465542 (S.D.N.Y. Jan. 27, 2014) ................................................................................................4

*Sharma v. Burberry Ltd.*, 52 F. Supp. 3d, 463 E.D.N.Y. 2014) .......................................................11

*Zaldivar v. JMJ Caterers, Inc.*, 166 F. Supp. 3d 310, 327 (E.D.N.Y. 2016) .................................12

*Zerilli-Edelglass v. N.Y.C. Transit Auth.*, 333 F.3d 74 (2d Cir. 2003) ........................................6, 8

**Statutes**

29 U.S.C. § 206 ..............................................................................................................................3, 4

29 U.S.C. § 255 ..............................................................................................................................5, 8

29 U.S.C. § 256 ..............................................................................................................................2, 7

**Rules and Regulations**

29 C.F.R. § 779.23 ..............................................................................................................................3

29 C.F.R § 1620.9 ...............................................................................................................................3

22 N.Y. Comp. Codes R. & Regs. tit. 22 § 1200.7.3 .......................................................................11

Defendant John Varvatos Enterprises, Inc. ("Varvatos") respectfully submits this memorandum of law in opposition to Plaintiff Tessa Knox's motion for conditional certification of this action as a collective action (the "Motion," ECF No. 39, filed May 26, 2017).

## INTRODUCTION

The Court should not make this case into a representative collective action because Plaintiff has not made the required factual showing that any potential opt-in plaintiffs are "similarly situated" to Plaintiff. Plaintiff focuses narrowly on Varvatos's policy of giving a credit[1] to male sales professionals who, unlike female sales professionals, are required to wear expensive Varvatos menswear when working. Plaintiff ignores the fact that a valid claim under the Equal Pay Act (the "EPA") requires proof both that each individual plaintiff worked in the same "establishment" as an opposite-sex comparator who received wages at a higher rate and that the comparator performed "equal work." Plaintiff has not made the required factual showing on either of these elements and thus has not shown that she and potential opt-in plaintiffs were victims of the same alleged violation of the law. No violation has been shown, so no similarity has been shown. Plaintiff's failure to meet the standard for conditional certification is compounded by the fact that she has not even opted in to the EPA part of this action.

The Court should also reject Plaintiff's request for equitable tolling because, as with the standard for conditional certification, Plaintiff ignores and fails to show the required elements. Equitable tolling requires "extraordinary circumstances" and Plaintiff has failed to show that the circumstances of this ordinary case and ordinary procedural motion are extraordinary. Plaintiff

---

1. The policy at issue makes available a credit to male sales professionals that can be used to purchases Varvatos clothing. It does not give an allowance in the sense of a sum of money that is distributed to the employees. However, because Plaintiff uses the term "Clothing Allowance," to avoid confusion, Varvatos will use the same term.

1

also wholly ignores the requirement of reasonable diligence, which is precluded by the fact that potential opt-in plaintiffs were on notice of the Clothing Allowance yet failed to file any claims.

Finally, in the event the Court does conditionally certify this as a collective action, it should revise the proposed notice to correct misleading and prejudicial statements, should limit the distribution of notice to avoid harassing potential opt-in plaintiffs, and should protect the privacy of those potential opt-in plaintiffs by limiting disclosure of their personal information.

## ARGUMENT

### I. The Court Should Deny the Motion for Conditional Certification

Conditional certification is not automatic and the plaintiff's burden is "not non-existent." *Guillen v. Marshalls of MA, Inc.*, 750 F. Supp. 2d 469, 480 (S.D.N.Y. 2010) (denying conditional certification). The plaintiff must make at least a "modest factual showing" that she and potential opt-in plaintiffs are "similarly situated." *Myers v. Hertz Corp.*, 624 F.3d 537, 555 (2d Cir. 2010). This burden cannot be satisfied through mere allegations or "unsupported assertions." *See id.* Plaintiff has failed to carry her burden.

### A. Conditional Certification Is Inappropriate Where No Plaintiff Has Joined an EPA Action

A plaintiff, including a named plaintiff, is not deemed to have commenced an action under the Fair Labor Standards Act ("FLSA"), including the EPA, until he or she files a written consent to become a party plaintiff. *See* 29 U.S.C. § 256. In this case, Plaintiff has not filed any such consent and is thus not deemed a party plaintiff. No other plaintiff has filed any such consent, so there are currently no EPA plaintiffs. It would be inappropriate and premature to conditionally certify a collective action with no plaintiffs.

### B. Potential Opt-In Plaintiffs Are Not Similarly Situated Because the Plaintiff Has Not Shown a Violation of the Equal Pay Act with Respect to Them

Conditional certification and notice are appropriate only where the plaintiff shows that she "and potential opt-in plaintiffs 'together were victims of a common policy or plan *that violated the law*.'" *Myers*, 624 F.3d at 555 (emphasis added) (quoting *Hoffman v. Sbarro, Inc.*, 982 F. Supp. 249, 261 (S.D.N.Y. 1997)). Plaintiff focuses only on the "common policy" part and does not even attempt to show that the policy "violated the law" with respect to any potential opt-in plaintiff.

It is undisputed that a violation of the EPA only occurs when opposite-sex employees with equal duties *in the same establishment* are paid at a different rate. *See* 29 U.S.C. § 206(d)(1). Varvatos has previously demonstrated that, in the context of a retailer like Varvatos, "establishment" is limited to a "distinct physical place of business," i.e., each store. (*See, e.g.*, ECF No. 29 at 9 (citing 29 C.F.R. § 779.23).) Plaintiff has argued that the entirety of New York or the United States could qualify as an "establishment" under 29 C.F.R § 1620.9(b)—which does not apply in this context—but has not even alleged the factors that would be required under that regulation if it applied. And, Plaintiff has not alleged that any potential opt-in plaintiff, other than her and female predecessors in the East Hampton Store, worked in the same establishment as any male who was paid at a higher rate.[2] Even in her declaration supporting this Motion, Plaintiff alleges that Varvatos employs female sales professionals in certain stores but she is silent as to male sales professionals in those same stores. (*See* ECF No. 41 ¶¶ 9-10.)

---

2. Varvatos has never argued that all potential plaintiffs must have worked in the same establishment as one another. Indeed, Varvatos expressly stated that it "is not arguing that all potential plaintiffs had to work in the same store as one another." (ECF No. 29 at 9.) It is unclear why Plaintiff has mischaracterized Varvatos's argument. (*See* ECF No. 40 at 8.)

3

By omitting this required "establishment" element of an EPA claim, Plaintiff has failed to show that potential opt-in plaintiffs were victims of a violation of the EPA.  This is not, as Plaintiff suggests, a merits issue, but instead is a threshold issue of whether any potential opt-in plaintiffs are shown by the required factual showing to be similarly situated.  It is telling that one of the cases Plaintiff cites for her argument that the Court should ignore the establishment issue is not an EPA case but rather is a regular FLSA case where "establishment" is not a required element.  (*See* ECF No. 40 at 9 (citing and quoting *Diaz v. S&H Bondi's Dep't Store*, No. 10 Civ. 7676 (PGG), 2012 WL 137460, at *6 (S.D.N.Y. Jan. 18, 2012).)  Plaintiff's failure to make a factual showing that there was a violation of law with respect to potential opt-in plaintiffs is insufficient under the Second Circuit standard and precludes conditional certification.

It is also undisputed that the EPA requires equal pay only for "equal work."  *See* 29 U.S.C. § 206(d)(1).  Plaintiff's claim that potential opt-in plaintiffs performed similar duties to her is anecdotal at best.  (*See* ECF No. 40 at 7; ECF No. 41 ¶¶ 3-7, 9-10.)  It is the kind of "nonspecific personal observations and conversations" that have led courts to reject conditional certification.  *See, e.g.*, *Bittencourt v. Ferrara Bakery & Cafe Inc.*, 310 F.R.D. 106, 114 (S.D.N.Y. 2015); *Sanchez v. JMP Ventures, L.L.C.*, No. 13 CIV. 7264 (KBF), 2014 WL 465542, at *2 (S.D.N.Y. Jan. 27, 2014) (denying motion for conditional certification).  More importantly, Plaintiff does not show that the female sales professionals performed the same duties as male sales professionals.  Without any factual showing that the potential opt-in plaintiffs performed equal work, Plaintiff has failed to show that others are "similarly situated," precluding conditional certification.[3]

---

3. Plaintiff ignores the "establishment" and "equal work" elements and instead relies solely on the company-wide policy because she relies on two cases analyzing the standard for conditional certification under FLSA, not the EPA.  (*See* ECF No. 40 at 6 (citing *Hamadou v. Hess Corp.*, 915 F. Supp. 2d 651, 661 (S.D.N.Y. 2013) (FLSA

4

### C.   The Proposed Collective Is Overbroad and Too Vaguely Defined

In the Amended Complaint, Plaintiff defines the collective she seeks to represent as:

> present or former female sales associates employed by [Varvatos] at its stores in the United States from February 1, 2014, to the time of certification, who were denied the Clothing Allowance at the same time that the male sales associates employed by [Varvatos] at its stores in the United States received the Clothing Allowance.

(ECF No. 18 ¶ 56.)  Now, Plaintiff apparently seeks conditional certification of a collective consisting of "all current and former female sales associates employed by [Varvatos] at any [Varvatos store] any time since February 1, 2014." (ECF No. 40 at 1.)  Plaintiff has dropped any connection to the substance or elements of an EPA claim.  In other words, Plaintiff asks the Court to conditionally certify a collective of female "sales associates" without regard to whether they suffered an alleged EPA violation.  The Court should not certify a collective that includes potential plaintiffs who are not alleged to have claims.

Similarly, the inclusion of individuals who were employed by Varvatos as far back as February 1, 2014, is impermissibly overbroad.  Even if Plaintiff had properly alleged willfulness, which she did not, the statute of limitations only goes back three years, which would be late June 2014 (as of the time of this writing), not February.  *See* 29 U.S.C. § 255.  More importantly, the factual showing required for conditional certification "cannot be satisfied simply by unsupported assertions." *Myers*, 624 F.3d at 555.  At this point in the case, there is nothing but Plaintiff's unsupported allegation in the Amended Complaint (ECF No. 18 ¶ 18) that the Clothing Allowance existed before she joined Varvatos in mid-2016.  The lack of any factual showing of a pay differential before that time precludes certification of a class extending before that time.

---

case) and *Damassia v. Duane Reade, Inc.*, 04 Civ. 8819 (GEL), 2006 WL 2853971, at *3 (S.D.N.Y. Oct. 5, 2006) (FLSA case).  FLSA violations do not require proof of the "establishment" and "equal work" elements like the EPA does.

Finally, Plaintiff has not made the required factual showing or even alleged that all Varvatos employees involved with sales, regardless of title, perform "equal work," as required for an EPA claim. The Court should not conditionally certify a vague and undefined collective that is clearly overbroad. *Cf. Herron v. Peveto Cos.*, Civil Action H-15-766, 2016 WL 3166850, at *2 (S.D. Tex. June 7, 2016) (citation omitted) ("[t]oo much leniency at the notice stage can lead to a frivolous fishing expedition conducted by the plaintiff at the employer's expense and can create great settlement pressure early in the case").

For each of these reasons, the Court should deny the motion for conditional certification.

**II.     The Court Should Deny the Request for Equitable Tolling Because Plaintiff Has Not Shown That Either Required Element Is Present in This Case**

The Supreme Court has made clear that federal courts should grant equitable tolling "sparingly." *Irwin v. Dep't of Veterans Affairs*, 498 U.S. 89, 96 (1990). It is a "drastic remedy applicable only in rare and exceptional circumstances." *A.Q.C. ex rel. Castillo v. United States*, 656 F.3d 135, 144 (2d Cir. 2011) (affirming denial of equitable tolling). Equitable tolling requires the plaintiff to show that "circumstances are so extraordinary that the doctrine should apply" and that the plaintiffs "acted with reasonable diligence." *Zerilli-Edelglass v. N.Y.C. Transit Auth.*, 333 F.3d 74, 80-81 (2d Cir. 2003) (listing situations where equitable tolling is "generally considered appropriate," none of which are applicable here). Neither element is present here.

As an initial matter, Plaintiff does no more than note that courts "commonly toll the statute of limitations," provide a string cite, and then recite a barebones procedural history of this matter. (*See* ECF No. 40 at 9-11.) Precisely this kind of unreasoned attempt to invoke equitable tolling without addressing the requirements has been rejected before. *See Ramos v. PJJK Rest. Corp.*, No. 15-CV-5672 (PKC), 2016 WL 1106373, at *5 (S.D.N.Y. Mar. 10, 2016) (denying

equitable tolling because "Plaintiffs have made no evidentiary showing as to why equitable tolling is warranted. They merely contend that courts 'routinely grant' requests for equitable tolling in FLSA actions . . . ."). Plaintiff does not explain why the circumstances of *this case* warrant equitable tolling. It is clear that they do not.

### A. There Are No Extraordinary Circumstances

A motion for conditional certification is part of the ordinary course of every FLSA/EPA action that is pursued as a collective action. Plaintiff fails to explain how such an ordinary procedural step can qualify as extraordinary, i.e., outside of the ordinary. *Cf. Kassman v. KPMG LLP*, No. 11 CIV. 03743 (LGS), 2015 WL 5178400, at *4 (S.D.N.Y. Sept. 4, 2015) (justifying application of equitable tolling only because extreme delays caused by judicial shuffling were "by no means part of the ordinary course of litigation"), *reconsideration denied*, No. 11 CIV. 3743 (LGS), 2015 WL 5775866 (S.D.N.Y. Oct. 2, 2015). This is not just semantics. Rather, it follows the clear guidance from the Supreme Court and the Second Circuit that statutes of limitations cannot be disregarded as a matter of course, as Plaintiffs would have. Anything else would render statutes of limitations meaningless. The Portal-to-Portal Act specifically says that a plaintiff is not deemed to commence an action until he or she files written consent. *See* 29 U.S.C. § 256. If Congress intended for that rule not to apply in FLSA/EPA cases, it would not have enacted that statute specifically for FLSA/EPA cases, as it did. Many of the cases cited by Plaintiff involved extended delays in deciding the conditional certification motion and none suggest that equitable tolling is automatic upon a motion for conditional certification or that the Portal-to-Portal Act can be disregarded. *See, e.g.*, *Jackson v. Bloomberg, L.P.*, 298 F.R.D. 152, 170-71 (S.D.N.Y. 2014) (granting equitable tolling based upon a nine-month delay between motion and ruling, distinguishing a prior case where equitable tolling was rejected where the

delay was only three months). Moreover, nothing stops potential plaintiffs from opting in at any time, including while this Motion is pending.

Varvatos has a statutory right to be free of claims that are outside of the statute of limitations, *see* 29 U.S.C. § 255, and it should not lose that right through no fault of its own. *See Ramos v. Platt*, No. 1:13–CV–8957–GHW, 2014 WL 3639194, at *4 (S.D.N.Y. July 23, 2014) (rejecting equitable tolling even where the defendant allegedly failed to post legally required notices). Plaintiff has not shown, and cannot show, that any circumstances of this particular case are so extraordinary as to justify the drastic remedy of equitable tolling.

### B. Potential Opt-in Plaintiffs Who Have Not Filed Claims Have Not Acted with the Required Reasonable Diligence

In addition to extraordinary circumstances, a plaintiff must show reasonable diligence on the part of those to whom tolling would apply—in this case, the potential opt-in plaintiffs. *See Zerilli-Edelglass*, 333 F.3d at 80-81 (affirming denial of equitable tolling where plaintiff failed to act with reasonable diligence). Plaintiff does not even allege reasonable diligence by anyone or that potential opt-in plaintiffs were unaware of their rights, and on that basis alone fails to carry her burden. *See Ramos v. Platt*, 2014 WL 3639194, at *4 (rejecting equitable tolling because "[h]ere, there is no allegation in the complaint or any evidence at all that [the plaintiff] or others were unaware of their rights"). Moreover, it is clear that potential opt-in plaintiffs have not acted diligently. The Varvatos Dress Policy, which is distributed to every retail employee, clearly states that male sales professionals receive a clothing allowance. (*See* John Varvatos, Appearance and Dress Standards—Retail Locations (rev. Sept. 2016) ("all male retail employees receive a clothing allowance"), attached as Ex. A to the Declaration of Benjamin Harris (ECF No. 20-1).) All female sales professionals were thus on notice that their male counterparts were receiving a benefit that was not extended to them. Their failure to bring claims is a failure to act

8

diligently.[4] Varvatos should not suffer because potential opt-in plaintiffs have slept on their rights.

Because Plaintiff has not established either element of equitable tolling, the Court should deny the request for equitable tolling.

### III. Plaintiff's Proposed Form of Notice Is Defective

The Court should deny the motion for conditional certification for the reasons discussed above. In the event the Court does not deny the Motion, the Court should revise the proposed form of notice. Plaintiff proposes a form of notice that is defective and contrary to the law in a number of significant ways and which, if disseminated, will prejudice Varvatos and mislead potential opt-in plaintiffs. These defects are described below, and corrections are made in the form appended to the Declaration of Jordan E. Pace, submitted herewith.

- The notice is addressed to those who worked for Varvatos since three years before the date the Complaint was filed. As discussed above, Plaintiff has not made the required factual showing that the Clothing Allowance existed prior to August 2016, so that date should limit the recipients of the notice. Even if Plaintiff had made the required factual showing, the proper date would be three years before an order granting conditional certification, if any. *Hernandez v. Immortal Rise, Inc.*, No. 11 CV 4360 (RRM) (LB), 2012 WL 4369746, at *7 (E.D.N.Y. Sept. 24, 2012).

- The reference line describes this as a sex discrimination lawsuit, which is a misleading oversimplification. This is an Equal Pay Act lawsuit, not a Title VII lawsuit.

- The notice, which states that it is authorized by the Court, can be read as encouraging participation in this action and does not disclaim endorsement of the merits of this action. In facilitating notice, a court should avoid "communicating to absent class members any encouragement to join the suit or any approval of the suit on its merits." *Hoffmann-La Roche Inc. v. Sperling*, 493 U.S. 165, 168-69 (1989). The notice should state clearly that the Court is not endorsing the action and that the Court is not encouraging anyone to join the action.

---

4. Or, rather, their failure to bring claims is recognition that there is no illegality here.

9

- The description of the action defines Varvatos as "John Varvatos," giving the misleading impression that John Varvatos (the individual) is being sued rather than Varvatos (the corporation).  Moreover, the description of Varvatos's opposition to Plaintiff's claims is an unfair gloss.  The description should state that "Varvatos denies the allegations and believes that this lawsuit is meritless."

- The "Persons Eligible to Receive This Notice" section states that one must currently be a woman to receive notice and participate.  This is incorrect.  The appropriate criterion is whether one was female at the time of the alleged EPA violation.  The same section omits other criteria for participation as a plaintiff, namely the required factual elements supporting an EPA claim.

- Under "Effect of Joining This Lawsuit," potential opt-in plaintiffs should be advised of their discovery obligations if they join.  *See Hernandez*, 2012 WL 4369746, at *7.

- The "Your Legal Representation If You Join" section can be read as an endorsement of Dunnegan & Scileppi LLC ("D&S").  The section should start by stating that anyone joining is free to represent themselves or to engage counsel of their choosing.  D&S has not shown that it is being paid on a contingency basis and the notice should not state so unless and until Plaintiff or D&S shows that this is accurate.  Any mention of D&S should be accompanied by a clear statement that the Court is not endorsing D&S.  Moreover, the notice should not refer potential opt-in plaintiffs to D&S for questions but, if it does, it should make clear that information given by D&S will not be neutral and will reflect D&S's role as an advocate for one side of this action.

(*See* Pace Decl. Exs. 1, 2.)  These changes are all necessary to ensure that potential opt-in plaintiffs are not misled, that Varvatos is not prejudiced, and that potential opt-in plaintiffs do not get the misimpression that the Court is endorsing this action or Plaintiff's counsel.

## IV.   The Court Should Not Permit Harassment of Potential Opt-In Plaintiffs

The Motion seeks authority for Plaintiff's counsel to send notice to potential opt-in plaintiffs via mail, Federal Express, e-mail, and in-store posting.  In addition, Plaintiff's counsel seeks telephone numbers, presumably so they may call potential opt-in plaintiffs.  All of this amounts to a request that the Court authorize a campaign of harassment.  A potential opt-in plaintiff should be free to ignore a mailing without being subjected to a knock on the door from

10

Federal Express, spam in her e-mail inbox, an unsolicited telephone call, and a constant posted reminder of a lawsuit she does not want to join.

One of Plaintiff's own cited cases establishes that first class mail is sufficient to provide notice. *See Aponte v. Comprehensive Health Mgmt., Inc.*, No. 10 Civ. 4825 (PKC), 2011 WL 2207586, at *7 (S.D.N.Y. June 2, 2011) ("First Class mail is [] sufficient to provide potential class members with notice in this case."). Plaintiff offers no explanation why it is necessary or appropriate for her counsel to bombard potential opt-in plaintiffs with notice through duplicative means. Indeed, Plaintiff is unable to cite a case where any court ever authorized notice by Federal Express. Moreover, Plaintiff, in her brief, gives the appearance that case law uniformly supports e-mail notice and posting in the workplace. Plaintiff ignores that at least one of the cases she cites rejected notice by e-mail. *See Sharma v. Burberry Ltd.*, 52 F. Supp. 3d, 463 E.D.N.Y. 2014). While there is some support for posting notice, posting has been rejected where, as here, there is no showing that notice would otherwise fail to reach potential opt-in plaintiffs. *See Michael v. Bloomberg L.P.*, No. 14-CV-2657 (TPG), 2015 WL 1810157, at *4 (S.D.N.Y. Apr. 17, 2015) ("And, at this early juncture—with no showing that many notices have been returned as undeliverable—Bloomberg will not be required to post the collective action notice in the workplace . . . ."). Telephone contact, for its part, may violate New York's rules regarding solicitation under certain circumstances. *See* 22 N.Y. Comp. Codes R. & Regs. tit. 22 § 1200.7.3(a)(1). The Court should thus authorize sending notice by first class mail only.[5]

---

5. The Court should also require Plaintiff's counsel to provide Varvatos's counsel with an exact copy of the forms of notice and reminder notice sent to any potential opt-in plaintiff, including the envelope and anything inserted therein. This is necessary for Varvatos to ensure that Plaintiff's counsel is complying with the Court's limitations.

11

**V.       The Court Should Not Compel Varvatos to Provide Any Information Beyond That Necessary to Provide Notice by First Class Mail**

Plaintiff seeks a whole host of personally identifiable information about each potential opt-in plaintiff, namely:  (i) names; (ii) mailing addresses; (iii) telephone numbers; (iv) e-mail addresses; (v) dates of birth; (vi) work locations; and (vii) dates of employment.  Plaintiff provides no explanation why Plaintiff needs such information or why it would be appropriate for Varvatos to produce such information to an individual who is not even undertaking to keep such information confidential.  Sending notice only requires the name and mailing address of each potential opt-in plaintiff.  Opt-in plaintiffs can provide their own telephone numbers, as called for on the form of notice.  Disclosing dates of birth implicates privacy concerns and should not be compelled without good cause, which the Plaintiff has not shown.  *See Zaldivar v. JMJ Caterers, Inc.*, 166 F. Supp. 3d 310, 327 (E.D.N.Y. 2016) (rejecting request for dates of birth and work locations); *Michael*, 2015 WL 1810157, at *4 (rejecting request for dates of birth). Plaintiff has not shown how having work locations or dates of employment would facilitate notice.  Accordingly, the Court should not compel Varvatos to provide any information beyond the names and mailing addresses of potential opt-in plaintiffs.

## CONCLUSION

For the foregoing reasons, Varvatos respectfully requests that the Court deny the motion for conditional certification with prejudice.

Dated:   New York, New York             Respectfully submitted,
         June 20, 2017

                                        HUGHES HUBBARD & REED LLP

                                        By:____/s/Ned H. Bassen_____
                                              Ned H. Bassen
                                              Jordan E. Pace
                                        One Battery Park Plaza
                                        New York, New York 10004-1482

12

78442784_4

                                                         Telephone:  212-837-6000
                                                         Facsimile:  212-422-4726
                                                         ned.bassen@hugheshubbard.com
                                                         jordan.pace@hugheshubbard.com

*Attorneys for Defendant John Varvatos Enterprises, Inc.*

78442784_4