HUGHES HUBBARD & REED LLP
Ned H. Bassen
Jordan E. Pace
One Battery Park Plaza
New York, New York 10004-1482
Telephone:  212-837-6000
Facsimile:  212-422-4726
ned.bassen@hugheshubbard.com
jordan.pace@hugheshubbard.com

*Attorneys for Defendant John Varvatos Enterprises, Inc.*

**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| TESSA KNOX<br><br>                    Plaintiff,<br><br>     v.<br><br>JOHN VARVATOS ENTERPRISES, INC.<br>                    Defendant. | Civil Action No. 1:17-cv-00772 (GHW) (GWG) |

**DEFENDANT JOHN VARVATOS ENTERPRISES, INC.'S
MEMORANDUM OF LAW IN SUPPORT OF ITS MOTION TO COMPEL**

Defendant John Varvatos Enterprises, Inc. ("Varvatos") respectfully submits this memorandum of law in support of its motion to compel Plaintiff Tessa Knox to produce documents being withheld based on an erroneous assertion of privilege.

## INTRODUCTION

Plaintiff has asserted both the attorney-client privilege and the work product doctrine for her refusal to produce relevant, responsive documents to Varvatos, but Plaintiff's assertions and her refusal are clearly mistaken. The documents at issue are communications made in the presence[1] of Plaintiff's boyfriend, a non-attorney whose involvement serves no actual or asserted purpose other than to make communications between Plaintiff and counsel "easier." That falls far short of the requirement that the presence of a third party be "necessary" to avoid destroying the privilege. As such, there is no attorney-client privilege.

The documents also fall outside of the work product doctrine, notwithstanding Plaintiff's apparent belief that any and all documents and communications created after the engagement of counsel, without more, are protected. Plaintiff has not shown, and indeed cannot show, that the documents Varvatos seeks were prepared at the behest of counsel, in anticipation of litigation, and contain the analysis or mental impressions that the doctrine seeks to protect. Plaintiff thus has no basis for refusing to produce the documents to Varvatos, and production should be compelled.

## RULE 37(a)(1) CERTIFICATION

Before filing this motion, counsel for Varvatos conferred in good faith with counsel for Plaintiff in an effort to obtain the relief sought herein without court action. (*See* Decl. of Jordan E. Pace in Support of Varvatos's Motion to Compel, submitted herewith, ¶¶ 5-6.)

---

1. As used herein "presence" includes involvement in electronic communications, i.e., a virtual presence.

## STATEMENT OF FACTS

On February 1, 2017, Plaintiff commenced this action, alleging that menswear retailer Varvatos's policy of providing a clothing allowance to its male sales professionals—upon whom it imposes the additional job duty of purchasing and wearing expensive Varvatos menswear—and not to female sales professionals is unlawfully discriminatory under the federal Equal Pay Act, the New York Equal Pay Act, and the New York Human Rights Law. (*See* ECF No. 1.)

On June 21, 2017, Varvatos served its First Set of Requests to Plaintiff Tessa Knox for Production of Documents and Tangible Things (the "Requests"). (Pace Decl. ¶ 2 & Ex. A.) Consistent with Rule 34(b)(2)(A), Varvatos requested that Plaintiff produce the requested items within thirty days of service of the Requests. On or about July 20, 2017, Plaintiff served her responses to the Requests (the "Responses"). (*See* Pace Decl. Ex. B.) Plaintiff did not specify a time for completion of its production. In the Responses, Plaintiff asserted a formulaic general privilege objection based on "the attorney-client privilege, the work-product doctrine, and/or any other privilege recognized under the Federal Rules of Evidence." (*Id.* at 1.) Plaintiff also asserted specific privilege objections to the Requests at issue here but did not assert any general or specific relevance objections with respect to those Requests. (*Id.* at 3-7.) The specific Requests at issue here (the "Requests at Issue") and Plaintiff's Responses are as follows:

> Request 3. All documents concerning any communication with anyone, including Chris Clemence, concerning Varvatos, any Varvatos employees, or any Varvatos policies.
>
> Response. Knox objects to this document request on the ground that it is overly broad and unduly burdensome. Knox further objects to this document request to the extent it seeks documents protected by the attorney-client or work-product privilege.
>
> Request 4. All documents concerning any communication with anyone, including Chris Clemence, concerning your employment with Varvatos.

2

>Response. Knox objects to this document request on the ground that it is overly broad and unduly burdensome. Knox further objects to this document request to the extent that it is seeks documents protected by the attorney-client or work-product privilege.
>
>Request 5. All documents concerning any communication with anyone, including Chris Clemence, concerning this lawsuit or the claims, defenses, or issues involved in this Action.
>
>Response. Knox objects to this document request to the extent that it seeks documents protected by the attorney-client or work-product privilege. Without waving this objection, Knox will produce non-privileged documents which result from a reasonable search.
>
>. . .
>
>Request 9. All documents concerning any issue or complaint of discrimination concerning you or Varvatos.
>
>Response. Knox objects to this document request on the ground that it is overly broad and unduly burdensome, especially because most of the documents sought are in the possession of defendant. Knox further objects to this request to the extent it seeks documents protected by the attorney-client or work-product privilege. Without waiving these objections, Knox will produce relevant, non-privileged documents that result from a reasonable search.

(*Id.* at 3-6.) Plaintiff did not serve any documents or privilege log with her Responses.[2]

The Chris Clemence identified in the Requests at Issue, and whose role is central to this motion, is Plaintiff's live-in boyfriend and the father of Plaintiff's child. (*See* ECF No. 52 at 2.) Mr. Clemence is not an attorney.

On July 24, 2017, counsel for the parties (Mr. Pace for Varvatos and Mr. Weiss for Plaintiff) held a telephonic meet-and-confer concerning Plaintiff's objections and refusal to produce documents responsive to several of the Requests, including the Requests at Issue. (*See*

---

2. Plaintiff has since made two small productions, neither including the materials addressed by this motion.

3

Pace Decl. ¶ 5.) Mr. Pace specifically inquired whether Plaintiff intended to withhold communications involving Mr. Clemence on the basis of any assertion of privilege. (*Id.*) Mr. Weiss responded that Plaintiff would withhold communications involving Mr. Clemence if they also involved Plaintiff's counsel. (*Id.*) Mr. Weiss further stated that Mr. Clemence was acting as Plaintiff's "agent." (*Id.*) When asked whether Mr. Clemence's involvement was required for any reason, including any reason related to Plaintiff's recent pregnancy/delivery, Mr. Weiss responded that Mr. Clemence was involved solely to make communications between counsel and Plaintiff "easier." (*Id.*)

On August 2, 2017, counsel for the parties held another telephonic meet-and-confer. (*See id.* ¶ 6.) Mr. Pace requested that Plaintiff produce a privilege log and again inquired why communications involving Mr. Clemence were being withheld. (*Id.*) This time, Mr. Weiss described Mr. Clemence as Plaintiff's "representative." (*Id.*)

On August 7, 2017, the parties submitted a joint pre-motion letter. (*See* ECF No. 52.) On August 14, 2017, counsel for Varvatos received a privilege log (the "Privilege Log") covering documents dated from January 6, 2017, through the date of the initial Complaint. (Pace Decl. ¶ 7 & Ex. C.) The Privilege Log identifies 41 responsive documents that Plaintiff is withholding on privilege grounds. (*See* Pace Decl. Ex. C.) The Privilege Log identifies Mr. Clemence as "Representative of Plaintiff Tessa Knox" without providing any further detail. (*See id.* at 4.)

## **LEGAL STANDARD**

Rule 34 permits a party to request production of documents and other tangible things that fall within the scope of Rule 26(b). *See* Fed. R. Civ. P. 34(a)(1); 26(b). Production must be completed "no later than the time for inspection specified in the request or another reasonable

4

time specified in the response." Fed R. Civ. P. 34(b)(2)(B).  Where responsive material is withheld as privilege or protected, the responding party must "expressly make the claim" and must provide sufficient descriptive information for other parties to assess the claim of privilege, furnished at the time of the response or disclosure.  Fed. R. Civ. P. 26(b)(5)(A); Local Rule 26.2.

Where, as here, the responding party "fails to produce documents . . . as requested under Rule 34," the requesting party may move for an order compelling production of the requested documents.  Fed. R. Civ. P. 37(a)(3)(B).  The party resisting discovery on privilege or protection grounds bears the burden of proving all elements of the applicable privilege or protection through competent evidence rather than mere ipse dixit assertions.  *von Bulow by Auersperg v. von Bulow*, 811 F.2d 136, 146-47 (2d Cir. 1987) (rejecting assertion of attorney-client privilege).

## **ARGUMENT**

The Requests at Issue are proportional and seek relevant, discoverable documents, so the only issue for determination is whether Plaintiff has any valid privilege or protection objection. Privileges and protections from disclosure are obstacles to the search for truth and, accordingly, are narrowly construed.  *See, e.g.*, *United States v. Nixon*, 418 U.S. 683, 710 (1974).  As shown below, the attorney-client privilege does not protect communications made in the unnecessary presence of a third party, regardless of whether Plaintiff calls the third party a "representative." Moreover, the attorney work product doctrine does not protect all communications and documents created following the engagement of counsel.  Plaintiff's overbroad and mistaken privilege and protection objections should thus be overruled.

**I.    The Requests at Issue Seek Discoverable Information and Are Proportional**

Varvatos is entitled to take discovery regarding "any nonprivileged matter that is relevant to any party's claim or defense and is proportional to the needs of the case . . . ."  Fed. R. Civ.

5

79612058_2

P. 26(b)(1).  It is undisputed that the Requests at Issue seek relevant documents, as Plaintiff did not assert in the Responses, and has thus waived, any objection to the Requests at Issue on relevance grounds.  (*See generally* Pace Decl. Ex. B.)  The relevance of the information sought in the Requests at Issue is also clear from the face of the requests, as they seek Plaintiff's communications concerning Varvatos, Varvatos employees, Varvatos policies, Plaintiff's employment with Varvatos, this action, the claims and defenses in this action, and claims of discrimination concerning Plaintiff or Varvatos.  *Cf. Lifeguard Lic. Corp. v. Ann Arbor T-Shirt Co.*, No. 15 Civ. 8459, 2016 WL 5936887, at *1-2 (S.D.N.Y. Oct. 11, 2016) (noting the "broad" standard for relevance set forth in Rule 26).  These issues are at the heart of this action, as Plaintiff's claims and Varvatos's defenses concern whether Varvatos's policies for its employees, including Plaintiff, are discriminatory.  Moreover, the Requests at Issue are proportional to the needs of the case because they are narrowly focused on a limited number of discrete issues and are limited in time, as Plaintiff was employed by Varvatos for only six months.  Accordingly, Varvatos is entitled to the requested documents.

**II.    Mr. Clemence's Presence Destroyed the Attorney-Client Privilege**

Mr. Clemence, a non-attorney third party, was the author, recipient, or "other recipient" on 29 of 41 allegedly privileged documents that Plaintiff is withholding.  (*See* Pace Decl. Ex. C.)  At least three such documents do not involve Plaintiff at all.  (*See id.* (documents 1, 2, 33).)  The presence of a third party generally destroys the attorney-client privilege unless "the third party's participation is to improve the comprehension of the communications between attorney and client."[3]  *United States v. Ackert*, 169 F.3d 136, 139 (2d Cir. 1999).  In fact, Plaintiff bears the

---

3.  In this federal question action, federal common law governs questions of the attorney-client privilege. However, New York law and federal common law are substantially similar concerning the attorney-client privilege.  *NXIVM Corp. v. O'Hara*, 241 F.R.D. 109, 124 (N.D.N.Y. 2007) ("[T]he distinction between New

burden of proving, *inter alia*, that Mr. Clemence's presence on the communications was "*necessary* for [Plaintiff] to obtain informed legal advice." *Nat'l Educ. Training Grp., Inc. v. SkillSoft Corp.*, No. M8-85 (WHP), 1999 WL 378337, at *4 (S.D.N.Y. June 10, 1999) (emphasis added); *In re Application Pursuant to 28 U.S.C. § 1782. . .*, 249 F.R.D. 96, 101 (S.D.N.Y. 2008) (rejecting assertion of privilege because third party's involvement was not necessary). Plaintiff's counsel affirmatively represented that Mr. Clemence's involvement was solely to make communications between Plaintiff and counsel "easier." (Pace Decl. ¶ 5.) Making communications easier reflects mere convenience or usefulness, not necessity. And where, as here, "the third party's presence is merely 'useful' but not 'necessary,' the privilege is lost." *Allied Irish Banks, p.l.c. v. Bank of Am., N.A.*, 240 F.R.D. 96, 103 (S.D.N.Y. 2007) (Gorenstein, J.) (citing *Nat'l Educ. Training Grp.*, 1999 WL 378337, at *5).

Mr. Clemence's presence destroyed any privilege that might have otherwise attached to communications between Plaintiff and counsel. Accordingly, the Court should order Plaintiff to produce documents being withheld based on an erroneous assertion of privilege.

### III.  Plaintiff Has Not Shown That the Qualified Attorney Work Product Doctrine Protects Any Documents from Discovery

The attorney work product doctrine "provides qualified protection for materials prepared by or at the behest of counsel in anticipation of litigation or for trial." *In re Grand Jury Subpoenas Dated Mar. 19, 2002 & Aug. 2, 2002*, 318 F.3d 379, 383 (2d Cir. 2003); Fed. R. Civ. P. 26(b)(3). "[T]he materials must result from the conduct of 'investigative or analytical tasks to aid counsel in preparing for litigation.'" *Egiazaryan v. Zalmayev*, 290 F.R.D. 421, 435

---

York and federal law on attorney-client privilege is quite indistinguishable, as the law intersects in all of its facets, and are viewed interchangeably.") (citing *Bank of Am., N.A. v. Terra Nova Ins. Co. Ltd.*, 211 F. Supp. 2d 493, 495 (S.D.N.Y.2002)); *Bowne of New York City, Inc. v. AmBase Corp.*, 150 F.R.D. 465, 470 (S.D.N.Y.1993) ("New York law governing the attorney-client privilege is generally similar to accepted federal doctrine . . . .").

(S.D.N.Y. 2013) (Gorenstein, J.) (quoting *Costabile v. Westchester*, 254 F.R.D. 160, 164 (S.D.N.Y. 2008)).  A court may deny protection where the documents do not contain any discussion of legal strategy or attorney opinions or impressions.  *See id.* at 436 (rejecting assertion of work product protection where the Court found no discussion of legal strategy or attorney opinions and impressions during *in camera* review).  It is Plaintiff's burden to establish that each document qualifies for protection.  *See id.* at 435.  Varvatos may then overcome the protection by showing a substantial need for the documents.  Fed. R. Civ. P. 26(b)(3)(A).

At this point, Plaintiff has not established any of the required elements for work product protection and all of the withheld documents are discoverable.  However, it is clear that Plaintiff will not be able to establish protection for a number of documents on the Privilege Log, including:

- Document 1 – Mr. Clemence's initial outreach to Plaintiff's counsel cannot have been at the behest of counsel.

- Documents 3-4 & 6-9 – The description on the Privilege Log shows that these documents concern Plaintiff's retainer agreement.  Retainer agreements generally are discoverable.  *See Torres v. Toback, Bernstein & Reiss LLP*, 278 F.R.D. 321, 322-23 (E.D.N.Y. 2012) (citing Second Circuit decisions and ordering production of retainer agreement).  Retainer agreements generally do not reflect strategy, opinions, or impressions.  Moreover, by claiming attorneys' fees, Plaintiff has put her retainer agreement at issue in this case.  *See Windsor Secs., LLC v. Arent Fox LLP*, No. 16 Civ. 1533 (GBD) (GWG), 2017 WL 3446992, at *4 (S.D.N.Y. Aug. 11, 2017) (Gorenstein, J.) (discussing waiver of work product protection by placing the subject matter of a document at issue).

- Documents 12-16 – These documents concern Plaintiff's response to her corrective action (performance improvement plan), which arises in the normal course of employment, not in the context of litigation.  Counsel's involvement does not alter the fact that discussion or preparation of a response was done as part of the employment relationship rather than in anticipation of litigation.

- Documents 17, 19, 20, 30, 32, 34-37 – These documents appear to be Plaintiff and Mr. Clemence providing facts and evidence to counsel rather than engaging in any kind of analysis at counsel's behest.  Merely communicating facts does not confer protection on those facts.

8

That the foregoing documents, and likely many others, do not qualify for work product protection is evident from the barebones descriptions provided on the Privilege Log. Plaintiff's disclosure of the documents, whether *in camera* or to the undersigned on an attorneys'-eyes-only basis, will likely confirm that the work product protection is inapplicable and that the documents must be produced. In any event, should Plaintiff meet its burden, Varvatos will then have an opportunity to show its substantial need for the documents. Accordingly, the Court should overrule Plaintiff's work product objection and order production of the documents.

## CONCLUSION

For the foregoing reasons, Varvatos respectfully requests that the Court issue an order compelling Plaintiff to immediately produce all documents responsive to the Requests at Issue, including the documents listed on the Privilege Log and any other documents that were disclosed to Mr. Clemence that are being withheld on privilege grounds. Varvatos further requests that the Court order Plaintiff to pay the reasonable expenses, including attorneys' fees, that Varvatos incurred in making this motion, pursuant to Rule 37(a)(5)(A).

Dated: New York, New York
August 16, 2017

Respectfully submitted,

HUGHES HUBBARD & REED LLP

By: /s/Ned H. Bassen
    Ned H. Bassen
    Jordan E. Pace
One Battery Park Plaza
New York, New York 10004-1482
Telephone: 212-837-6000
Facsimile: 212-422-4726
ned.bassen@hugheshubbard.com
jordan.pace@hugheshubbard.com

*Attorneys for Defendant John Varvatos Enterprises, Inc.*

9

79612058_2