DUNNEGAN & SCILEPPI LLC
ATTORNEYS AT LAW
350 FIFTH AVENUE
NEW YORK, NEW YORK 10118

212-332-8300
212-332-8301 TELECOPIER

October 18, 2017

By ECF

Hon. Gregory H. Woods
United States District Judge
Daniel Patrick Moynihan
 United States Courthouse
500 Pearl Street
New York, New York 10007

Re: Knox v. John Varvatos Enterprises, Inc.
17 Civ. 772 (GHW)

Dear Judge Woods,

      We represent plaintiff Tessa Knox ("Knox") in the above action. In accordance with Rule 2.C of the Court's Individual Rules of Practice in Civil Cases, we write to request a pre-motion conference in anticipation of our motion to certify a class pursuant to Fed. R. Civ. P. 23 for Knox's claims under Title VII, 42 U.S.C. § 2000e-5 ("Title VII"), the New York Equal Pay Act, N.Y. Lab. Law § 194 ("NYEPA"), and the New York Human Rights Law, N.Y. Exec. Law § 296 ("NYHRL"). Counsel for defendant John Varvatos Enterprises, Inc. ("JV") consents to the request for a pre-motion conference.

      On February 1, 2017, Knox filed her complaint alleging, *inter alia*, that the written Clothing Allowance policy of JV was unlawful discrimination on the basis of sex, in violation of the Equal Pay Act ("EPA"), NYEPA, and NYHRL. Knox brought the EPA claim as a putative collective action under the EPA, and moved for conditional certification of a collective action under the EPA on May 26, 2017. JV opposed the motion on June 20, 2017, and Knox replied on June 27, 2017. On October 17, 2017, Magistrate Judge Gabriel W. Gorenstein conditionally certified the collective action. (Dkt. 84)

      After Knox received a Right-to-Sue Letter from the Equal Employment Opportunity Commission on June 28, 2017, which authorized Knox to bring her Title VII claim in federal court, Knox moved on August 3, 2017, to amend the complaint to add a Title VII claim for herself and the class. JV opposed the motion on August 14, 2017. On August 29, 2017, Magistrate Judge Gabriel W. Gorenstein granted Knox's motion to amend, and Knox filed her second amended complaint that day. (Dkt. 69)  JV answered on September 15, 2017. (Dkt. 79)

Hon. Gregory H. Woods
October 17, 2017
Page 2

Knox now seeks to certify a Rule 23(b)(3) class of female sales associates who worked at any JV store (1) in the State of New York since February 1, 2011 (the "NYEPA members"), (2) in the State of New York since February 1, 2014 (the "NYHRL members"), and/or (3) the United States (including New York) since April 13, 2016 (the "Title VII members") (collectively, the "Proposed Class"). The NYEPA members will pursue claims against JV under the NYEPA, the NYHRL members will pursue claims against JV under the NYHRL, and the Title VII members will pursue claims against JV under Title VII.

The Proposed Class satisfies the four requirements of Rule 23(a).

**Numerosity.** The Proposed Class is believed to number about forty current and former female JV sales associates spread across JV's 23 stores in New York, California, Texas, Florida, Nevada, and Michigan. Joinder would be impracticable.

**Commonality**. Knox and the Proposed Class all challenge the same JV policy, the Clothing Allowance, which is applied in the same manner to all female sales associates working for JV in the United States.  A class action will generate common answers to the questions of whether (i) the jobs performed by males and female sales associates are substantially equal; (ii) male, but not female sales associates received the Clothing Allowance; (iii) as a result of not receiving the Clothing Allowance, female associates received less pay than male sales associates; (iv) the Clothing Allowance cannot be justified as based on a bona fide factor other than sex; and (v) JV intended to compensate male sales associates more than female sales associates. Resolution of these issues will determine JV's liability and mental state. A class action will also generate a common formula for the calculation of economic and liquidated damages under Title VII, the NYEPA, and NYHRL. The non-economic compensatory and punitive damages will be subject to individual proof.

**Typicality.** Because Knox has a claim under Title VII, the NYEPA, and the NYHRL which mirror the claims of the Proposed Class, her claims are typical of the Proposed Class. Moreover, while the varying statutes of limitation for each claim prevent every member of the Proposed Class from asserting a claim under all three statutes, the standard for establishing liability under each statute is virtually identical.

**Adequacy.** Knox suffered the same injury as the rest of the Proposed Class.  She possesses no interests at odds with those of the other members. Knox has a general understanding of the case, and has already participated in the discovery process by, *inter alia*, aiding counsel with discovery requests and submitting to almost seven hours of deposition in this case.

Knox's counsel has extensive litigation experience and a demonstrated commitment to this litigation.

Additionally, the Proposed Class meets the requirements of Rule 23(b)(3).

Hon. Gregory H. Woods
October 17, 2017
Page 3

**Predominance.** To prove that the Clothing Allowance constitutes unlawful discrimination on the basis of sex (the central issue in this case), each member of the Proposed Class will need to prove that (i) the jobs performed by males and female sales professionals are substantially equal; (ii) only male, but not female, sales associates received the Clothing Allowance; (iii) as a result of not receiving the Clothing Allowance, female associates received less pay than male sales associates; and (iv) the Clothing Allowance cannot be justified as based on a bona fide factor other than sex. Because JV's headquarters in New York City originated and administers the written Clothing Allowance policy, the Clothing Allowance applies identically to each of its stores in the United States. The resolution of the above-identified issues is therefore subject to common proof.

**Superiority.** A class action will "achieve economies of time, effort, and expense, and promote...uniformity of decision as to persons similarly situated, without sacrificing procedural fairness or bringing about other undesirable results." Cordes & Co. Fin. Servs., Inc. v. A.G. Edwards & Sons, Inc., 502 F.3d 91, 104 (2d Cir. 2007).

**Interest in Bringing Individual Actions.** Many members of the Proposed Class will have small claims for damages that may not be worth the time and expense of separate actions.

**Extent of Litigation Already Begun.** Although the Clothing Allowance has been in place since at least 2011, no other sales associate has challenged the policy in court.

**Desirability of this Forum**. This District is the ideal forum for the litigation. More than half of the potential class members worked at JV's stores in the State of New York. Of JV's six stores in New York State, five are located within this District. JV has also admitted that its principal office is located in this District, as are the records relevant to the Clothing Allowance. Third, all of JV's employees that Knox has deposed in this action work in this District.

**Difficulties of Managing A Class Action.** Because the legality of the Clothing Allowance can be determined for all plaintiffs in one case, a class action may benefit JV as well.

Alternatively, if the Court determines that the Class as a whole cannot meet the requirements of Rule 23(b)(3), Knox requests that the Court certify a Rule 23(c)(4) action on the common liability issues for the Class.

Respectfully yours,

William Dunnegan

William Dunnegan

Cc:   Ned H. Bassen, Esq. (By ECF)