**Hughes Hubbard & Reed**

Hughes Hubbard & Reed LLP
One Battery Park Plaza
New York, New York 10004-1482
Telephone: 212-837-6000
Fax: 212-422-4726
hugheshubbard.com

*Ned H. Bassen*
*Partner*
*(212) 837-6090*
*ned.bassen@hugheshubbard.com*

October 23, 2017

VIA ECF

Honorable Gregory H. Woods
United States District Judge
United States District Court
Southern District of New York
500 Pearl Street, Room 2260
New York, New York 10007

      Re:      <u>Knox v. John Varvatos Enterprises, Inc.</u>, No. 1:17-cv-00772 (GHW) (GWG)

Dear Judge Woods:

      As counsel for Defendant John Varvatos Enterprises, Inc. ("Varvatos"), and pursuant to Rule 2(C)(i) of Your Honor's Individual Rules of Practice in Civil Cases, we submit this response to Plaintiff's pre-motion letter regarding an anticipated motion for class certification (ECF No. 85). Pursuant to Your Honor's Order of October 20, 2017 (ECF No. 87), the parties are conferring about whether to proceed before Magistrate Judge Gorenstein for the purposes of Plaintiff's anticipated motion.

      Notwithstanding that Rule 23 requires class certification "[a]t an early practicable time," Plaintiff waited nearly nine months before seeking to file a motion for class certification, a delay that Plaintiff's letter does not acknowledge, much less explain. If class certification is granted, the resolution of this matter will be further delayed by the necessity of an opt-out period and, following that, discovery as to class members. The unnecessary continuation of these proceedings serves only to prejudice Varvatos.

      Plaintiff cannot satisfy the requirements of Rule 23(a) with respect to any sort of class for several reasons:

- **Numerosity.** According to evidence from Plaintiff herself, she has reached out to former female employees of Varvatos in order to get them to join this action but none has joined. Moreover, the deposition Plaintiff took of a current female Varvatos sales associate confirmed that no one other than Plaintiff is likely to have any interest in this action. Accordingly, to the extent there are any

  additional plaintiffs, their numbers are likely to be small and they can easily be joined to this action individually, if appropriate.

- **Commonality.** Plaintiff's argument on commonality reveals a misunderstanding of the laws at issue here. For example, the "bona fide factor other than sex" issue applies only to individuals employed in New York after January 19, 2016, the effective date of the relevant amendment to NYEPA. While that covers Plaintiff, it covers very few other potential class members. Separately, the fact that Varvatos allegedly "intended to compensate male sales associates more than female sales associates" is not a common factual or legal question because intent is irrelevant under certain laws. *See generally* N.Y. Labor Law § 194(1).

- **Typicality.** Plaintiff's claims are not typical. Her asserted NYEPA claim falls under a different version of the law from most potential class members and her NYHRL claim does not cover potential class members who did not work in New York. Her Title VII claim, if any, does not cover the vast majority of potential class members because they did not file charges with the EEOC.

- **Adequacy.** Plaintiff is not an adequate representative of any class of current or former Varvatos employees. Plaintiff abandoned her job after six months and filed this action because she was upset that Varvatos put her on a performance improvement plan because of her poor performance. Plaintiff was the lone sales associate at Varvatos's East Hampton Store and has no insight into what duties other sales associates—both male and female—at other stores actually performed. Plaintiff also claimed "pregnancy brain" to avoid answering questions at her deposition, meaning that she is unable to recall the key facts for this case and thus unable to represent the interests of any other potential class members.

Plaintiff also cannot satisfy the requirements of Rule 23(b)(3):

- **Predominance.** Individual issues predominate, including whether each potential class member actually performed duties that were substantially equal to that of a male comparator within the same establishment. If an individual plaintiff was not required to perform the same duties as a proper male comparator, she has no claim, regardless of how other plaintiffs stand.

- **Superiority.** Plaintiff's generic quote about the superiority of class actions in appropriate circumstances says nothing about the whether such a mechanism would be superior—or even appropriate—here. We do not believe it would be.

- **Interest.** Based on Plaintiff's allegations, the damages in this case increase with length of tenure, so a longer-tenured employee would have a larger potential damage claim. Plaintiff was one of Varvatos's shortest-tenured sales associates because she abandoned her job after less than six months. Most potential class members would have significantly greater interests in this litigation than Plaintiff. Each potential Plaintiff would want to control the litigation individually, rather than leaving it to Plaintiff and her minimal interest.

3

- **Extent of Litigation Already Begun.** Plaintiff correctly notes that no other sales associate has challenged the Clothing Allowance in court, despite the policy having been in place for several years. If anything, this indicates that female sales associates do not view the Clothing Allowance as discriminatory and should not be compelled to affirmatively opt out of a lawsuit in which they do not want to participate.

- **Difficulties of Managing a Class Action.** Managing a class action covering the entire United States and going back up to six years would be difficult for all concerned.

We look forward to discussing this matter at a pre-motion conference, if the Court determines that such a conference is necessary.

Respectfully submitted,

Ned H. Bassen

cc: All counsel of record (via ECF)