DUNNEGAN & SCILEPPI LLC
ATTORNEYS AT LAW
350 FIFTH AVENUE
NEW YORK, NEW YORK 10118

212-332-8300
212-332-8301 TELECOPIER

October 27, 2017

By ECF and Telecopy

Hon. Gabriel W. Gorenstein
United States Magistrate Judge
Daniel Patrick Moynihan
 United States Courthouse
500 Pearl Street
New York, New York 10007

Re: Knox v. John Varvatos Enterprises, Inc.
17 Civ. 772 (GHW)(GWG)

Dear Judge Gorenstein,

Pursuant to the Stipulation and Order of September 18, 2017 (Dkt. 80) (the "Stipulation and Order"), the parties in the above-referenced case jointly submit this letter to advise the Court of the status of the case.

A.    Discovery Status

1. Outstanding Discovery

Of the Outstanding Discovery listed in the Stipulation and Order, the parties have completed (i) the deposition of plaintiff Tessa Knox ("Knox"); (ii) the 30(b)(6) deposition of defendant John Varvatos Enterprises, Inc. ("Varvatos"); and (iii) the service of a production of documents by Varvatos in response to requests approved by the Court at the September 13, 2017, discovery conference. At the oral argument of October 24, 2017, the Court set a briefing schedule for Varvatos' motions to compel (i) the production of certain documents for which Knox asserts a privilege; and (ii) Knox and Chris Clemence ("Clemence") to submit to further depositions regarding communications between Clemence and Knox's counsel and communications between Knox and Knox's counsel to which Clemence was privy. Varvatos' motion to compel is due November 6, 2017, Knox's opposition is due November 20, 2017, and Varvatos' reply is due November 29, 2017.

2. Additional Discovery Owed to Varvatos

After a meet and confer between the parties, Knox agreed to provide a supplemental response to Varvatos' Interrogatory #1. Additionally, Knox and Varvatos agreed that Varvatos would issue a corrected set of Request for Admissions 1 – 10, and that Knox would respond to

Hon. Gabriel W. Gorenstein
October 27, 2017
Page 2

those. Knox anticipates that this discovery will be produced to Varvatos by October 31, 2017. Knox also testified at her deposition that, in preparation for the deposition, she reviewed at least one document containing "pen markings"  Varvatos requested that document, which has not yet been provided.  If Knox continues to refuse to produce that document, Varvatos anticipates moving to compel its production.

> ### 3. Additional Discovery Owed to Knox

At the Rule 30(b)(6) deposition held on October 26, 2017, Varvatos' witness Nicole Chang ("Chang") was not able to provide Knox with (i) each type of job that any male employee has held at [Varvatos]  since February 1, 2014 (Topic 90); and (ii) each type of job that any male employee has held at [Varvatos] since February 1, 2014, whether the male employee received the Clothing Allowance. (Topic 92)  Chang testified that Varvatos has lists that contain this information, and Knox has requested that Varvatos produce those lists. Additionally, Chang consulted a set of notes to respond to several questions, and Knox has requested a copy of those notes. If Varvatos refuses to produce these documents, Knox anticipates moving to compel their production.

B.      Collective Action

On October 26, 2017, Varvatos produced to Knox a list of current and former female sales associates who are eligible to receive notice of the collective action pursuant to the Court's order of September 17, 2017. (Dkt. 84) Knox anticipates distributing notice by November 2, 2017, if not earlier. Assuming the notices are distributed on November 2, 2017, the opt-in period will end on January 1, 2018.  Varvatos intends to take discovery of opt-in plaintiffs, if any, once the opt-in period has expired.

C.      Class Certification

At the October 24, 2017 Oral Argument, the Court set a briefing schedule for Knox's motion to certify a class of plaintiffs pursuant to Rule 23 of the Federal Rules of Civil Procedure. Knox's motion is due November 13, 2017, Varvatos' opposition is due December 4, 2017, and Knox's reply is due December 11, 2017.  To the extent any class is certified, Varvatos intends to take discovery of a representative set of class members once the opt-out period has expired.

D.      Anticipated Motions

After Knox's motion for class certification is briefed, Knox anticipates requesting a pre-motion conference in anticipation of a motion for summary judgment.  It is Varvatos's position that any motion for summary judgment by Knox will be premature prior to discovery of opt-ins, if any, class certification, if any, and discovery of representative class members, if any.  Varvatos will address such prematurity if and when Knox requests a pre-motion conference.

Hon. Gabriel W. Gorenstein
October 27, 2017
Page 3


Respectfully yours,


/s/Richard Weiss_____                           _/s/Jordan E. Pace_____
Richard Weiss                                    Jordan E. Pace
*Counsel for Knox*                               *Counsel for Varvatos*