HUGHES HUBBARD & REED LLP
Ned H. Bassen
Jordan E. Pace
One Battery Park Plaza
New York, New York 10004-1482
Telephone:  212-837-6000
Facsimile:  212-422-4726
ned.bassen@hugheshubbard.com
jordan.pace@hugheshubbard.com

*Attorneys for Defendant John Varvatos Enterprises, Inc.*

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| TESSA KNOX<br><br>                     Plaintiff,<br><br>     v.<br><br>JOHN VARVATOS ENTERPRISES, INC.<br>                     Defendant. | Civil Action No. 1:17-cv-00772<br>(GWG) |

**DEFENDANT JOHN VARVATOS ENTERPRISES, INC.'S**
**SUPPLEMENTAL BRIEFING IN SUPPORT OF ITS MOTION TO COMPEL**
**AND**
**MEMORANDUM OF LAW IN SUPPORT OF ITS**
**MOTION TO COMPEL ANSWERS TO DEPOSITION QUESTIONS**

## **TABLE OF CONTENTS**

INTRODUCTION ............................................................................................................. 1

RULE 37(a)(1) CERTIFICATION..................................................................................... 2

STATEMENT OF FACTS ................................................................................................. 2

LEGAL STANDARD......................................................................................................... 4

ARGUMENT ...................................................................................................................... 5

    I.    Varvatos Is Entitled to the Withheld Documents on the Basis of
        Substantial Need ............................................................................................... 5

        A.    The Information Contained in the Withheld Documents Is
               Discoverable ......................................................................................... 6

        B.    Varvatos Has a Substantial Need for the Information and Cannot
               Obtain the Substantial Equivalent....................................................... 7

               i.    Varvatos Has a Substantial Need for Information
                    Exclusively in Plaintiff's Possession ................................. 7

               ii.    Varvatos Has a Substantial Need for Prior Statements for
                    Impeachment...................................................................... 9

    II.    The Court Should Order Mr. Clemence to Answer Deposition Questions
        Concerning Relevant, Non-Privileged Information............................................. 10

        A.    The Information Sought Is Relevant and Deposition Questions Are
               Proportional........................................................................................ 10

        B.    The Information Sought is Not Protected by the Attorney-Client
               Privilege ............................................................................................. 11

        C.    Neither Rule 26(b)(3) Nor the Work Product Doctrine Cover the
               Information Sought .............................................................................. 12

CONCLUSION................................................................................................................... 13

## <u>TABLE OF AUTHORITIES</u>

**Page(s)**

**Cases**

*AU New Haven, LLC v. YKK Corp.*, 15 Civ. 3411(GHW) (SN), 2016 WL
6820383 (S.D.N.Y. Nov. 18, 2016)...................................................................12

*Colon v. City of New York*, No. 12-CV-9205 (JMF), 2014 WL 3605543 (S.D.N.Y.
July 8, 2014).........................................................................................................9

*Harrington v. Bergen County*, No. 2:14-cv-05764-SRC-CLW, 2016 WL 4820625
(D.N.J. Sept, 13, 2016) ......................................................................................11

*Hickman v. Taylor*, 329 U.S. 495 (1947) ...............................................................9, 12

*Johnson v. J. Walter Thompson U.S.A., LLC*, No. 16 Civ. 1805 (JPO) (JCF), 2017
WL 3432301 (S.D.N.Y. Aug. 9, 2017).............................................................12

*Royal Park Inv. SA/NV v. Deutsche Bank Nat'l Trust Co.*, No. 14-CV-04394
(AJN) (BCM), 2016 WL 4613390 (S.D.N.Y. Aug. 31, 2016) ...........................6

*S.E.C. v. Nadel*, No. CV 11-215 (WFK) (AKT), 2013 WL 1092144 (E.D.N.Y.
March 15, 2013)....................................................................................................9

*United States v. Ghavami*, 882 F. Supp. 2d 532 (S.D.N.Y. 2012)..............................12

*von Bulow by Auersperg v. von Bulow*, 811 F.2d 136 (2d Cir. 1987) ...........................5

**Statutes and Rules**

29 U.S.C. § 206.............................................................................................................10

Fed. R. Civ. P. 26 ................................................................................................ *passim*

Fed. R. Civ. P. 30 ...............................................................................................4, 5, 10

Fed. R. Civ. P. 34 .........................................................................................................4

Fed. R. Civ. P. 37 .........................................................................................................5

Fed. R. Civ. P. 45 .......................................................................................................10

Fed. R. Evid. 601 .......................................................................................................10

Fed. R. Evid. 602 .......................................................................................................10

Fed. R. Evid. 801 .......................................................................................................11

Local Rule 26.2 ..................................................................................................5, 6, 11

N.Y. Labor Law § 194 ...............................................................................................10

80516474_3

Defendant John Varvatos Enterprises, Inc. ("Varvatos") respectfully submits this supplemental briefing in further support of its motion to compel the production of documents being withheld by Plaintiff Tessa Knox (the "August Motion to Compel," ECF No. 60), limited to the issue of Varvatos's substantial need.  Varvatos also respectfully submits this memorandum of law in support of its motion to compel non-party Chris Clemence to answer deposition questions he refused to answer based on an erroneous assertion of privilege.

## INTRODUCTION

The Court already has ruled that documents reflecting communications with Plaintiff's counsel that involved, or were disclosed to, Plaintiff's then-boyfriend, Mr. Clemence, are not protected by the attorney-client privilege.  These documents contain relevant information concerning issues central to both Plaintiff's claims and Varvatos's defenses, including the Clothing Allowance and the dress codes that Varvatos has for its male and female sales associates.  Varvatos needs the documents to prepare its defense both because they likely contain substantive information exclusively in Plaintiff's possession and because they likely contain admissions and prior inconsistent statements by Plaintiff that Varvatos may use for impeachment purposes.  Significantly, Varvatos has been unable to obtain substantially equivalent evidence due to Plaintiff's claimed memory issues and inability at her deposition to recall relevant facts. Varvatos thus has a substantial need for the documents that trumps any qualified protection even if the work product doctrine were applicable.

The Court's ruling that communications involving or disclosed to Mr. Clemence are not protected by the attorney-client privilege also entitles Varvatos to have Mr. Clemence answer deposition questions concerning facts discussed in those communications.  Varvatos only seeks facts communicated by Plaintiff or Mr. Clemence during oral communications, which means that

1

the work product doctrine is not applicable.  Mr. Clemence has information concerning Plaintiff's prior statements on the Clothing Allowance and the Dress Codes and which facts Plaintiff, a likely trial witness, has forgotten due to claimed memory issues.  This information is relevant and discoverable, so the Court should compel Mr. Clemence to answer related questions.

## RULE 37(a)(1) CERTIFICATION

Before filing the August Motion to Compel and before filing this motion, counsel for Varvatos conferred in good faith with counsel for Plaintiff in an effort to obtain the relief sought herein without court action.  (*See* Decl. of Jordan E. Pace in Support of the August Motion to Compel (ECF No. 62) ¶¶ 5-6; *see* Declaration of Jordan E. Pace, executed Nov. 6, 2017 (the "Second Pace Decl.," submitted herewith) ¶ 6.)

## STATEMENT OF FACTS[1]

Plaintiff has alleged that Varvatos unlawfully discriminates against its female sales associates by not giving them with the same Clothing Allowance that it provides its male sales associates.  Plaintiff claims that this practice violates the federal Equal Pay Act, Title VII of the Civil Rights Act of 1964, the New York State Equal Pay Act, and the New York Human Rights Law.  (*See generally* Second Am. Compl. (ECF No. 69).)  In broad strokes, and without limitation, Varvatos's defense is that the jobs of male and female sales associates are not substantially equal because the dress codes Varvatos imposes upon its sales associates (the "Dress Code," the "Male Dress Code," or the "Female Dress Code," as appropriate) require more of the males than of the females (male sales associates are required to wear Varvatos clothing,

---

1.  Additional facts relevant to the August Motion to Compel are set forth in Varvatos's initial brief.  (*See* ECF No. 61 at 2-4.)

which is expensive, whereas female sales associates are not).  The Clothing Allowance is necessary to support the Male Dress Code, which in turn supports Varvatos's sales of its luxury menswear by, among other things, allowing the male sales associates to model the Varvatos menswear for their own customers and the customers of the female sales associates.  Plaintiff apparently intends to argue that Varvatos's defenses are pretextual.  (*See* ECF No. 26 at 11-12, 14-17.)

On August 16, 2017, Varvatos filed its August Motion to Compel, seeking documents concerning communications that either involved or were disclosed to Mr. Clemence (the "Withheld Documents").  Mr. Clemence is Plaintiff's non-attorney fiancé whom she has authorized to act as her "representative" for this case.  (*See* ECF No. 63 at 2-3.)  The August Motion to Compel was fully briefed as of September 1, 2017.  (*See* ECF Nos. 60-67, 71-72.)

On August 23, 2017, Varvatos served a Rule 45 subpoena on Mr. Clemence.  (*See* Second Pace Decl. ¶ 3, Ex. B.)  The subpoena commanded Mr. Clemence to appear to testify at a deposition in this case and to bring with him documents responsive to appended requests.  (*See generally id.*)  On September 7, 2017, Mr. Clemence appeared, produced documents, and testified.  Richard Weiss, Esq. of Dunnegan & Scileppi LLC ("D&S," who are also Plaintiff's counsel) appeared on behalf of and represented Mr. Clemence at the deposition.  (*See id.* ¶ 4; *see also id.* Ex. C (the "Clemence Dep. Tr.") at 6:25-7:5.)  During the course of the deposition, Mr. Clemence refused to answer numerous questions based on an assertion of privilege, including questions intended to elicit information concerning the following topics:  Plaintiff's prior statements concerning the Male and Female Dress Codes; facts of which Mr. Clemence has had to remind Plaintiff due to her memory issues; and other factual statements by Plaintiff or her representative.  (*See* Clemence Dep. Tr. at 82:5-83:2, 95:3-97:10, 114:3-15, 213:16-19.)

On September 11, 2017, Varvatos served a notice of Rule 30(b)(1) deposition of Plaintiff on Plaintiff's counsel.  (*Id.* ¶ 5.)  On September 26, 2017, Plaintiff appeared and testified. During the course of the deposition, Plaintiff repeatedly claimed not to remember facts, including facts concerning:  her duties as a sales associate; the restrictions imposed upon her by the Female Dress Code; and whether she ever directed the attention of any customers to Varvatos clothing that her male colleagues were wearing/modeling.  (*See id.* Ex. D (the "Knox Dep. Tr.") at 129:2-23, 139:10-18, 141:6-12, 232:22-24, 359:2-12.)  Plaintiff claimed in her declaration in opposition to the August Motion to Compel and during her deposition that she has suffered from memory issues that she terms "pregnancy brain."  (*See id.* at 5:5-7:2; ECF No. 66 ¶ 10.)

On October 23, 2017, after counsel for the parties met and conferred, Varvatos submitted a pre-motion letter in anticipation of a motion to compel Mr. Clemence and Plaintiff to answer deposition questions that they had refused to answer based on erroneous assertions of privilege. (*See* ECF No. 89.)

On October 24, 2017, the Court held oral argument on the August Motion to Compel.  At the argument, the Court decided that Mr. Clemence's involvement in communications with Plaintiff's counsel destroyed the attorney-client privilege.  (*See* Second Pace Decl. Ex. E (Tr. of Oct. 24, 2017 Oral Arg.) at 19:5-22.)  Also at the argument, and in a subsequent order (ECF No. 91), the Court permitted the parties to submit supplemental briefing on the issue of whether Varvatos has a substantial need for documents constituting work product and to combine that briefing with briefing on Varvatos's anticipated second motion to compel.

## LEGAL STANDARD

Rule 34 permits a party to request production of documents and other tangible things that fall within the scope of Rule 26(b).  *See* Fed. R. Civ. P. 34(a)(1), 26(b).  Rule 30 permits a party

4

to depose any person, including a party or a non-party, concerning information that falls within

the scope of Rule 26(b).  *See* Fed. R. Civ. P. 30(a)(1), 26(b).  Where a party refuses to produce

documents, or a deponent refuses to answer a deposition question, based on an assertion of

privilege or protection, the party or deponent must, in response to the document request or

deposition question, "expressly make the claim" and must provide sufficient descriptive

information for other parties to assess the claim of privilege.  Fed. R. Civ. P. 26(b)(5)(A); Local

Rule 26.2(a).

Where, as here, a party "fails to produce documents" or a deponent "fails to answer a

question asked under Rule 30 or 31," the requesting party may move for an order compelling an

answer.  Fed. R. Civ. P. 37(a)(3)(B).  The party or deponent resisting discovery on privilege or

protection grounds bears the burden of proving all elements of the applicable privilege or

protection through competent evidence rather than mere ipse dixit assertions.  *See von Bulow by*

*Auersperg v. von Bulow*, 811 F.2d 136, 146-47 (2d Cir. 1987) (rejecting assertion of attorney-

client privilege).  A party may overcome work product protection by showing that the

information sought is discoverable, that the party has a "substantial need" for the information,

and that the party "cannot, without undue hardship, obtain the[] substantial equivalent by other

means."  Fed. R. Civ. P. 26(b)(3)(A).

## ARGUMENT

## I.    Varvatos Is Entitled to the Withheld Documents on the Basis of Substantial Need

Varvatos seeks to compel the production of documents containing facts reported by

Plaintiff and her fiancé/authorized representative, Mr. Clemence.[2]  As set forth below, these

materials are relevant to the claims and defenses at issue in this case and contain either facts

---

2.  Varvatos does not seek the mental impressions, conclusions, opinions, or legal theories of Plaintiff's counsel, which can be redacted to the extent they also appear in the documents.

exclusively in Plaintiff's possession or Plaintiff's prior inconsistent statements, which are not otherwise available to Varvatos.

### A.     The Information Contained in the Withheld Documents Is Discoverable

Varvatos is at an informational disadvantage in that it has not seen the Withheld Documents and is limited to the meager information provided in Plaintiff's Privilege Log and prior briefing.  Nonetheless, the broad relevance standard of Rule 26(b)(1) is satisfied.  *Cf. Royal Park Inv. SA/NV v. Deutsche Bank Nat'l Trust Co.*, No. 14-CV-04394 (AJN) (BCM), 2016 WL 4613390, at *6 (S.D.N.Y. Aug. 31, 2016) ("Although not unlimited, relevance, for purposes of discovery, is an extremely broad concept."  (citation omitted)).  First, the Privilege Log indicates that the documents touch on relevant topics.  For example, the descriptions of certain documents[3] include things like "Knox John Varvatos Case – Employee Wardrobe Procedures" and "Knox John Varvatos Case – Dress Standards."  (*See* ECF No. 62-3, lines 29-30.)  These presumably touch on the Clothing Allowance and Varvatos's Male and Female Dress Codes, and one of the central issues in this case is whether the Clothing Allowance is legal given the different dress code applied to male versus female sales associates.  The declaration of Plaintiff's counsel confirms that these and the other documents listed on the Privilege Log concern issues relevant to this case.  (*See, e.g.*, ECF No. 65 ¶ 11 ("In documents 17 through 21, Clemence offered facts and ideas he thought would be helpful for the litigation . . ."); ¶ 15 ("In documents 29 through 38, [Plaintiff] and Clemence sent to counsel evidence, facts, and ideas they thought would be helpful in the upcoming litigation . . .").)

Second, the circumstances of the documents indicate that Plaintiff and Mr. Clemence were communicating relevant facts.  For example, Mr. Clemence's initial e-mail to counsel likely

---

3.   The information in the "Document Description" column of the Privilege Log appears to be e-mail subject lines rather than general subject matter of each document as required by Local Rule 26.2(a)(2)(A)(ii).

contained the same information that is contained in most initial e-mails to counsel:  a recitation of relevant facts that the author believes provides the basis for a claim or defense.  Plaintiff has admitted that she has no relationship with D&S outside of this case (*see* ECF No. 66 ¶ 15) and has alleged that the documents were prepared in anticipation of litigation.  Those two facts lead to the conclusion that communications from Plaintiff and Mr. Clemence to D&S would be limited to matters relevant to this case.

There is no proportionality issue because Plaintiff has already gathered the documents and reviewed them, negating any claim of undue burden or expense.  As such, the documents are discoverable under Rule 26(b)(1).

**B.      Varvatos Has a Substantial Need for the Information and Cannot Obtain the Substantial Equivalent**

Because the Withheld Documents are discoverable, Varvatos may obtain them by showing that it has a "substantial need for the materials to prepare its case and cannot, without undue hardship, obtain their substantial equivalent by other means."  Fed. R. Civ. P. 26(b)(3)(A).

**i.      Varvatos Has a Substantial Need for Information Exclusively in Plaintiff's Possession**

Varvatos has a substantial need for prior factual statements by Plaintiff (directly and through Mr. Clemence) because certain information would be exclusively in Plaintiff's possession.  For example, the Dress Code benefits Varvatos and both its male and female sales associates because the sales staff can use males wearing Varvatos clothing as models showing off how the clothing looks, fits on different body types, can be styled, etc.  Female sales associates like Plaintiff can direct their customers' attention to clothing that their male colleagues are wearing as a means to make a sale, which negates any claim that the beneficial Dress Code is a pretext.  Varvatos needs to know whether Plaintiff ever took advantage of this benefit in order

7

to rebut any argument by Plaintiff that she did not benefit from the Clothing Allowance/Dress Code.  At her deposition, Plaintiff was unable to recall whether she ever directed her customers' attention to clothing that her two male colleagues, Peter Ngo and Michael Graham, were wearing.  (*See* Knox Dep. Tr. at 129:2-23, 232:22-24.)  Varvatos cannot obtain the substantial equivalent because no one other than Plaintiff would know and Plaintiff does not remember.

Plaintiff has made other allegations that are generalized and non-specific, and that are hard for Varvatos to refute without further detail.  For example, Plaintiff has alleged that Mr. Ngo and Mr. Graham would not always wear Varvatos clothing when in the East Hampton Store.  (*See* ECF No. 27 ¶ 8.)  Without more details from Plaintiff, Varvatos may not be able to fully investigate and refute Plaintiff's allegations.  At her deposition, Plaintiff was able to give details about some instances but not others.  (*See* Knox Dep. Tr. at 139:10-18, 140:18-141:14.)  This situation is particularly critical with respect to key arguments that Plaintiff has made or may make in this case—that her duties were substantially equal to those of male sales associates and that the Female Dress Code imposed upon her a burden equal to that imposed upon male sales associates by the Male Dress Code.  Varvatos has a right to discover the factual basis for these conclusions, i.e., precisely what duties and what aspects of the Dress Code Plaintiff thinks made her job substantially equal to that of male sales associates.[4]  But Plaintiff was unable to recall the full extent of her duties, as she understood them, or the restrictions the Dress Code imposed upon her, as she understood it.  Varvatos cannot obtain the substantial equivalent of the facts underlying Plaintiff's conclusions because they would be known only to Plaintiff.

---

4.   If Plaintiff were an expert witness testifying as to any conclusion, Varvatos would have the right to disclosure of all "facts or data considered by the witness in forming" his or her opinion/conclusion.  Fed. R. Civ. P. 26(a)(2)(B)(ii).  Varvatos would have the right to that disclosure notwithstanding that it would otherwise be protected work product.  *See* Fed. R. Civ. P. 26(b)(4)(C)(ii).  Varvatos's substantial need for the facts upon which a conclusion or opinion rests is the same whether a witness is an expert or a lay witness.

### ii.    Varvatos Has a Substantial Need for Prior Statements for Impeachment

Varvatos also has a substantial need for prior factual statements by Plaintiff and Mr.

Clemence for impeachment purposes.  In its essential decision on the work product doctrine, the

Supreme Court specifically suggested that a party might obtain work product materials where

"they might be useful for purposes of impeachment."  *Hickman v. Taylor*, 329 U.S. 495, 511

(1947).  Subsequent lower court decisions have recognized a substantial need for a witness's

prior statements as impeachment material, especially when the available evidence suggests gaps

in the witness's memory or inconsistencies by the witness.  *See, e.g.*, *Colon v. City of New York*,

No. 12-CV-9205 (JMF), 2014 WL 3605543, at *2 (S.D.N.Y. July 8, 2014); *S.E.C. v. Nadel*, No.

CV 11-215 (WFK) (AKT), 2013 WL 1092144, at *3 (E.D.N.Y. March 15, 2013).  Plaintiff's

admissions in both her declaration and her deposition testimony establish gaps in her memory.

(*See* ECF No. 66 ¶ 10 (claiming memory issues related to "pregnancy brain"); *see, e.g.*, Knox

Dep. Tr. at 359:10-12 (claiming not to remember a conversation due to "pregnancy brain").)  Her

deposition testimony is also inconsistent with evidence she has produced.  For example, Plaintiff

produced a series of text messages, including one in which she described Varvatos as a "men's

store."  (*See* Second Pace Decl. Ex. A (Knox000131).)  Yet at her deposition, Plaintiff testified

that she "wouldn't say" that Varvatos is a men's store.  (*See* Knox Dep. Tr. at 67:12-25 (claiming

an inability to remember whether she ever described Varvatos as a men's store).)  The upshot of

the memory gaps and inconsistences is that Plaintiff is not a reliable witness and more

impeachment material is likely to exist.  Accordingly, Varvatos has a substantial need for any

prior statements by Plaintiff, concerning any relevant issue, that are inconsistent with her

allegations and arguments in this case.  There is no substantial equivalent of Plaintiff's own prior

inconsistent statements.

Because Varvatos has demonstrated that the information contained in the Withheld
Documents is discoverable and that Varvatos has a substantial need for the information, which it
cannot otherwise obtain, the Court should order Plaintiff to produce the withheld documents with
only those redactions necessary to protect against disclosure of D&S's opinion work product.

## II.   The Court Should Order Mr. Clemence to Answer Deposition Questions Concerning Relevant, Non-Privileged Information

### A.   The Information Sought Is Relevant and Deposition Questions Are Proportional

Varvatos served Mr. Clemence with a Rule 45 subpoena to testify at a deposition, which
obligated Mr. Clemence to answer questions seeking relevant information unless the information
is privileged or otherwise protected from disclosure.  *See* Fed. R. Civ. P. 30(a)(1); *see generally*
Fed. R. Civ. P. 45.  Varvatos seeks to compel Mr. Clemence to answer deposition questions
concerning a few discrete issues, each of which is relevant to this action:

- The Varvatos Dress Codes for Male and Female Sales Associates.  One of the
  central issues in this action is whether the different Dress Codes Varvatos imposes
  upon its male and female sales associates make the jobs of male and female sales
  associates sufficiently different so that neither the federal nor state Equal Pay Act
  apply to the Clothing Allowance.  *Cf.* 29 U.S.C. § 206(d); N.Y. Labor Law
  § 194(1).  Varvatos is entitled to discover Plaintiff's prior statements concerning
  the Dress Codes, including her view of the skill, effort, and responsibility
  imposed by the Dress Codes, both as substantive evidence and for impeachment,
  and to question Plaintiff at trial as to those statements.  Mr. Clemence asserted
  privilege and refused to answer questions as to Plaintiff's prior statements
  concerning the Dress Codes.  (*See* Clemence Dep. Tr. at 114:3-15, 213:16-19.)

- Facts of Which Mr. Clemence Reminded Plaintiff.  Plaintiff has alleged that she
  suffered from memory loss affecting her ability to recall facts at issue in this
  action and that Mr. Clemence has had to remind Plaintiff of facts related to this
  case.  (*See* ECF No. 63 at 17.)  That is relevant to Plaintiff's competence and
  credibility as a witness.  *Cf.* Fed. R. Evid. 601, 602.  Varvatos thus has a right to
  discover which facts Plaintiff has forgotten and later been reminded of, and to
  question Plaintiff at trial concerning her recall of those facts.  When asked of
  which facts he reminded Plaintiff, Mr. Clemence refused to answer on privilege
  grounds.  (*See* Clemence Dep. Tr. at 95:3-97:10.)

10

- <u>Prior Factual Statements of Plaintiff's Representative</u>.  Mr. Clemence has acted as Plaintiff's representative for issues related to this action since at least early January.  For example, Mr. Clemence, rather than Plaintiff, initially contacted D&S by telephone on January 6, 2017, during which call Mr. Clemence presumably made statements concerning facts central to this action.[5]  (*See* Clemence Dep. Tr. at 82:5-17.)  Those statements are party admissions and can be used against Plaintiff, including for impeachment.  *See* Fed. R. Evid. 801(d)(2).  Varvatos has a right to discover the prior statements of Plaintiff's authorized representative.  When asked what he told D&S, Mr. Clemence refused to answer on privilege grounds, including with respect to the January 6 call.  (*See* Clemence Dep. Tr. at 82:13-83:2.)

Varvatos seeks to compel answers to deposition questions on only a limited number of issues, which imposes a minimal burden (as opposed to document requests requiring searches, review, and production, or other written discovery).  The issues are central to Varvatos's defense in this action, including whether the lone Plaintiff accusing Varvatos of unlawful discrimination is competent or credible.  Accordingly, in addition to being relevant, the discovery sought is proportional.

### B.    The Information Sought is Not Protected by the Attorney-Client Privilege

Mr. Clemence asserted privilege and refused to answer questions concerning the issues described above because he apparently obtained the information during communications involving Plaintiff's counsel—communications that Mr. Clemence was either directly involved in or that were disclosed to him.  The Court has already rejected assertion of the attorney-client privilege with respect to communications involving Mr. Clemence.  (*See* Second Pace Decl. Ex. E (Tr. of Oct. 24, 2017 Oral Arg.) at 19:5-22; *see also* ECF No. 61 at 6-7; ECF No. 71 at 2-6 (citing, *inter alia*, *Harrington v. Bergen County*, No. 2:14-cv-05764-SRC-CLW, 2016 WL 4820625 (D.N.J. Sept, 13, 2016)).)  Accordingly, Mr. Clemence cannot refuse to answer any deposition questions on the basis of the attorney-client privilege.

---

5.  Varvatos's insight into the matters discussed during this call and their relevance is limited by Plaintiff's and Mr. Clemence's failure to provide the information required by Local Rule 26.2(a)(2)(B).

11

**C.     Neither Rule 26(b)(3) Nor the Work Product Doctrine Cover the Information Sought**

Varvatos also only seeks discovery of information concerning or obtained by Mr. Clemence during oral communications with Ms. Knox or counsel.  As Plaintiff conceded in her briefing on the August Motion to Compel, work product protection under Rule 26(b)(3) extends only to "documents" and "tangible things."  (*See* ECF No. 63 at 7 (citing, *inter alia*, *AU New Haven, LLC v. YKK Corp.*, 15 Civ. 3411(GHW) (SN), 2016 WL 6820383, at *1 (S.D.N.Y. Nov. 18, 2016)).)  Rule 26(b)(3) does not, therefore, protect the information Varvatos seeks.

The information is likewise not protected work product under the doctrine established by the Supreme Court in *Hickman* and subsequently refined by case law.  *Hickman* addressed the issue of whether a party's attorney could be forced, in the course of discovery, to reveal his own impressions and recollections, whether memorialized or not.  *See* 329 U.S. at 511.  Courts have thus recognized that *Hickman* and its progeny provide a protection for so-called "intangible work product:  an *attorney's analysis* made in anticipation of litigation, but which has not been memorialized."  *Johnson v. J. Walter Thompson U.S.A., LLC*, No. 16 Civ. 1805 (JPO) (JCF), 2017 WL 3432301, at *5 (S.D.N.Y. Aug. 9, 2017) (emphasis added) (quoting *United States v. Ghavami*, 882 F. Supp. 2d 532, 536 (S.D.N.Y. 2012).  But Varvatos does not seek testimony from Plaintiff's attorney and does not seek any attorney analysis.  What Varvatos seeks are factual statements made by Plaintiff or her authorized representative.  Those statements are not protected from disclosure.

Because Mr. Clemence refused to answer deposition questions seeking relevant information not protected by privilege, the Court should order Mr. Clemence to appear for another deposition and answer those and any follow-on questions.

## **CONCLUSION**

For the foregoing reasons, Varvatos respectfully requests that the Court issue an order

compelling Plaintiff to immediately produce all documents withheld on privilege grounds that

contain factual statements by Plaintiff or Mr. Clemence, including the documents listed on the

Privilege Log and any other documents that were disclosed to Mr. Clemence.  Varvatos further

requests that the Court issue an order compelling Mr. Clemence to appear and answer deposition

questions concerning the issues with respect to which he asserted a claim of privilege.


Dated:  New York, New York                        Respectfully submitted,
       November 6, 2017

                                                 HUGHES HUBBARD & REED LLP

                                                 By:_____/s/Ned H. Bassen_____
                                                   Ned H. Bassen
                                                   Jordan E. Pace
                                             One Battery Park Plaza
                                             New York, New York 10004-1482
                                             Telephone:  212-837-6000
                                             Facsimile:  212-422-4726
                                             ned.bassen@hugheshubbard.com
                                             jordan.pace@hugheshubbard.com

                                             *Attorneys for Defendant John*
                                             *Varvatos Enterprises, Inc.*