HUGHES HUBBARD & REED LLP
Ned H. Bassen
Jordan E. Pace
One Battery Park Plaza
New York, New York 10004-1482
Telephone:  212-837-6000
Facsimile:  212-422-4726
ned.bassen@hugheshubbard.com
jordan.pace@hugheshubbard.com

*Attorneys for Defendant John Varvatos Enterprises, Inc.*

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| TESSA KNOX <br><br>       Plaintiff, <br><br>   v. <br><br> JOHN VARVATOS ENTERPRISES, INC. <br>       Defendant. | Civil Action No. 1:17-cv-00772 (GWG) |

**DEFENDANT JOHN VARVATOS ENTERPRISES, INC.'S REPLY**
**SUPPLEMENTAL BRIEFING IN SUPPORT OF ITS MOTION TO COMPEL**
**THE PRODUCTION OF DOCUMENTS**
**AND**
**REPLY MEMORANDUM OF LAW IN SUPPORT OF ITS**
**MOTION TO COMPEL ANSWERS TO DEPOSITION QUESTIONS**

80927860_3

## TABLE OF CONTENTS

INTRODUCTION ................................................................................................................ 1

ADDITIONAL FACTS ....................................................................................................... 2

ARGUMENT ...................................................................................................................... 2

     I.     Varvatos's Substantial Need for Plaintiff's Prior Statements Trumps the Claim of Work Product Protection ......................................................... 2

          A.     Varvatos Has a Substantial Need for Information Exclusively in Plaintiff's Possession That Relates to Her Arguments on the Merits ........ 3

          B.     Plaintiff's Memory Issues and Inconsistencies Establish Varvatos's Substantial Need to Obtain Her Prior Statements ..................................... 4

     II.    Varvatos Seeks Proportional Discovery from Mr. Clemence Concerning Information That Is Relevant and Not Shielded by Any Privilege or Protection ....................................................................................................... 5

          A.     The Work Product Doctrine Does Not Cover the Information Varvatos Seeks ................................................................................... 5

          B.     The Information Varvatos Seeks Is Discoverable ................................... 7

               i.     Plaintiff Lacks Standing to Assert a Proportionality Objection .................................................................................. 7

               ii.    The Deposition Questions Are Proportional .................................. 8

CONCLUSION ................................................................................................................... 9

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Abdell v. City of New York*, No. 05 Civ. 8453 (KMK) (JCF), 2006 WL 2664313
    (S.D.N.Y. Sept. 14, 2006) ................................................................................4

*Bross v. Chevron U.S.A. Inc.*, Civil Action No. 06-1523, 2009 WL 854446 (W.D.
    La. Mar. 25, 2009) .........................................................................................6

*Colon v. City of New York*, No. 12–CV–9205 (JMF), 2014 WL 3605543
    (S.D.N.Y. July 8, 2014) ...............................................................................4, 5

*Haus v. City of New York*, No. 03 Civ. 4915 (RWS) (MHD), 2006 WL 3375395
    (S.D.N.Y. Nov. 17, 2006) ...............................................................................7

*Johnson v. Bryco Arms*, Nos. 03 CV 2582 & 02 CV 3029, 2005 WL 469612
    (E.D.N.Y. Mar. 1, 2005) ..............................................................................4, 5

*Johnson v. J. Walter Thompson U.S.A., LLC*, No. 16 Civ. 1805 (JPO) (JCF), 2017
    WL 3432301 (S.D.N.Y. Aug. 9, 2017) ...........................................................6

*Langford v. Chrysler Motors Corp.*, 513 F.2d 1121 (2d Cir. 1975) ...............................................7

*Malibu Media, LLC v. Doe*, No. 15-CV-3147 (AJN), 2016 WL 5478433
    (S.D.N.Y. Sept. 29, 2016) ...............................................................................7

*Malibu Media, LLC v. John Does 1-21*, No. 12-CV-00835-REB-MEH, 2012 WL
    3590902 (D. Colo. Aug. 21, 2012) .................................................................7

*In re Pfizer Inc. Sec. Litig.*, No. 90 CIV. 1260 (SS), 1994 WL 263610 (S.D.N.Y.
    June 6, 1994) ................................................................................................6, 7

*United States v. Nobles*, 422 U.S. 225 (1975) ................................................................6

*United States v. Prevezon Holdings, Ltd.*, 320 F.R.D. 112 (S.D.N.Y. 2017) ..................................8

*Varuzza by Zarrillo v. Bulk Materials, Inc.*, 169 F.R.D. 254 (N.D.N.Y. 1996) ........................4, 5

**Rules**

Fed. R. Civ. P. 26 ................................................................................................2, 5, 6

Fed. R. Civ. P. 30 ...................................................................................................8

80927860_3

Fed. R. Civ. P. 37 ................................................................................................................8

Fed. R. Evid. 801 ...............................................................................................................5

Local Rule 26.2 ..................................................................................................................8

iii

Defendant John Varvatos Enterprises, Inc. ("Varvatos") respectfully submits this reply supplemental briefing in further support of its motion to compel the production of documents being withheld by Plaintiff Tessa Knox (the "August Motion to Compel," ECF No. 60), limited to the issue of Varvatos's substantial need to obtain the documents.  Varvatos also respectfully submits this reply memorandum of law in further support of its motion to compel non-party Chris Clemence to answer deposition questions he refused to answer based on an erroneous assertion of privilege (the "Second Motion to Compel," ECF No. 94).

## INTRODUCTION

Varvatos has a substantial need for information and statements contained in the Withheld Documents[1] because they contain information relating to arguments on the merits that Plaintiff has made or may make in this case.  This information is in the exclusive possession of Plaintiff and Varvatos cannot obtain its equivalent.  Thus, Varvatos may obtain this discovery notwithstanding any claim of work product protection.  Moreover, it is undisputed that Plaintiff claims memory issues and has put forward inconsistent evidence.  That allows Varvatos to obtain Plaintiff's prior statements, both as substantive evidence and for impeachment purposes, without any further showing and without limitation to any specific issues or subject matter.

Separately, the Court should compel Mr. Clemence to appear and answer deposition questions because Varvatos's questions seek precisely the kind of information that is not protected by either the work product rule or the work product doctrine:  intangible information in the possession of a non-attorney.  These questions seek information concerning Plaintiff's prior statements on key issues and cover Plaintiff's memory issues.  Plaintiff cannot pretend that her evidence and her credibility are irrelevant when she also claims to be the sole representative of a

---

1.  Capitalized terms not otherwise defined herein shall have the meaning ascribed to them in Varvatos's prior briefing (ECF No. 95).

1

class of potential plaintiffs.  Significantly, Mr. Clemence has not objected to appearing and answering questions, and Plaintiff lacks standing to object on any grounds other than privilege.

Accordingly, the Court should order Plaintiff to produce the Withheld Documents and Mr. Clemence to appear to finish his deposition by answering questions he refused to answer on purported privilege grounds.

## ADDITIONAL FACTS

Prior to Mr. Clemence's deposition, counsel for Varvatos attempted to schedule certain depositions in East Hampton, New York, where witnesses, including Mr. Clemence, were located.  Plaintiff's counsel declined to take depositions in East Hampton.  (*See* Declaration of Jordan E. Pace, executed Nov. 29, 2017, submitted herewith (the "Nov. 29 Pace Decl."), ¶ 2.) Neither Plaintiff nor Mr. Clemence ever objected to the location of Mr. Clemence's deposition. (*Id.* ¶ 3.)  At his deposition, Mr. Clemence was represented by Richard Weiss, Esq. of Dunnegan & Scileppi LLC, counsel for Plaintiff.  (*Id.* ¶ 4.)  Attorney Weiss objected over 150 times during the deposition.  (*Id.*)

Varvatos's Second Motion to Compel and all supporting papers were served on Mr. Clemence on November 6, 2017, by serving copies via first-class United States mail on Attorney Weiss.  (*Id.* ¶ 5.)  Mr. Clemence neither filed nor served any opposition or answering papers. (*Id.*)  Plaintiff filed and served opposition papers. (*See* ECF Nos. 106-107.)

## ARGUMENT

**I.  Varvatos's Substantial Need for Plaintiff's Prior Statements Trumps the Claim of Work Product Protection**

It is undisputed that the Withheld Documents contain information that is "otherwise discoverable" (*see* ECF No. 95 at 6-7 (unrebutted by Plaintiff)), thereby satisfying one of the two elements required to overcome the qualified protection of the work product doctrine.  *See* Fed. R.

Civ. P. 26(b)(3)(A)(i).  Varvatos also has a substantial need for the information in the Withheld

Documents and cannot, without undue hardship, obtain the equivalent, meaning that Plaintiff

should be compelled to produce the documents.

**A.    Varvatos Has a Substantial Need for Information Exclusively in Plaintiff's Possession That Relates to Her Arguments on the Merits**

Information in Plaintiff's possession relating to arguments she intends to make on

summary judgment or at trial is self-evidently essential and crucial to Varvatos's case.  To the

extent such information is exclusively in Plaintiff's possession, that exclusivity gives Varvatos a

substantial need and the inability to obtain the equivalent.

Varvatos's prior briefing (*see* ECF No. 95 at 7-8) provided examples—by way of

illustration, not limitation—of information solely in Plaintiff's possession that relates to

Plaintiff's arguments.  For example, Plaintiff's prior briefing indicates that she will argue that the

Male Dress Code and making sales are not a legitimate business reason for the Clothing

Allowance, allegedly negating one of Varvatos's defenses.  (*See* ECF No. 26 at 9-12.)  In

particular, Plaintiff has doubted whether the Male Dress Code actually helps sales.  If Plaintiff

never attempted to take advantage of the Male Dress Code by directing her customers' attention

to the clothing being worn/modeled by her male colleagues, then that explains why Plaintiff is

making this erroneous argument.  Varvatos cannot obtain this information from witnesses Peter

Ngo or Michael Graham, as there may have been times when Plaintiff pointed out their clothing

without alerting them that she was doing so.  Similarly, Plaintiff has argued that the Male Dress

Code is pretextual because it is not enforced and, in that vein, has alleged that male sales

associates sometimes violate the dress code.  Varvatos is entitled to the details behind Plaintiff's

vague allegations of dress code violations.  (*See* ECF No. 26 at 4; ECF No. 27 ¶ 8.)  Varvatos

cannot obtain the equivalent from witnesses Ngo or Graham, because, *inter alia*, they disagree

with Plaintiff's allegations.  Plaintiff's repeated inability to remember facts concerning these and other issues underlying her arguments in this case gives Varvatos a substantial need to obtain Plaintiff's prior statements.

**B.      Plaintiff's Memory Issues and Inconsistencies Establish Varvatos's Substantial Need to Obtain Her Prior Statements**

Plaintiff refuses to let Varvatos review the Withheld Documents for prior inconsistent statements and at the same time faults Varvatos for not showing that the documents contain prior inconsistent statements.  (*See generally* ECF No. 106 at 5-6.)  Thus, Plaintiff is using the work product doctrine as both a sword and a shield.  Plaintiff's argument also ignores the case law.

Relevant case law stands for the rule that, once either memory issues or inconsistencies have been shown with respect to a witness, a party has a substantial need and is entitled to discover that witness's prior statements, including for impeachment purposes.  *See, e.g., Johnson v. Bryco Arms*, Nos. 03 CV 2582 & 02 CV 3029, 2005 WL 469612, at *5 (E.D.N.Y. Mar. 1, 2005) (holding that "[a] prior statement by a witness . . . will provide plaintiffs with a critical piece of impeachment material, particularly if, as they have indicated, the witness's subsequent depositions have suggested inconsistencies or gaps in memory" and ruling that the plaintiff had a substantial need for prior statements due to a witness's apparent "developing narrative with significant contradictions, that may bear on credibility"); *see also Colon v. City of New York*, No. 12–CV–9205 (JMF), 2014 WL 3605543, at *2 (S.D.N.Y. July 8, 2014) (substantial need for prior statements of witnesses covering events occurring years before); *Varuzza by Zarrillo v. Bulk Materials, Inc.*, 169 F.R.D. 254, 257 (N.D.N.Y. 1996) (witness's inability to recall numerous details during deposition created substantial need "to assist in filling the gaps" and "for impeachment"); *Abdell v. City of New York*, No. 05 Civ. 8453 (KMK) (JCF), 2006 WL 2664313, at *7 (S.D.N.Y. Sept. 14, 2006) (substantial need for prior statements of police officers

4

to district attorney's office where events had occurred years before and key issue was whether

officers gave differing accounts).

Here, it is undisputed that Plaintiff claims memory issues (her so-called "pregnancy

brain") and has been inconsistent on relevant issues.  (*See* ECF No. 95 at 9 (unrebutted by

Plaintiff).)  Moreover, a party's substantial need and ability to discover prior statements after

showing memory issues or inconsistencies is plenary and is not limited to specific issues or

subject matter.  *See, e.g., Johnson*, 2005 WL 49612, at *5 (allowing discovery of "any prior

statement" without limitation to specific issues bearing on credibility); *Colon*, 2014 WL

3605543, at *2 (allowing discovery of prior statements without limitation to any specific topic on

which there were proven memory issues); *Varuzza*, 169 F.R.D. at 257 (allowing discovery of

prior statement without limitation to specific memory gaps).  Stated otherwise, demonstrated

credibility issues with respect to a witness mean that it is likely that there are prior inconsistent

statements among work product materials—more than just the possibility Plaintiff claims—

allowing a party to discover *all* of the witness's prior statements.  Accordingly, the Court should

order Plaintiff to produce her prior statements and those of her representative, Mr. Clemence.[2]

## II.     Varvatos Seeks Proportional Discovery from Mr. Clemence Concerning Information That Is Relevant and Not Shielded by Any Privilege or Protection

### A.     The Work Product Doctrine Does Not Cover the Information Varvatos Seeks

In incorrectly arguing that the work product doctrine applies, Plaintiff ignores the clear

differences between, and limits of, the work product rule under Rule 26(b)(3) and the work

---

2.   Plaintiff's unsupported claim that Varvatos is "estopped" from arguing that Mr. Clemence's statements are party admissions (*see* ECF No. 106 at 13-14) is incorrect.  Varvatos demonstrated that, whether Mr. Clemence was a representative or not, his involvement in communications was not necessary and thus destroyed the attorney-client privilege.  The fact that Plaintiff admittedly used Mr. Clemence as her representative and authorized him to make statements on her behalf—while having no bearing on privilege—makes his statements her admissions under the plain language of Rule 801(d)(2).  *See* Fed. R. Evid. 801(d)(2)(A), (C).

5

product doctrine under *Hickman*.  While Rule 26(b)(3) protects materials generated by certain

non-attorneys, it is clear that the protection of the Rule does not extend to intangible materials

like the oral statements at issue here.  *See* Fed. R. Civ. P. 26(b)(3)(A).  *Hickman*, by contrast,

covers intangible work product, but only by attorneys and their agents—which does not cover

oral statements by a party or her boyfriend/fiancé.[3]  *See Johnson v. J. Walter Thompson U.S.A.,*

*LLC*, No. 16 Civ. 1805 (JPO) (JCF), 2017 WL 3432301, at *5 (S.D.N.Y. Aug. 9, 2017) (defining

"intangible work product" as "an attorney's analysis made in anticipation of litigation, but which

has not been memorialized"); *see also Bross v. Chevron U.S.A. Inc.*, Civil Action No. 06-1523,

2009 WL 854446, at *6 (W.D. La. Mar. 25, 2009) ("While Chevron argues that any such witness

statements are intangible work-product. . . the [court] is not willing to extend the work-product

doctrine to intangible information held by non-attorneys.").  Varvatos's deposition questions

thread the needle between Rule 26(b)(3) and *Hickman*.

   Moreover, "work product privilege must be 'strictly confined within the narrowest

possible limits consistent with the logic of its principle.'"  *In re Pfizer Inc. Sec. Litig.*, No. 90

CIV. 1260 (SS), 1994 WL 263610, at *2 (S.D.N.Y. June 6, 1994) (citation omitted).  Precluding

discovery in this case does not fit within the limited purposes of the work product protection,

which are to "prevent[] discovery of a lawyer's mental impressions" and to protect against

discovery that would:  "(1) alter attorney behavior, (2) reward sloth, or (3) interfere with ongoing

---

3.  Plaintiff misreads *Hickman* to cover all statements made by a witness in any conversation involving counsel.
    The Supreme Court's concern was with "forcing an attorney to repeat or write out all that witnesses have told
    him."  *Hickman v. Taylor*, 329 U.S. 495, 512-13 (1947).  As the Supreme Court later clarified, "[t]he sole issue
    in *Hickman* related to materials prepared *by an attorney*."  *United States v. Nobles*, 422 U.S. 225, 239 n.13
    (1975) (emphasis added) (extending work product protection to agents of an attorney).  The discovery Varvatos
    seeks implicates no such concerns because no information is sought from counsel or counsel's agents.

6

litigation."[4]  *Id.*; *Haus v. City of New York*, No. 03 Civ. 4915 (RWS) (MHD), 2006 WL 3375395, at *3 (S.D.N.Y. Nov. 17, 2006).  This confirms the conclusion that the work product doctrine does not apply.[5]

### B.     The Information Varvatos Seeks Is Discoverable

#### i.     Plaintiff Lacks Standing to Assert a Proportionality Objection

In addition to asserting work product protection, *Plaintiff* opposes the Second Motion to Compel on proportionality grounds, namely relevance and burden.  (*See* ECF No. 106 at 14-16.) But Plaintiff lacks standing to oppose this motion—which seeks to enforce a subpoena and compel a non-party witness to answer deposition questions—on any grounds other than privilege.  *See Langford v. Chrysler Motors Corp.*, 513 F.2d 1121, 1126 (2d Cir. 1975) ("In the absence of a claim of privilege a party usually does not have standing to object to a subpoena directed to a non-party witness."); *Malibu Media, LLC v. Doe*, No. 15-CV-3147 (AJN), 2016 WL 5478433, at *3 (S.D.N.Y. Sept. 29, 2016) ("Courts have consistently rejected the position that a party who is not the recipient of a subpoena can nonetheless challenge that subpoena because it creates an undue burden."); *Malibu Media, LLC v. John Does 1-21*, No. 12-CV-00835-REB-MEH, 2012 WL 3590902, at *2 (D. Colo. Aug. 21, 2012) ("Even where a party has standing to quash a subpoena based on privilege or a personal right, he or she lacks standing to object on the basis of undue burden.").

For his part, Mr. Clemence has not opposed Varvatos's motion or objected to the subpoena or any deposition question on proportionality grounds, thus waiving any objection.

---

4.   Plaintiff's argument that the disclosure of factual statements by her and Mr. Clemence would reveal *counsel's* mental impressions is incorrect and, tellingly, Plaintiff provides no support for that argument.

5.   The absence of any work product protection moots any discussion of substantial need, but Varvatos's substantial need is the same as that discussed above.  *See* Section I, *supra*.

80927860_3

### ii.    The Deposition Questions Are Proportional

Varvatos's Second Motion to Compel is a motion pursuant to Rule 37(a)(3)(B)(i) to compel Mr. Clemence to answer deposition questions propounded at his first (and only) deposition.  It is not, as Plaintiff suggests, a request for a second deposition and is not, therefore, subject to the higher standard of Rule 30(a)(2)(A)(ii).[6]  (*See* ECF No. 106 at 14-15.)

Varvatos has already established the relevance of the information it seeks.[7]  (*See* ECF No. 95 at 10-11.)  The relevance of Plaintiff's prior statements on key issues and memory issues with respect to key issues is underscored by the fact that Plaintiff is the only named plaintiff for the collective and class actions in this case and purports to represent scores of absent plaintiffs whom Varvatos may not have the opportunity to depose.  (*See* ECF No. 98 at 11.)  If the only allegedly representative plaintiff has made admissions contradicting her allegations or only knows key facts because her boyfriend/fiancé told her about them, Varvatos is entitled to discover that information.

Any burden on Mr. Clemence is of his own creation.  Varvatos asked Mr. Clemence legitimate questions seeking relevant information and he refused to answer based on an erroneous assertion of privilege.  He could have avoided this situation by answering the questions in the first place.  Plaintiff's insistence that counsel offered to postpone the deposition

---

6.  The single case Plaintiff cites involved a request for a second, independent deposition because the requesting party only received certain documents subsequent to the first deposition.  (*See* ECF No. 106 at 14-15 (citing *United States v. Prevezon Holdings, Ltd.*, 320 F.R.D. 112 (S.D.N.Y. 2017) (granting second deposition)).)  It did not involve the situation presented here—a motion to compel a witness to answer questions that he improperly refused to answer.

7.  Varvatos cannot be more specific about the information that Plaintiff and Mr. Clemence are withholding because of Plaintiff's and Mr. Clemence's failure to provide the general subject matter of the conversations they refuse to disclose, in violation of Local Rule 26.2(a)(2)(B)(iii).  In her brief, Plaintiff takes a few deposition questions out of context in an attempt to suggest that Varvatos asked irrelevant questions but does not actually argue that the information sought by those questions is irrelevant.  (*See* ECF No. 106 at 7.)  More to the point, the questions highlighted by Plaintiff—which did seek relevant information—are not at issue in the pending motions.

8

until after the Court decided the August Motion to Compel is a red herring, as Plaintiff made clear that she would assert a privilege with respect to deposition questions notwithstanding a ruling on privilege with respect to documents.  (*See* ECF No. 63 at 5 n.1.)  Moreover, any complaint about the length of the deposition ignores that Plaintiff's/Mr. Clemence's counsel extended the deposition by objecting over 150 times, including asserting the erroneous privilege objections at issue here, and by taking time to question Mr. Clemence at the end.  (*See* Nov. 29 Pace Decl. ¶ 4.)  Plaintiff's/Mr. Clemence's counsel also previously rejected Varvatos's attempt to schedule depositions in East Hampton because of the burden on Plaintiff's counsel, so there was no question of having Mr. Clemence's deposition near his home in East Hampton.[8]  (*Id.* ¶¶ 2-3.)

## CONCLUSION

For the foregoing reasons, and for the reasons stated in Varvatos's prior briefing, Varvatos respectfully requests that the Court issue an order compelling Plaintiff to immediately produce all documents withheld on privilege grounds that contain factual statements by Plaintiff or Mr. Clemence, including the documents listed on the Privilege Log and any other documents that were disclosed to Mr. Clemence.  Varvatos further requests that the Court issue an order compelling Mr. Clemence to appear and answer deposition questions concerning the issues with respect to which he asserted a claim of privilege.

Dated: New York, New York
       November 29, 2017

Respectfully submitted,

HUGHES HUBBARD & REED LLP

By:_____/s/Ned H. Bassen_____
    Ned H. Bassen

---

8.  Varvatos opposes Plaintiff's request for a continuation of Mr. Clemence's deposition via telephone or Skype. (*See* ECF No. 106 at 16.)  Mr. Clemence has made no such request and Plaintiff lacks standing to do so.

9

Jordan E. Pace
One Battery Park Plaza
New York, New York 10004-1482
Telephone:  212-837-6000
Facsimile:  212-422-4726
ned.bassen@hugheshubbard.com
jordan.pace@hugheshubbard.com

*Attorneys for Defendant John
Varvatos Enterprises, Inc.*

10