# Hughes Hubbard & Reed

Hughes Hubbard & Reed LLP
One Battery Park Plaza
New York, New York 10004-1482
Telephone: 212-837-6000
Fax: 212-422-4726
hugheshubbard.com

Ned H. Bassen
Partner
(212) 837-6090
ned.bassen@hugheshubbard.com

December 18, 2017

*VIA ECF*

Honorable Gabriel W. Gorenstein
United States Magistrate Judge
United States District Court
Southern District of New York
500 Pearl Street
New York, New York 10007

      Re:    *Knox v. John Varvatos Enterprises, Inc.*,
               No. 1:17-cv-00772 (GWG) (S.D.N.Y.)

Dear Judge Gorenstein:

      As counsel for Defendant John Varvatos Enterprises, Inc. ("Varvatos") in the above-referenced action, we write in response to Plaintiff Tessa Knox's letter requesting a pre-motion conference for filing a motion for partial summary judgment on her *individual* claims (ECF No. 123). However, Plaintiff's letter does not address whether such a motion is appropriate or permissible. As set forth below, Plaintiff's proposed motion is procedurally barred, especially at this stage of this action.

**Background**

      Plaintiff filed this action as a putative collective action and class action, not an individual action. (*See* ECF No. 1.) On May 26, 2017, Plaintiff filed a motion for conditional certification of a collective action (ECF No. 39), which was granted on October 17, 2017 (ECF No. 84). The collective action opt-in period is not yet complete—it will end on December 30, 2017—and consequently, Varvatos has not yet had the opportunity to take discovery of opt-in plaintiffs, as it has a right to do. *See generally Lloyd v. J.P. Morgan Chase & Co.*, Nos. 11 Civ. 9305 (LTS) (HBP), 12 Civ. 2197 (LTS) (HBP), 2015 WL 1283681 (S.D.N.Y. Mar. 20, 2015) (discussing whether a FLSA collective action defendant may take discovery of all opt-in plaintiffs or just a representative sample).

      Additionally, class certification is still undecided. Back in May 2017, when Plaintiff requested permission to move for conditional certification of a collective action, Varvatos urged that class certification be resolved at the same time. (*See* ECF No. 32 at 2.) Plaintiff instead delayed an additional six months before filing a motion for class certification (ECF No. 97.) Notwithstanding her own delay, Plaintiff is now apparently impatient to file a summary

judgment motion before any class is certified, before the class opt-out period, and before Varvatos has the opportunity to take discovery of absent class members,[1] all in the midst of the holiday season.

**Rule 23 and the One-Way Intervention Rule Preclude Plaintiff's Anticipated Motion**

What Plaintiff's counsel seeks to do is to test its case by moving for summary judgment only on Plaintiff's individuals claims so that, if Plaintiff loses, only she is bound by the unfavorable judgment. Other collective action members and potential plaintiffs would not be bound by an unfavorable judgment but, by contrast, would be able to engage in the prejudicial use of non-mutual collateral estoppel to bind Varvatos if the initial judgment were in Plaintiff's favor. Moreover, in the event of an unfavorable ruling, the collective action members and potential plaintiffs would file a series of similar, individual actions or summary judgment motions until a favorable judgment is secured, in which case the others would then seek to hold Varvatos to that one judgment. The Seventh Circuit has warned that allowing such abusive tactics "might leave the defendant being pecked to death by ducks. One plaintiff could sue and lose; another could sue and lose; and another and another until one finally prevailed; then everyone else would ride on that single success. This sort of sequence, too, would waste resources; it also could make the minority (and therefore presumptively inaccurate) result the binding one." *Premier Elec. Const. Co. v. Nat'l Elec. Contractors Ass'n, Inc.*, 814 F.2d 358, 363 (7th Cir. 1987).

Rule 23 and the related one-way intervention rule preclude Plaintiff from filing a dispositive motion only on her individual claims or filing any dispositive motion at this stage of the litigation. In 1966, Rule 23 was amended to require class certification "as soon as practicable after the commencement of an action"—since modified to require class certification "at an early practicable time"—so that "the action will have been early determined to be a class or nonclass action, and in the former case the judgment, whether or not favorable, will include the class, as above stated." Fed. R. Civ. P. 23 1966 adv. comm. note ("one-way intervention is excluded"); *see also Am. Pipe & Const. Co. v. Utah*, 414 U.S. 538, 546-49 (1974) (discussing the genesis of the one-way intervention rule). In other words, class certification and the conclusion of the opt-out period must precede any decision on the merits, including summary judgment, so that all potential plaintiffs are bound by the judgment.

District courts in the Second Circuit enforce the one-way intervention rule by delaying motions for summary judgment until at least after the opt-out period is over. *See, e.g., Benavides v. Serenity Spa NY Inc.*, No. 15-CV-9189 (JLC), 2017 WL 3835880, at *15 (S.D.N.Y. Sept. 1, 2017) ("Plaintiffs' motion for summary judgment is denied without prejudice. Any additional motion practice shall follow after the class has received notice consistent with Rule 23 and has been provided with an opportunity to opt out of the suit, and any additional discovery is complete."); *In re Cablevision Consumer Litig.*, No. 10-CV-4992 (JS) (AKT), 2014 WL 1330546, at *15-16 (E.D.N.Y. Mar. 31, 2014) (denying motion for summary judgment with

---

1. In the event any class is certified, discovery of absent class members will be necessary for a number of reasons, including because the lone named plaintiff worked for Varvatos only for a short sliver of the class period, only worked in one store location out of many, and is unable to speak to the relevant facts with respect to any other potential class member.

Case 1:17-cv-00772-GWG   Document 126   Filed 12/18/17   Page 3 of 3

3

leave to renew only after the class action opt-out period is over); *see also* Jeremy N. Nash, *Pre-certification Motions for Summary Judgment in Class Action Litigation* (July 21, 2016), at http://www.litedepalma.com/precertification-motions-for-summary-judgment-in-class-action-litigation ("Plaintiffs in class action cases . . . are not filing pre-certification motions because, more often than not it seems, courts simply will not allow it."). Consistent with these decisions, the Court should bar Plaintiff from filing any motion for summary judgment until after class certification is decided and all opt-in/opt-out and discovery periods conclude.

**Plaintiff Is Not Entitled to Summary Judgment in Her Favor**

Varvatos will oppose any motion for summary judgment filed by Plaintiff individually or on behalf of any collective or class because Plaintiff and collective/potential class members are not entitled to summary judgment. The undisputed evidence establishes numerous reasons why the work and job requirements of male and female sales associates at Varvatos are not substantially equal, thereby negating an essential element of each of the claims. Plaintiff will also be unable to carry her burden on other elements of her claims. Moreover, the undisputed evidence establishes that the Clothing Allowance is based on a factor other than sex, a bona fide factor other than sex, and bona fide occupation qualification, all of which are affirmative defenses that defeat Plaintiff's claims. Varvatos looks forward to securing summary judgment in its own favor *at the appropriate stage of this litigation*.

\* \* \*

Plaintiff's request for a pre-motion conference should be denied and Plaintiff should be barred from filing any motion for summary judgment until such a motion will bind all collective and (if any class is certified) class members and discovery is complete. To the extent the Court deems a pre-motion conference necessary, Varvatos looks forward to discussing the impropriety of Plaintiff's anticipated motion at any such conference.

Respectfully submitted,

Ned H. Bassen

cc: All counsel of record (via ECF)

81075780_1