DUNNEGAN & SCILEPPI LLC
ATTORNEYS AT LAW
350 FIFTH AVENUE
NEW YORK, NEW YORK 10118

212-332-8300
212-332-8301 TELECOPIER

January 23, 2018

By ECF

Hon. Gabriel W. Gorenstein
United States Magistrate Judge
Daniel Patrick Moynihan
 United States Courthouse
500 Pearl Street
New York, New York 10007

Re: Knox v. John Varvatos Enterprises
17 Civ. 772 (GWG)

Dear Judge Gorenstein,

      Pursuant to the Court's order of December 20, 2017, and Paragraph 2.A of the Court's Individual Practices, the parties in the above-referenced case jointly submit this letter to report to the Court concerning competing proposals for discovery concerning the opt-in plaintiffs, and to request a conference.

      On October 17, 2017, the Court conditionally certified the EPA claims in this action as a collective action. (Dkt. 84) As of the close of the opt-in period on December 30, 2017, 17 plaintiffs have opted into the action (the "Opt-Ins"). As of January 18, 2018, D&S represents 11 of the opt-in plaintiffs ("the Eleven Plaintiffs"), in addition to plaintiff Tessa Knox ("Knox"). (Dkt. 136 - 139)

      On January 9, 2018, Jordan Pace, counsel for Varvatos, emailed D&S to propose opt-in discovery. Mr. Pace proposed that Varvatos would serve written discovery on the opt-in plaintiffs by January 19, 2018, and would complete discovery of the opt-in plaintiffs by March 20, 2018. Counsel for the parties had a brief meet and confer via telephone the next morning, January 10, 2018, at about 11:00 A.M., for about 10 minutes. Mr. Pace participated in the call for Varvatos, and William Dunnegan and Richard Weiss participated for the Eleven Plaintiffs. The parties agreed with Mr. Pace's proposed schedule, although they did not specifically discuss the Eleven Plaintiffs' right to take discovery.

      On January 16, 2018, Mr. Pace e-mailed D&S a draft of a letter he proposed to file with the Court setting forth a schedule for discovery, and requested D&S' proposed edits. In the letter, Mr. Pace revised the discovery schedule, and proposed that Varvatos would serve written

discovery by January 26, 2018, and complete discovery by March 27, 2018. Later that day, Mr. Weiss e-mailed Mr. Pace D&S' proposed edits. D&S accepted the revised schedule, but proposed to edit the letter to make it clear that the Eleven Plaintiffs would also serve written discovery by January 26, 2018, and complete discovery by March 27, 2018. The parties had a second meet and confer by telephone on January 18, 2018, that lasted for approximately 35 minutes. Mr. Pace participated in the call for Varvatos, and Mr. Dunnegan and Mr. Weiss participated for the Eleven Plaintiffs. During the call, the parties agreed they had reached an impasse as to whether or not the Eleven Plaintiffs would be able to take any discovery. The respective positions of the parties are set forth as follows:

### The Eleven Plaintiffs

The Eleven Plaintiffs consent to Varvatos's proposal to complete discovery of the opt-in plaintiffs by March 29, 2017. The Eleven Plaintiffs also consent that the scope of Varvatos's discovery is not limited to merely determining if the opt-in plaintiffs are similarly situated. The only dispute is whether or not the Eleven Plaintiffs are also entitled to take discovery as to their specific issues relating to the claims and defenses in this action, which they were unable to do until they consented to join the collective action.

The Eleven Plaintiffs filed their consents to join the collective action between November 16, 2017 and December 30, 2017. Before the Eleven Plaintiffs filed their consents, they were not parties to the action. 29 U.S.C. § 216(b)("No employee shall be a party plaintiff to any such action unless he gives his consent in writing to become such a party and such consent is filed in the court in which such action is brought."). See also 29 U.S.C. § 256 (statute of limitations continues to run for plaintiffs in collective actions until their written consent is filed with the court). Because they were not parties to the action, they were unable to serve any discovery requests.

Now that the Eleven Plaintiffs have joined the case, they are entitled to take discovery at least as to their individual issues. See e.g. Flood v. Carlson Restaurants Inc., 14 Civ. 2740 (AT)(GWG), 2016 WL 3221146, at *6 (S.D.N.Y. June 7, 2016)("Accordingly, up to eight (8) percent of opt-in plaintiffs will be subject to discovery.... For each plaintiff deposed, Plaintiffs may depose one (1) of the plaintiff's managers or supervisors, subject to the same time limit."); Halleen v. Belk, Inc., 16 Civ. 00055 (ALM), 2017 WL 1495085, at *2 (E.D. Tex. Apr. 26, 2017) ("The Court finds that Defendant may depose 6.8% of the opt-in plaintiffs, or 25 opt-in plaintiffs, including the named Plaintiffs...Plaintiffs will have the right to take an equal number of depositions. Plaintiffs likewise may take ten seven–hour depositions. Plaintiffs remaining depositions shall also be limited to four hours. Further, all opt-in plaintiffs who are deposed must answer Defendant's written discovery. Plaintiffs may serve an equal number of written discovery requests upon Defendant.").

Varvatos argues that Knox had the opportunity to take discovery on behalf of the opt-in plaintiffs, but this is incorrect. Knox could not take discovery on their behalf, because Knox did not know who the opt-in plaintiffs would be, or for which specific issues they would require discovery. Indeed, it was possible that there would be no opt-in plaintiffs at all.

Varvatos' position makes even less sense considering the several opt-in plaintiffs that D&S does not currently represent. Assuming that these opt-in plaintiffs represent themselves or seek other counsel, it would be unfair to deprive them of their right to discovery merely because one plaintiff – Knox – already had that opportunity.

Varvatos' stated position is inconsistent with its desire to take discovery of the opt-in plaintiffs now.  During the meet and confer, when Mr. Dunnegan asked Mr. Pace why he did not take discovery of the opt-in plaintiffs before discovery closed, Mr. Pace argued that he could not take discovery of the opt-in plaintiffs because they were not then part of the case. It would be incongruent to allow Varvatos to take discovery of the opt-in plaintiffs, but to prohibit the opt-in plaintiffs from taking any discovery.

Varvatos

The parties represented by counsel (Varvatos, Plaintiff Knox, and the Eleven Plaintiffs) agree that Varvatos should have 60 days to take discovery of the Opt-Ins.  The only disputed issue is whether each Opt-In should be permitted to take additional discovery of Varvatos on top of the comprehensive discovery already taken by Plaintiff Knox.

Plaintiff filed her Complaint (and each subsequent complaint) on behalf of all members of the collective in this action (and only behalf of a purported class).  (*See, e.g.*, ECF No. 1.) Plaintiff has thus purported to represent every member of the collective in asserting claims, filing motions, and taking discovery.  Indeed, while Plaintiff Knox has disclosed that she seeks only $24,000 in damages in this action (*see* ECF No. 117-9 ¶ 3), she has taken discovery that is grossly disproportional the amount in controversy based on her individual claims and the other Rule 26 factors.  Over the course of four months of intensive discovery, Plaintiff served over 200 discovery requests and took seven separate depositions.  This includes discovery that is irrelevant to Knox's claims and relevant only to the claims of Opt-Ins, including discovery reaching back years before Knox was employed by Varvatos and relating to the 20+ stores where Knox never worked.  Plaintiff's discovery requests on behalf of the collective have cost Varvatos hundreds of thousands of dollars in attorneys' fees plus the lost work time Varvatos employees spent preparing for and giving approximately 25 hours' worth of deposition testimony.  Whenever Varvatos objected on proportionality or overbreadth grounds, Knox's repeated response has been that she is taking discovery on behalf of the entire collective (and class).

Knox's counsel, under the guise of other Opt-Ins, now seeks to take discovery that is cumulative and duplicative and that serves no purpose other than to harass Varvatos.  For example, during the meet-and-confer sessions, counsel for Knox and certain Opt-Ins stated that they intend to seek discovery as to the identity of male employees in each Varvatos store.  But Knox already requested this information and Varvatos already produced it.  Similarly, counsel mentioned taking another 30(b)(6) deposition despite having already taken three such depositions.  All of this is less consistent with proper discovery and more consistent with Knox's clear goal of pressuring Varvatos into settlement by imposing undue expense and burden through exploitation of the discovery process.

DUNNEGAN & SCILEPPI LLC

In the ordinary course of a collective action, the named plaintiff promptly moves for conditional certification and takes discovery only after certification and the end of the opt-in period. Over Varvatos's objections, Knox decide to forgo the usual and efficient procedure in favor of taking discovery before conditional certification was granted and before the opt-in population was identified. The Opt-Ins who joined this action post-discovery—despite having the unfettered ability to join before or during discovery—join this action as it exists and do not get to reset the clock and recreate the wheel. They do not get to amend the allegations in the complaints and they do not get to take discovery of Varvatos. The plaintiffs in this case have already taken full discovery of Varvatos, while Varvatos has not had the opportunity to take discovery of any plaintiff other than Knox. Accordingly, only Varvatos should be permitted to take discovery.

The cases cited by Plaintiff—neither of which involve a post-discovery request by opt-in plaintiffs to take additional discovery, as is the case here—do not support the Opt-Ins request to take discovery. They are merely consistent with the fact that, during the normal course of discovery in a collective action, the then-existing plaintiffs generally may take discovery of the defendants. None of the cases identify a right for later joiners to take any discovery at all. By contrast, courts recognize that it is "essential" for collective action defendants like Varvatos to take discovery of opt-ins including, in a small case like this, discovery of each opt-in individually. *See Forauer v. Vermont Country Store, Inc.*, No. 5:12-CV-276, 2014 WL 2612044, at \*3 (D. Vt. June 11, 2014); *Lloyd v. J.P. Morgan Chase & Co.*, No. 11 CIV. 9305 LTSHBP, 2015 WL 1283681, at \*3 (S.D.N.Y. Mar. 20, 2015).

For the foregoing reasons, the Court should order a 60-day discovery period during which Varvatos—and only Varvatos—may take discovery, limited to discovery of the Opt-Ins.

Respectfully submitted,

| DUNNEGAN & SCILEPPLI LLC | HUGHES HUBBARD & REED LLP |
|---|---|
| By:    s/William Dunnegan | By:    s/Jordan E. Pace |
|     William Dunnegan (WD9316) |     Ned H. Bassen |
|     Richard Weiss (RW4039) |     Jordan E. Pace |
| 350 Fifth Avenue | One Battery Park Plaza |
| New York, New York 10118 | New York, New York 10004 |
| Tel: (212) 332-8300 | Tel: (212) 837-6467 |
| Fax: (212) 332-8301 | Fax: (212) 422-4726 |
| wd@dunnegan.com | ned.bassen@hugheshubbard.com |
| rw@dunnegan.com | jordan.pace@hugheshubbard.com |
| *Attorneys for Plaintiff Tessa Knox And the Eleven Plaintiffs* | *Attorneys for Defendant John Varvatos Enterprises, Inc.* |