**Hughes**
**Hubbard**
**& Reed**

Hughes Hubbard & Reed LLP
One Battery Park Plaza
New York, New York 10004-1482
Telephone: +1 (212) 837-6000
Fax: +1 (212) 422-4726
hugheshubbard.com

January 31, 2018

*VIA ECF*

Honorable Gabriel W. Gorenstein
United States Magistrate Judge
United States District Court
Southern District of New York
500 Pearl Street
New York, New York 10007

    Re:  *Knox v. John Varvatos Enterprises, Inc.*,
       No. 1:17-cv-00772 (GWG) (S.D.N.Y.)

Dear Judge Gorenstein:

  As counsel to Defendant John Varvatos Enterprises, Inc. ("Varvatos") in the above-referenced action, we write in response to the letter submitted by certain plaintiffs' counsel ("D&S") on January 29, 2018 (ECF No. 148). The issue at hand is whether D&S should be appointed as class counsel and a class certified despite D&S's admitted lack of experience with class actions or employment law claims (and what we respectfully submit are D&S's other shortcomings). The clear answer is no. *See* Fed R. Civ. P. 23 2003 adv. comm. cmt. ("If, after review of all applicants, the court concludes that none would be satisfactory class counsel, it may deny class certification . . . .").

  "Because class counsel seeks to determine the rights of absent putative class members, 'a court must carefully scrutinize the adequacy of representation' when considering whether to certify a class." *Kingsepp v. Wesleyan Univ.*, 142 F.R.D. 597, 599 (S.D.N.Y. 1992) (citation omitted). "The role of class counsel is akin to that of a fiduciary for the class members." *Id.* (citation omitted). Rule 23(g) sets forth certain factors that a court must consider, including "counsel's experience in handling class actions, other complex litigation, and the types of claims asserted in the action." Fed. R. Civ. P. 23(g)(1)(A)(ii). Certifying a class with D&S as class counsel would render Rule 23(g) meaningless and would impose upon absent class members counsel who cannot adequately represent them.

  First, if D&S understood the rudiments of the class action process, this letter and the letter submitted by D&S would be unnecessary. As noted, Rule 23 sets forth the factors that a court must consider, and counsel who wish to be appointed class counsel must provide sufficient information to the court. *See* Fed. R. Civ. P. 23 2003 adv. comm. cmt. ("For counsel who filed the action, the materials submitted in support of the motion for class certification may suffice to

Honorable Gabriel W. Gorenstein  2
January 31, 2018

justify appointment *so long as the information described in paragraph (g)(1)([A])¹ is included.*" (emphasis added).) But D&S failed to provide the court with any information concerning its experience other than cursory biographies, unhelpful lists of clients and unspecified trials/appeals, and citations to two non-class action, non-employment law appeals, both of which apparently resulted in Supreme Court decisions against D&S's clients.² (*See* Decl. of William Dunnegan ¶¶ 11-24 (ECF No. 100).) The delay and expense of this supplemental briefing, necessitated only by D&S's failure to follow proper class action procedure, weighs against D&S's competence to be class counsel. *See Sweet v. Pfizer*, 232 F.R.D. 360, 370 (C.D. Cal. 2005) (finding counsel inadequate because, *inter alia*, counsel omitted key information from their class certification moving papers).

Second, prior federal court decisions under Rule 23 show that a court should not appoint counsel like D&S that: (i) lacks class action experience; (ii) lacks experience with the substantive claims at issue; and (iii) has refused to associate itself with experienced counsel.³ For example:

- In the *Lewis* case that has been cited by both sides, the court took issue with the proposed class counsel's competence notwithstanding that they had litigated at least two prior federal court class actions, including at one that was "almost identical" to the pending case. *Lewis v. Ford Motor Co.*, 263 F.R.D. 252, 266-67 (2009).

- In *Hauff v. Petterson*, No. 1:09-CV-00639 PJK-DJ, 2009 WL 4782732 (D.N.M. Dec. 11, 2009), the court found counsel incompetent to represent a class where, *inter alia*, counsel lacked experience with class actions, notwithstanding counsel's argument that his prior legal work was complex. *See id.* at *9. There, as here, counsel did not associate himself with experience class action counsel. *See id.*

- In *Davis v. Astrue*, 250 F.R.D. 476 (N.D. Cal. 2008), a social security disability case, where the proposed class counsel lacked class action experience but had extensive experience with the substantive law, the court would not certify a class unless counsel associated himself with experienced class action counsel. *See id.* at 490-91.

The cases cited by D&S do not support D&S's appointment as class counsel. In the *Kronk* case, the court based its appointment on the fact that counsel associated himself with an experienced class action law firm. *See Kronk v. Landwin Grp., LLC*, No. SACV 10-00344-CJC(MLGx), 2010 WL 11515251, at *3 (C.D. Cal. Nov. 8, 2010). In the *Welch* case, the defendant had argued that the proposed class counsel lacked experience in "class action civil

---

1. Subsection (g)(1)(C) became subsection (g)(1)(A) as part of the restyling of the rule in 2007.

2. Also of significant concern are the omissions in D&S's application. Nowhere did D&S mention that it has no class action or employment law experience other than two very unsuccessful cases. (*Cf.* Varvatos Opp'n to Class Certification at 22-23 (ECF No. 116) (citing *McGarry & McGarry, LLP v. Bankr. Mgmt. Solutions, Inc.*, Case No. 16 CV 8914, 2017 WL 2619143 (N.D. Ill. June 16, 2017) and *Hu v. Skadden, Arps, Slate, Meagher & Flom LLP*, 76 F. Supp. 2d 476 (S.D.N.Y.)).) And nowhere did D&S mention that its practice is focused almost exclusively on intellectual property matters.

3. At oral argument on January 23, 2018, D&S rejected Your Honor's suggestion that they associate themselves with experienced counsel.

rights claims," but there is no indication that counsel lacked experience in class actions generally or in the substantive claims generally, as is the case here. *See Welch v. Bd. of Dirs. of Wildwood Golf Club*, 146 F.R.D. 131, 137 (W.D. Pa. 1993). In the other cases cited by D&S, while the proposed class counsel lacked class action experience, in each case they apparently had significant experience with the substantive claims in the action. *See H.G. Whittington v. United States*, 240 F.R.D. 344, 351-2 (S.D. Tex. 2006); *Klender v. United States*, 218 F.R.D. 161, 166 (E.D. Mich. 2003).

Third, the *Starland v. Fusari* case, cited in D&S's letter, demonstrates why the Court should exercise additional caution with D&S. *See Starland v. Fusari*, No. CV 10-4930 (JLL), 2015 WL 5771617 (D.N.J. Sept. 3, 2015). In that case, the court's admission of testimony became reversible error because Mr. Dunnegan changed his entire theory of the case between his opening and his summation. *See id.* at *6-7. It was in Mr. Dunnegan's summation that "the pieces of an unfairly prejudicial puzzle fell into place." *Id.* at *5. D&S thus wasted the time, expense, and resources that went into an eight-day federal jury trial.[4]

Finally, the briefing shows that D&S has failed to prove that it has sufficient resources to properly represent a class of plaintiffs in this action. (*See* Varvatos Opp'n to Class Certification at 24-25 (ECF No. 116).) Varvatos's letter concerning opt-in discovery is consistent with this point. (*See* ECF No. 140 at 3.) The overbroad discovery served by D&S and described in that letter is consistent with the practice of plaintiffs' attorneys who either have no case or are in over their heads and thus seek to force an early settlement by unfairly raising the costs of discovery. It takes few resources for a law firm to drum up overbroad discovery requests.

A class may not be certified without the appointment of competent counsel, *see* Fed. R. Civ. P. 23(c)(1)(B), (g)(2), and no competent counsel has applied to represent any putative class in this action. For the foregoing reasons and for the reasons stated in Varvatos's prior briefing, we respectfully request that the Court deny the motion for class certification.

Respectfully submitted,

Ned H. Bassen

cc:   All counsel of record and pro se plaintiffs (via ECF)

---

[4]. On a related note, deposition testimony indicated that D&S was hired for this matter because of its work on the *Starland* matter rather than because of any relevant experience or expertise. However, Plaintiff Knox's fiancé, Chris Clemence, who was previously engaged to Starland and who recommended D&S to Knox, was unaware that the award to Ms. Starland had been overturned.