UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| TESSA KNOX<br><br>       Plaintiff,<br><br> v.<br><br>JOHN VARVATOS ENTERPRISES, INC.<br><br>       Defendant. | Civil Action No.  1:17-cv-00772 (GWG) |

**DEFENDANT JOHN VARVATOS ENTERPRISES, INC.'S MEMORANDUM OF LAW
IN OPPOSITION TO PLAINTIFFS' MOTION TO SEAL**

93482243

## **TABLE OF CONTENTS**

**Page**

INTRODUCTION ..................................................................................................................1

STATEMENT OF FACTS ....................................................................................................2

ARGUMENT .........................................................................................................................3

    A.    Plaintiffs' Sealing Motion Should be Denied. .......................................................3

        1.    Plaintiffs' Sealing Motion Should be Denied Because Plaintiffs Have Made an Unsubstantiated Claim of Privilege & Protection.................................................................................4

        2.    Plaintiffs' Sealing Motion Should be Denied Because Plaintiffs Have Engaged In a Potentially Improper *Ex Parte* Communication With the Court...................................................5

    B.    Varvatos is Entitled to Additional Information Regarding the Letter. ....................6

        1.    Varvatos is Entitled to Information Sufficient to Test Plaintiffs' Claims of Privilege & Protection and the Propriety of the *Ex Parte* Nature of the Letter.............................................6

        2.    Varvatos is Entitled to Obtain the Facts Underlying the Allegedly Privileged Communication..........................................................8

CONCLUSION.......................................................................................................................9

93482243

# TABLE OF AUTHORITIES

Page(s)

**Cases**

*Bank Brussells Lambert v. Credit Lyonnais (Suisse)*, 220 F. Supp. 2d 283
 (S.D.N.Y. 2002) ............................................................................................................8

*In re Bonanno*, 344 F.2d 830 (2d Cir.1965) ...............................................................................4

*Gelb v. Am. Tel. & Tel. Co.*, 813 F. Supp. 1022 (S.D.N.Y. 1993)...............................................7

*In re Grand Jury Subpoena Dated Jan. 4, 1984*, 750 F.2d 223 (2d Cir. 1984) ............................4

*In re Grand Jury Subpoena Dated July 6, 2005*, 510 F.3d 180 (2d Cir. 2007) ........................4, 5

*Louis Vuitton Malletier v. Dooney & Bourke, Inc.*, No. 04 CIV.5316 RMB MHD,
 2006 WL 3851150 (S.D.N.Y. Dec. 18, 2006) ............................................................6

*In re Shargel*, 742 F.2d 61 (2d Cir. 1984) ..................................................................................8

*Spectrum Sys. Int'l Corp. v. Chemical Bank*, 575 N.Y.S.2d 809 (1991) ....................................8

*Starr Indem. & Liab. Co. v. Am. Claims Mgmt., Inc.*, No. 13 CIV. 742 DLC, 2014
 WL 1378127 (S.D.N.Y. Apr. 8, 2014) ........................................................................4

*Tropical Sails Corp. v. Yext, Inc.*, No. 14 Civ. 7582, 2016 WL 1451548
 (S.D.N.Y. April 12, 2016) ..........................................................................................7

*Zhang v. City of New York*, No. 17-CV-5415 (JFK) (OTW), 2018 U.S. Dist.
 LEXIS 148338 (S.D.N.Y. Aug. 30, 2018) ..................................................................4

**Statutes and Rules**

Fed. R. Civ. P. 26........................................................................................................................7

Local Rule 26.2 .......................................................................................................................6, 7

**Others**

Code of Conduct for United States Judges, Canon 3 ..............................................................5, 8

Pursuant to the Court's order dated February 26, 2019 (Doc. No. 231), Defendant John Varvatos Enterprises, Inc. ("Varvatos") respectfully submits this memorandum of law in opposition to Plaintiffs' motion to file under seal portions of a letter from Plaintiffs' counsel to the Court (the "Sealing Motion," Doc. Nos. 226-28).

## INTRODUCTION

Plaintiffs' Sealing Motion seeks to file under seal – not just from the public, but Varvatos and its counsel as well – a February 14, 2019 letter communication from Plaintiffs' counsel to the Court (the "Letter," Doc. No. 228-1). The Sealing Motion states, in a wholly conclusory manner, that the Letter contains information protected by the "attorney-client and work product privileges," but it provides absolutely no information that Varvatos can use to test that claim. Nor does the Sealing Motion provide any information that Varvatos can use to assess whether the Letter constitutes a proper *ex parte* communication by Plaintiffs' counsel to the Court. Indeed, the Sealing Motion does not even attempt to explain why this one-sided communication – initiated on its face by Plaintiffs' counsel and not by the Court and right before the parties attempted a settlement conference with the Court and are now headed towards trial – was even necessary. The Letter itself is almost fully redacted and does not address any of the foregoing issues. Given the skeletal nature of the Sealing Motion, Varvatos can only speculate and object to the motion in near darkness.

Varvatos, therefore, respectfully requests that Plaintiffs' counsel not be permitted to engage in an *ex parte* communication with the Court right before trial and that Plaintiffs' Sealing Motion be denied in its entirety, or, at least in the first instance, an un-redacted copy of the Letter be provided to Varvatos and its counsel. In the alternative, Varvatos requests the Court to (1) direct Plaintiffs to provide Varvatos' counsel information sufficient to test Plaintiffs' assertions of attorney client privilege and work product protection over the contents of the Letter and the

propriety of Plaintiffs' *ex parte* communication, and (2) give Varvatos the opportunity to object to the sealing of the Letter, if Varvatos so chooses, based on that information.

## STATEMENT OF FACTS

On February 14, 2019, Plaintiffs filed the Sealing Motion, seeking the Court's leave to file under seal a Letter from Plaintiffs' class and collective action counsel, Mr. William Dunnegan, to the Court. The papers filed in support of the Sealing Motion state only that the redacted contents of the Letter are protected by "the attorney-client and work product privileges and/or make[] the substance of those privileged communications plain." (*See* Plaintiffs' Memorandum of Law, Doc. No. 227 at 2.) The Letter itself is almost entirely redacted, except for salutations and the statement that Plaintiffs' counsel is writing to the Court for "informational purposes only, and is not requesting that the Court take any action at this time." (*See* Doc. No. 228-1.) Nothing in the motion papers, nor the minimal un-redacted portions of the Letter, indicates the nature and subject matter of the communication contained in the Letter, why it is potentially covered by the attorney-client privilege or work product protection, and why this potentially privileged and *ex parte* communication from Plaintiffs' counsel to the Court is proper. The Sealing Motion also *suggests* that the contents of the Letter do not directly address the merits of the action because "the Letter does not request that the Court take any action" (*see* Plaintiffs' Memorandum of Law, Doc. No. 227 at 1), but provides no rationale how one follows from the other.

On February 20, 2019, counsel for Varvatos wrote to Plaintiffs' counsel, expressing concern about the latter's letter communication with the Court. Varvatos' counsel requested information regarding the redacted portions of the Letter sufficient for Varvatos to test (1) Plaintiffs' assertions of attorney-client privilege and work product protection, and (2) the

propriety of the *ex parte* nature of the communication.  (*See* Mar. 11, 2019 Declaration of N. Bassen ("Bassen Decl."), Ex. 1 (Feb. 20, 2019 Letter from N. Bassen to W. Dunnegan).)

Plaintiffs' counsel responded on February 21, 2019 as follows:

> (a) the subject matter of the letter could make obvious the substance of attorney-client communications, (b) the underlying facts are the attorney-client communications, (c) the persons involved in the underlying communications are a client and the attorneys at my firm, including myself, Richard Weiss, and Laura Scileppi, and no one else as far as we know, (d) the dates of the underlying communications are February 11, 12 and 13, 2019, and (e) the communications are directly between the attorneys and the client with respect to the subject matter of the representation.

(*See* Bassen Decl., Ex. 2 (Feb. 21, 2019 Letter from W. Dunnegan to N. Bassen) at 1.)  Plaintiffs' counsel further stated that the redacted portions of the Letter concern a procedural, rather than substantive, matter.  (*See id.*)

Varvatos is unable to test Plaintiffs' assertions of attorney-client privilege and work product protection over the redacted contents of the Letter and to assess the propriety of Plaintiffs' *ex parte* communication to the Court based on the information above.  Varvatos is, therefore, making the instant motion.

After a confidential settlement conference with the Court on March 4, 2019, the parties are now preparing for trial before this Court.

## ARGUMENT

### A.     Plaintiffs' Sealing Motion Should be Denied.

The Court should deny the Sealing Motion because:  (1) Plaintiffs have failed to substantiate that the redacted contents of the Letter are in fact entitled to protection under the attorney-client privilege and work product doctrines, and (2) the unexplained, *ex parte* nature of the Letter, submitted to the Court prior to a mediation conference and trial, raises serious concerns about its contents and propriety.

3

93482243

1. **Plaintiffs' Sealing Motion Should be Denied Because Plaintiffs Have Made an Unsubstantiated Claim of Privilege & Protection.**

Plaintiffs bear the burden of establishing that the redacted contents of the Letter are subject to attorney client privilege and work product protection. *See, e.g.*, *In re Grand Jury Subpoena Dated July 6, 2005*, 510 F.3d 180, 183 (2d Cir. 2007) ("The party invoking the [work product] privilege bears the heavy burden of establishing its applicability."); *Starr Indem. & Liab. Co. v. Am. Claims Mgmt., Inc.*, No. 13 CIV. 742 DLC, 2014 WL 1378127, at *2 (S.D.N.Y. Apr. 8, 2014) ("[T]he party invoking the [attorney-client] privilege bears the heavy burden of establishing its applicability."). Conclusory statements do not suffice to meet that burden. *See Zhang v. City of New York*, No. 17-CV-5415 (JFK) (OTW), 2018 U.S. Dist. LEXIS 148338, at *2–3 (S.D.N.Y. Aug. 30, 2018) (plaintiff's "conclusory," claims, "unsupported by any facts" were insufficient to support an assertion of work product protection); *In re Grand Jury Subpoena Dated Jan. 4, 1984*, 750 F.2d 223, 225 (2d Cir. 1984) (claims of protection are not "'discharged by mere conclusory or *ipse dixit* assertions'.") (quoting *In re Bonanno*, 344 F.2d 830, 833 (2d Cir.1965)). The Sealing Motion provides no justification for Plaintiffs' broad and conclusory assertions that the redacted contents of the Letter are subject to attorney-client and work product protection. Plaintiffs' claims of protection and Plaintiffs' motion to seal should, therefore, be denied.

Plaintiffs' claim of work product protection should be denied for the additional reason that given the timing of the Letter – after discovery has been closed and when the parties are preparing for trial – Varvatos cannot reasonably obtain from any other means the information that Plaintiffs' counsel considered substantial enough to communicate to the Court on an *ex parte* basis. *See In re Grand Jury Subpoena Dated July 6, 2005*, 510 F.3d at 188 (although appellants' recordings constituted work produce, district court did not err in ordering appellant to produce

them because the "government established that the grand jury had a substantial need for the recordings and could not obtain the information through other means.").

### 2. Plaintiffs' Sealing Motion Should be Denied Because Plaintiffs Have Engaged In a Potentially Improper *Ex Parte* Communication With the Court.

Given the bare-boned nature of the Sealing Motion, Varvatos also is in no position to assess whether the Letter is a proper *ex parte* communication by Plaintiffs' counsel to the Court. *See* Code of Conduct for United States Judges, Canon 3(A)(4)(b) (*ex parte* communications may be permitted, but "only if the ex parte communication does not address substantive matters and the judge reasonably believes that no party will gain a procedural, substantive, or tactical advantage as a result of the ex parte communication."). Although Plaintiffs' counsel, after the filing of the Sealing Motion, has informed defense counsel that the Letter does not relate to a "substantive" matter (*see* Bassen Decl., Ex. 2 at 1), that conclusory assertion provides Varvatos no further information to be able to assess the propriety of Plaintiffs' letter communication with the Court. The one-sided nature of the Letter is particularly concerning because it was filed right before the parties were headed into a mediation conference with the Court and are now preparing for trial. Equally concerning is the fact that the Sealing Motion provides no indication of why this *ex parte* communication was necessary, especially where the Letter states that it is for "informational purposes only" and that Plaintiffs "are not requesting that the Court take any action at this time." (*See* Doc. No. 228-1.) At a minimum, the Letter risks creating an impression of impropriety.

Plaintiffs' counsel has suggested in their post-motion communication with defense counsel that the *ex parte* nature of the Letter is somehow justified because during the March 4, 2019 settlement conference, the parties met with Judge Gorenstein on an *ex parte* basis. (*See* Bassen Decl., Ex. 2.) Varvatos, however, agreed to a mediation, including any *ex parte* meetings

5

with Judge Gorenstein – Varvatos did not agree to Plaintiffs' counsel filing a letter with the Court that would be sealed from Varvatos.

******

For the foregoing reasons, Varvatos asks that the Court deny Plaintiffs' Sealing Motion and direct Plaintiffs to file an un-redacted copy of the Letter on the public docket, or at a minimum, provide such copy to Varvatos and Varvatos' counsel.

B.   **Varvatos is Entitled to Additional Information Regarding the Letter.**

In the event that the Court is not willing to deny Plaintiffs' motion to seal in its entirety or with respect to Varvatos, Varvatos is entitled to: (1) test Plaintiffs' claims of attorney-client privilege and work product protection over the redacted portions of the Letter and the propriety of the *ex parte* nature of the Letter; and (2) obtain the facts underlying the redacted portions of the Letter.

1.   **Varvatos is Entitled to Information Sufficient to Test Plaintiffs' Claims of Privilege & Protection and the Propriety of the *Ex Parte* Nature of the Letter.**

Varvatos is entitled to test Plaintiffs' assertion of attorney client and work product protections over the contents of the Letter, and to obtain the information sufficient to do so. *See*, *e.g.*, *Louis Vuitton Malletier v. Dooney & Bourke, Inc.*, No. 04 CIV.5316 RMB MHD, 2006 WL 3851150, at *1 (S.D.N.Y. Dec. 18, 2006) (ordering plaintiff to provide defendant less redacted versions of the declarations because plaintiff had "effectively eliminated from the declarations much of the basic information that would be required to appear on a privilege log, together with the foundational facts that its adversary would be entitled to discover in order to test a privilege claim."). In particular, and at a minimum, Varvatos is entitled to: (a) the subject matter(s) of the redacted contents of the Letter; (b) the names of persons involved in the underlying communication(s); and (c) the dates of the underlying communication(s). *See* Local Rule 26.2

(the party making an assertion of privilege must provide "(i) the <u>name</u> of the person making the communication and the names of persons present while the communication was made and, where not apparent, the relationship of the persons present to the person making the communication; (ii) the date and place of communication; and (iii) the <u>general subject matter of the communication</u>.") (emphasis added); *see also* Fed. R. Civ. P. 26(b)(5)(A)(ii) ("When a party withholds information otherwise discoverable by claiming that the information is privileged or subject to protection as trial-preparation material, the party must: … describe the nature of the documents, communications, or tangible things not produced or disclosed—and do so in a manner that, without revealing information itself privileged or protected, will enable other parties to assess the claim.").[1]

Here, although Plaintiffs' counsel has now provided defense counsel the dates of the communications at issue – February 11, 12 and 13, 2019 – Plaintiffs have not provided any additional information that would permit Varvatos to assess Plaintiffs claim of privilege and attorney work product.  Plaintiffs' counsel has declined to provide the subject matter of the allegedly privileged communications, stating that "the subject matter of the letter <u>could</u> make obvious the substance of attorney-client communications." (*See* Bassen Decl., Ex. 2 at 1 (emphasis added).)  This conclusory statement is insufficient to permit Plaintiffs' counsel to

---

1. Plaintiffs' counsel's assertion that the requirements of Rule 26(b)(5) do not apply to the contents of the Letter because it does not involve discovery (*see* Bassen Decl., Ex. 2 at 1) is incorrect.  Courts in this district have routinely applied Rule 26 to motions seeking leave to seal documents in contexts outside of discovery. *See, e.g.*, *Tropical Sails Corp. v. Yext, Inc.*, No. 14 Civ. 7582, 2016 WL 1451548 (S.D.N.Y. April 12, 2016) (applying Rule 26(c) to a motion to file documents under seal in connection with a motion for class certification and a motion for summary judgment); *Gelb v. Am. Tel. & Tel. Co.*, 813 F. Supp. 1022, 1034 (S.D.N.Y. 1993) (applying Rule 26(c), in the pre-discovery phase, to a motion to seal exhibits to a complaint and portions of a brief in opposition to a motion to dismiss).  Like Rule 26(b)(5), Rule 26(c) on its face deals only with discovery. *See* Fed. R. Civ. P. 26(c) ("A party or any person from whom *discovery* is sought may move for a protective order in the court where the action is pending—or as an alternative on matters relating to a *deposition*, in the court for the district where the deposition will be taken.") (emphasis added).

93482243

assert privilege and have an *ex parte* communication with the Court. Nor have Plaintiffs disclosed the name of the plaintiff involved in the allegedly privileged communication. (*See id.*) Absent special circumstances – which do not exist here – the identity of the client involved in the allegedly privileged communication, is not privileged and cannot be withheld. *See, e.g.*, *Bank Brussells Lambert v. Credit Lyonnais (Suisse)*, 220 F. Supp. 2d 283, 288 (S.D.N.Y. 2002) (ordering that names of the clients involved in the allegedly privileged communications be disclosed "because the names of clients are not protected by privilege."); *In re Shargel*, 742 F.2d 61, 63 (2d Cir. 1984) (identity of the client "is not protected by the privilege even though the client may strongly fear the effects of disclosure, including incrimination" and holding that such fear did not constitute a "special circumstance"). Varvatos similarly is entitled to information sufficient to test the propriety of Plaintiffs' *ex parte* communication with the Court, including, the nature of the communication, its subject matter and its alleged necessity, if any.[2]

### 2. Varvatos is Entitled to Obtain the Facts Underlying the Allegedly Privileged Communication.

Separate and apart from information sufficient to test the assertion of privilege and work product protection, Varvatos also is entitled to the facts underlying the allegedly privileged communication that is the subject of the Letter. *See Spectrum Sys. Int'l Corp. v. Chemical Bank*, 575 N.Y.S.2d 809, 813-15 (1991) (underlying facts are not protected by the attorney-client privilege).

---

2. *See, e.g.*, Code of Conduct for United States Judges, Canon 3(A)(4) ("If a judge receives an unauthorized ex parte communication bearing on the substance of a matter, the judge should promptly notify the parties of the subject matter of the communication and allow the parties an opportunity to respond, if requested."). Here, Varvatos is unaware of the subject matter of the communication, which Plaintiffs' counsel has not provided.

93482243

## CONCLUSION

For the foregoing reasons, Varvatos respectfully requests that the Court deny Plaintiffs' Sealing Motion in its entirety, or at least in the first instance, with respect to Varvatos. In the alternative, Varvatos requests that the Court direct Plaintiffs to provide Varvatos with the information requested herein, so that Varvatos may properly assess whether to sustain its objection to the Sealing Motion.

DATED:  March 11, 2019

HUGHES HUBBARD & REED LLP

By:     /s/ *Ned H. Bassen*
    Ned H. Bassen
    Amina Hassan
One Battery Park Plaza
New York, New York 10004
Tel:  (212) 837-6000
Fax:  (212) 299-4726
ned.bassen@hugheshubbard.com
amina.hassan@hugheshubbard.com

*Attorneys for Defendant John Varvatos Enterprises, Inc.*

93482243