UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| TESSA KNOX<br><br>                    Plaintiff,<br><br>v.<br><br>JOHN VARVATOS ENTERPRISES, INC.<br><br>                    Defendant. | Civil Action No.  1:17-cv-00772 (GWG) |

**DEFENDANT JOHN VARVATOS ENTERPRISES, INC.'S MEMORANDUM OF LAW
<u>IN SUPPORT OF MOTION TO SEAL</u>**

93587085

**TABLE OF CONTENTS**

**Page**

INTRODUCTION ..........................................................................................................................1

ARGUMENT .................................................................................................................................1

CONCLUSION ..............................................................................................................................2

93587085

## **TABLE OF AUTHORITIES**

**Page(s)**

**Cases**

*Godson v. Eltman, Eltman, & Cooper, PC*, 285 F.R.D. 255 (W.D.N.Y. 2012) ...............................1

*Nanjing Textiles IMP/EXP Corp. v. NCC Sportswear Corp.*, No. 06 CIV. 52(JGK)(KNF), Doc. No. 36 (S.D.N.Y. Apr. 21, 2006) ........................................................................................1, 2

*Nanjing Textiles IMP/EXP Corp. v. NCC Sportswear Corp.*, No. 06 CIV. 52(JGK)(KNF), 2006 WL 2381847 (S.D.N.Y. Aug. 14, 2006) ................................................................................1

*Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589 (1978) ..................................................................1

*Palomo v. DeMaio*, No. 515CV1536LEKTWD, 2018 WL 5113133 (N.D.N.Y. Oct. 19, 2018) ..................................................................................................1

*Rossini v. Ogilvy & Mather, Inc.*, 798 F.2d 590 (2d Cir. 1986) ......................................................2

*United States v. Amodeo*, 71 F.3d 1044 (2d Cir. 1995) ..................................................................2

**INTRODUCTION**

Varvatos respectfully submits this memorandum in support of its Motion to Seal certain portions of the March 18, 2019 letter from its attorney, Ned H. Bassen, to the Court (the "Letter"), attached as Ex. A to the accompanying Declaration of Amina Hassan. The Letter includes confidential business information regarding Varvatos. Because of the nature of the information included in the Letter, Varvatos asks that the redacted portions of the Letter be sealed from access by the public and Plaintiffs (although not Plaintiffs' counsel, who is being provided an un-redacted copy of the Letter).

**ARGUMENT**

Although, there is a presumption that the public has a right to access court records and judicial documents, that right is not absolute, and courts have the ability to deny public access where appropriate. *See Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 597-98 (1978). Courts routinely enter protective orders in connection with, or allow to be filed under seal, a defendant's confidential or sensitive financial information. *See, e.g.*, *Nanjing Textiles IMP/EXP Corp. v. NCC Sportswear Corp.*, No. 06 CIV. 52(JGK)(KNF), 2006 WL 2381847 (S.D.N.Y. Aug. 14, 2006) (granting defendant's request that their financial statement be filed under seal); *Palomo v. DeMaio*, No. 515CV1536LEKTWD, 2018 WL 5113133, at *2 (N.D.N.Y. Oct. 19, 2018) (ordering sealing of "spreadsheets that contain Defendants' financial or pricing information, which appears to be sensitive business information that should be filed under seal"); *Godson v. Eltman, Eltman, & Cooper, PC*, 285 F.R.D. 255, 262 (W.D.N.Y. 2012) (granting defendant's motion to seal "potentially sensitive financial information"). Courts also have entered protective orders or granted motions to seal information from plaintiffs, permitting only plaintiffs' counsel and other agents of the plaintiffs to view the information. *See Nanjing Textiles IMP/EXP Corp. v. NCC Sportswear Corp.*, No. 06 CIV. 52(JGK)(KNF), Doc. No. 36 (S.D.N.Y. Apr. 21, 2006)

(entering a protective order permitting disclosure of the financial statement of defendant, a closely held company, to plaintiff's counsel and experts only); *see also Rossini v. Ogilvy & Mather, Inc.*, 798 F.2d 590, 601 (2d Cir. 1986) (holding that the district court did not abuse its discretion in ordering that only plaintiffs' counsel could have access to personnel files produced by the defendant).

Here, the information in the Letter that Varvatos seeks to file under seal includes confidential and sensitive business information regarding Varvatos, which is not a matter of public knowledge (Hassan Decl. ¶ 4), and which Varvatos legitimately seeks to protect from public dissemination. Notably, Varvatos is a privately held enterprise (*see id*. ¶ 3), which further weighs in favor of Varvatos' motion to seal its business information and treat it confidentially. *See United States v. Amodeo*, 71 F.3d 1044, 1051 (2d Cir. 1995) (observing that "financial records of a wholly owned business … and similar matters will weigh more heavily against access").

## CONCLUSION

For the foregoing reasons, Varvatos respectfully requests that the Court grant its Motion to Seal.

DATED:  March 18, 2019

                          HUGHES HUBBARD & REED LLP

                          By:  _____/s/ *Ned H. Bassen*_____
                               Ned H. Bassen
                               Amina Hassan
                          One Battery Park Plaza
                          New York, New York 10004
                          Tel:  (212) 837-6000
                          Fax:  (212) 299-4726
                          ned.bassen@hugheshubbard.com
                          amina.hassan@hugheshubbard.com

                          *Attorneys for Defendant John Varvatos Enterprises, Inc.*

93587085