UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

TESSA KNOX, :

Plaintiff, :

-against- : 17 Civ. 772 (GWG)

JOHN VARVATOS ENTERPRISES, INC., : ECF Case

Defendant. :

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

MEMORANDUM OF LAW IN SUPPORT OF THE MOTION IN LIMINE OF KNOX, THE 13 OPT-IN PLAINTIFFS, AND THE CLASS TO PRECLUDE DEFENDANT FROM OFFERING ADDITIONAL EVIDENCE OF DEFENDANT'S GOOD FAITH NOT PRODUCED IN DISCOVERY

DUNNEGAN & SCILEPPI LLC
Attorneys for the Plaintiff, the 13
Opt-In Plaintiffs and the Class
350 Fifth Avenue
New York, New York 10118
(212) 332-8300

Table of Contents

Table of Authorities ........ ii

Preliminary Statement ........ 1

Argument ........ 6

I. RULE 37(c) SHOULD PRECLUDE VARVATOS FROM OFFERING ANY EVIDENCE OF ITS GOOD FAITH THAT VARVATOS FAILED TO PRODUCE DURING DISCOVERY ........ 6

II. RULE 37(c) SHOULD PRECLUDE VARVATOS FROM OFFERING ANY EVIDENCE OF GOOD FAITH BECAUSE IT HAS NOT FULLY COMPLIED WITH ITS DISCLOSURE OBLIGATIONS ON THAT TOPIC ........ 7

Conclusion ........ 10

Table of Authorities

**Cases**

Agence France Presse v. Morel,
293 F.R.D. 682 (S.D.N.Y. 2013) ........................................................................................ 6

Concerned Citizens v. Belle Haven Club,
223 F.R.D. 39 (D. Conn. 2004)........................................................................................... 8

Design Strategy, Inc. v. Davis,
469 F.3d 284 (2d Cir. 2006)................................................................................................ 6

Ebewo v. Martinez,
309 F.Supp.2d 600 (S.D.N.Y. 2004)................................................................................... 6

Haas v. Delaware & Hudson Ry. Co.,
282 F. App'x 84 (2d Cir. 2008) .......................................................................................... 6

Meyer Corp. U.S. v. Alfay Designs, Inc.,
2012 WL 3536987 (E.D.N.Y. Aug. 13, 2012).................................................................... 8

Panolam Indus. Int'l, Inc. v. F & F Composite Grp. Inc.,
2010 WL 341330 (D. Conn. Jan. 22, 2010)........................................................................ 8

Rahman v. Smith & Wollensky Restaurant Group, Inc.,
2009 WL 773344 (S.D.N.Y. March 18, 2009) ................................................................... 8

Soroof Trading Dev. Co. v. GE Fuel Cell Sys., LLC,
2013 WL 1286078 (S.D.N.Y. Mar. 28, 2013) .................................................................... 8

**Rules**

Fed. R. Civ. P. 26............................................................................................................ 2, 6

Fed. R. Civ. P. 37(c) ...................................................................................................... 6, 7

Fed. R. Evid. 801(c)............................................................................................................ 5

**Statutes**

29 U.S.C. § 255................................................................................................................... 1

29 U.S.C. § 260................................................................................................................... 1

42 U.S.C. § 1981a(b)(1) ........ 2

**Other**

N.Y. Lab. Law § 198 ........ 1, 1-2

1993 Advisory Comment to Rule 37 ........ 7

Plaintiff Tessa Knox ("Knox"), the 13 opt-in plaintiffs and the members of the Class the Court certified in an order entered February 21, 2018 (collectively, "Plaintiffs") respectfully submit this memorandum in support of their motion to preclude defendant John Varvatos Enterprises, Inc. ("Varvatos") from (i) offering evidence at trial – of its alleged good faith belief that the Clothing Allowance did not violate any anti-discrimination law – that Varvatos did not produce during discovery; and (ii) offering any evidence at trial of Varvatos's good faith because Varvatos failed to meet its discovery obligations on the subject of good faith.

Preliminary Statement

"Good faith" is a cornerstone of Varvatos's defense. In its September 15, 2017, answer to the second amended complaint, Varvatos alleged as affirmative defenses (i) "Varvatos at all times acted in good faith to comply with the Applicable Laws, and had reasonable grounds and a good faith basis for believing it was in compliance with the Applicable Laws. Varvatos asserts a lack of willfulness or intent to violate the Applicable Laws as a defense to any claim for liquidated damages," (Dkt. 79, ¶ 83) and (ii) "Varvatos acted in good faith at all times and did not engage in willful, wanton, malicious, or reckless conduct so as to justify an award of punitive damages." (Dkt. 79, ¶ 85)

The determination of whether or not Varvatos acted in good faith will have a significant impact of the outcome of the case. Varvatos's good faith is relevant to at least four issues: (i) Whether the EPA and NY EPA plaintiffs will receive liquidated damages under 29 U.S.C. § 260 and N.Y. Lab. Law § 198(1-a), (ii) Whether the statute of limitations for the EPA plaintiffs will extend to three, rather than two, years under 29 U.S.C. § 255(a), (iii) Whether the NY EPA plaintiffs will receive an increased liquidated damages award for a willful violation under N.Y.

Lab. Law § 198(1-a), and (iv) Whether Title VII plaintiffs are eligible for a punitive damages award under 42 U.S.C. 1981a(b)(1).

An obvious witness concerning Varvatos's good faith is Ann Byron ("Byron"), its former Vice President of Human Resources. On June 13, 2017, Varvatos produced its first supplemental disclosures pursuant to Fed. R. Civ. P. 26(a). The disclosure is attached as Exhibit A. The disclosure identified Byron, located in Bonita Springs, Florida, as an individual likely to possess discoverable information "concerning the Plaintiff, clothing allowances/credits, dress codes/policies, and human resources." (Exhibit A at 2/3)

Plaintiffs therefore sought comprehensive discovery from Varvatos concerning its good faith or lack of good faith. Plaintiffs served document requests on March 25, 2017, that required Varvatos to produce any documents concerning its good faith, and Varvatos agreed on June 26, 2017, subject to limited objections, to produce documents. A copy of Varvatos's response to the document request is attached as Exhibit B.

> "Document Request 24
>
> Each document that constitutes, refers, or relates to any concern on the part of [Varvatos] that the Clothing Allowance may violate any laws, including but not limited to the Equal Pay Act, Title VII of the Civil Rights Act, or any state or local discrimination laws.
>
> Response to Request No. 24
>
> Varvatos objects to this Request as set forth in the General Objections, above, including but not limited to General Objections 1 and 2. Accordingly, any response to this Request will be limited to documents identified through a Reasonable Search as set forth in General Objection 2. Varvatos further objects to this Request on the ground that the information sought is privileged and protected from disclosure by, *inter alia*, the attorney-client privilege and the work produce doctrine. Subject to and without waiving any of the objections set out herein, Varvatos will undertake a Reasonable Search, and will produce responsive, non-privileged documents, if any, that are responsive to this Request.

Document Request 25

Each document that constitutes, refers, or relates to [Varvatos]'s lack of discriminatory intent in establishing and executing the Clothing Allowance.

Response to Request No. 25

Varvatos objects to this Request as set forth in the General Objections, above, including but not limited to General Objections 1 and 2. Accordingly, any response to this Request will be limited to documents identified through a Reasonable Search as set forth in General Objection 2. Varvatos further objects to this Request on the ground that documents responsive to this Request are already in Plaintiff's possession, including documents concerning the Clothing Allowance, all of which evidence Varvatos's lack of unlawful discriminatory intent. Subject to and without waiving any of the objections set out herein, Varvatos will undertake a Reasonable Search, and will produce responsive, non-privileged documents, if any, that are responsive to this Request.

* * *

Document Request 46

Each document that constitutes, refers, or relates to any of JV's other affirmative defenses, whether or not asserted at this time, in this action.

Response to Request No. 46

Varvatos objects to this Request as set forth in the General Objections, above, including but not limited to General Objections 1 and 2. Accordingly, any response to this Request will be limited to documents identified through a Reasonable Search as set forth in General Obligation 2. Varvatos further objects to this Request on the ground that the information sought is privileged or otherwise protected from discovery. Varvatos further objects to this Request on the ground that Varvatos's affirmative defenses are unknown at this time. Varvatos will not produce documents responsive to this Request until after Varvatos formally asserts its affirmative defenses, if required to do so."

On August 11, 2017, Knox served on Varvatos her notice to take a Rule 30(b)(6) deposition of Varvatos, along with a list of topics. The notice requested that Varvatos produce a witness to testify concerning the following:

> "Topic 33
>
> Any concerns that any employee of JV expressed during the course of his or her employment at JV that the Clothing Allowance may violate any law, including but not limited to the Equal Pay Act, Title VII of the Civil Rights Act, or any state or local discrimination laws, including the identity of the employee, the timing of the communication, and the substance of the communication.
>
> Topic 34
>
> The legal advice JV has sought and/or obtained before the commencement of this action concerning the Clothing Allowance, including the identity of the persons involved in each communication, and the timing of the communication."

On October 23, 2017, Varvatos responded identically to both topics:

> "Varvatos objects to this Topic as set forth in the General Objections, above. Varvatos further objects to this Topic on the ground that the information it seeks is privileged or otherwise protected from disclosure. Subject to and without waiving its objections, Varvatos designates Nicole Chang as its witness for this Topic."

The notice also requested that Varvatos produce a witness to testify concerning:

> "Topic 112
>
> The factual and evidentiary bases for the affirmative defenses that JV has to the claims asserted in this action."

On October 23, 2017, Varvatos responded:

> "Objections to and Designation for Topic No. 112
>
> Varvatos objects to this Topic as set forth in the General Objections, above. Varvatos further objects to this Topic as it is not stated with reasonable particularity. Varvatos further objects to this Topic on the ground that it seeks legal conclusions or information that is privileged or otherwise protected from disclosure. Subject to and without waiving its objections, Varvatos designates Nicole Chang as its witness for this Topic."

A copy of Varvatos's objections are attached as Exhibit C.

On October 26, 2017, Knox deposed Varvatos, through Chang, pursuant to Rule 30(b)(6). During the deposition, Chang testified about the factual and evidentiary bases for Varvatos' alleged good faith. A copy of the relevant testimony is annexed at Ex. D.

Notably, Chang testified that Byron, Varvatos' former Vice President of Human Resources, had consulted with unidentified attorneys in 2014 and afterwards felt confident that the Clothing Allowance was not discriminatory under U.S. law. Chang recalled that Byron told Chang, in this conversation, that Byron had consulted with attorneys in 2014, and that, "[Byron] felt confident after speaking with counsel that we were not violating any laws that had to do with discrimination by not providing [the Clothing Allowance] to females." (Ex. D at 127:1-5)[1] Chang could not identify the attorneys with whom Byron consulted, despite checking "through documents and files" (Ex. D at 126:15-17) and could not describe the specifics of the consultation, or confirm whether the attorneys had advised Byron that the Clothing Allowance was not discriminatory under any particular U.S. law. (Ex. D at 126:23-127:5) Chang could not even confirm whether Byron had spoken to the attorney or attorneys by phone, or had communicated via e-mail. (Ex. D at 126:18-22)

Most critically, Chang also testified that she avoided obtaining any (potentially damaging) evidence from Byron on this topic. Although Chang attempted to do so, Chang did not speak with Byron about giving the Clothing Allowance to women. (Ex. D

[1] Chang should not be able to testify about Byron's supposed communication with the unnamed attorneys because such testimony would be hearsay. Chang would be testifying about a statement made by the declarant (Byron) that Varvatos would be offering to prove truth of the matter asserted in the statement (that Byron had consulted with attorneys who had left her with the impression that the Clothing Allowance was not discriminatory). See Fed. R. Evid. 801(c)("'Hearsay' means a statement that: (1) the declarant does not make while testifying at the current trial or hearing; and (2) a party offers in evidence to prove the truth of the matter asserted in the statement.").

at 15:23-16:24) Although she did look though a paper filing cabinet that should have had e-mails in it, Chang did not search Byron's e-mails for responsive documents. (Ex. D at 27:12-28:13)

Argument

I.

RULE 37(c) SHOULD PRECLUDE VARVATOS FROM OFFERING ANY EVIDENCE OF ITS GOOD FAITH THAT VARVATOS FAILED TO PRODUCE DURING DISCOVERY

Federal Rule of Civil Procedure 37(c)(1) provides, in relevant part:

> "**(1)** ***Failure to Disclose or Supplement.*** If a party fails to provide information or identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless."

Rule 37(c)(1) should prevent a party from benefiting from its failure to comply with its discovery obligations. Haas v. Delaware & Hudson Ry. Co., 282 F. App'x 84, 86 (2d Cir. 2008)("'The purpose of the rule is to prevent the practice of 'sandbagging' an opposing party with new evidence.'")(quoting Ebewo v. Martinez, 309 F. Supp.2d 600, 607 (S.D.N.Y. 2004)). "Pursuant to Rule 37(c)(1), if a party fails to provide Rule 26(a) or (e) information, the party generally is not permitted to use that information at trial 'unless the failure was substantially justified or is harmless.'" Agence France Presse v. Morel, 293 F.R.D. 682, 685 (S.D.N.Y. 2013)(citing Fed. R. Civ. P. 37(c)(1)). A showing of bad faith is not necessary to preclude evidence under Rule 37(c)(1). Design Strategy, Inc. v. Davis, 469 F.3d 284, 296 (2d Cir. 2006)("Since Rule 37(c)(1) by its terms does not require a showing of bad faith, we now hold that such a requirement should not be read into the Rule.").

Accordingly, without some very substantial justification, the Court should not allow Varvatos to offer any evidence of its good faith that Varvatos did not produce in discovery. That's easy. But, as explained below, that does not solve the entire problem.

II.

RULE 37(c) SHOULD PRECLUDE VARVATOS FROM OFFERING ANY EVIDENCE OF GOOD FAITH BECAUSE IT HAS NOT FULLY COMPLIED WITH ITS DISCLOSURE OBLIGATIONS ON THAT TOPIC

In general terms, Varvatos has two types of relevant documents in its files: (i) documents that help Varvatos, which Varvatos wants to offer into evidence, and (ii) documents that hurt Varvatos, which Varvatos does not want Plaintiffs to offer into evidence. For evidence that helps Varvatos but Varvatos did not produce in discovery, the preclusion that Plaintiffs seek in Point I is an adequate remedy.

However, for evidence that Varvatos did not produce in discovery and would not want Plaintiffs to offer into evidence, Rule 37 requires an additional sanction. See 1993 Advisory Comment to Rule 37 ("Preclusion of evidence is not an effective incentive to compel disclosure of information that, being supportive of the position of the opposing party, might advantageously be concealed by the disclosing party. However, the rule provides the court with a wide range of other sanctions--such as declaring specified facts to be established, **preventing contradictory evidence**, or, like spoliation of evidence, allowing the jury to be informed of the fact of nondisclosure--that, though not self-executing, can be imposed when found to be warranted after a hearing.")(Emphasis added.).

Here, Varvatos failed to meet its discovery obligations with respect to the evidence of Byron, its former Vice President of Human Resources. Although Chang attempted to do so,

Chang failed to speak with Byron about giving the Clothing Allowance to women before providing Rule 30(b)(6) testimony on behalf of Varvatos. (Ex. C at 15:23-16:24)

That violated the rules. Varvatos had an obligation to ensure that Chang was knowledgeable about the topics in the notice. Soroof Trading Dev. Co. v. GE Fuel Cell Sys., LLC, 2013 WL 1286078, at *2 (S.D.N.Y. Mar. 28, 2013)("While the 'Rule 30(b)(6) deponents need not have personal knowledge concerning the matters set out in the deposition notice...the corporation is obligated to prepare them so that they may give knowledgeable answers.'") (quoting Meyer Corp. U.S. v. Alfay Designs, Inc., 2012 WL 3536987, at *8 (E.D.N.Y. Aug. 13, 2012)). This obligation extends to searching documents and consulting with past employees, where reasonably available. Soroof Trading Dev. Co. v. GE Fuel Cell Sys., LLC, No. 10 CIV. 1391 LGS JCF, 2013 WL 1286078, at *2 (S.D.N.Y. Mar. 28, 2013)("The responding party must 'prepare the designee 'to the extent matters are reasonably available, whether from documents, past employees, or other sources.''")(quoting Rahman v. Smith & Wollensky Restaurant Group, Inc., No. 06 Civ. 6198, 2009 WL 773344, at *1 (S.D.N.Y. March 18, 2009); Panolam Indus. Int'l, Inc. v. F & F Composite Grp. Inc., No. 307CV1721AWT, 2010 WL 341330, at *1 (D. Conn. Jan. 22, 2010)("A deponent under Rule 30(b)(6) has 'an affirmative obligation to educate himself as to the matters regarding the corporation. This includes all matters that are known or reasonably available to the corporation.'")(quoting Concerned Citizens v. Belle Haven Club, 223 F.R.D. 39, 43 (D. Conn. 2004)).

Although Chang did look though a paper filing cabinet that Chang stated should have had e-mails in it, Chang did not search Byron's e-mails for responsive documents. (Ex. D at 27:12-28:13) Chang's failure to search Byron's e-mail account in advance of the 30(b)(6) deposition for documents pertaining to good faith violated the rules, for several reasons.

First, Byron was the most senior human resources professional at Varvatos up until shortly after this litigation began, and is therefore extremely likely to have possessed responsive documents in her e-mail account. Varvatos disclosed Byron as a witness likely to possess relevant information "concerning the Plaintiff, clothing allowances/credits, dress codes/policies, and human resources," all of which are key issues in this litigation. (Ex. A) It is hard to believe that Bryon's e-mail account contained no documents concerning the state of mind of Byron, and hence Varvatos.

Second, Varvatos knew that Byron was a witness with direct knowledge of the alleged consultation. Chang only knew about the consultation because Byron told her about it. Because Chang testified she could locate no documents concerning the consultation (not even the name of the law firm) by searching her documents and Varvatos' hard copy files, Chang's failure to search Byron's e-mail account for documents concerning the consultation is unreasonable.

Third, as Chang testified, she "could have gotten [access to Byron's e-mail account] if she wanted to," which means that e-mail account existed at the time of the deposition and that it would not have been burdensome for Chang to either access it or search it. Chang's testimony that all of Byron's e-mails typically would have been printed out and placed in a two-drawer file cabinet is not credible. Additionally, it is difficult to believe that searching an e-mail account is more burdensome than searching a file cabinet for a hard copy of an e-mail. Varvatos simply decided that it would not benefit from a search of Byron's e-mail account.

The record establishes that Varvatos did not search for potentially damaging evidence concerning its lack of good faith. There is a high risk that the evidence that Varvatos has produced on the "good faith" issue is incomplete and one-sided in Varvatos favor.

The Court should not allow Varvatos to let evidence of its lack of good faith to remain buried in its files, and then let its employees testify as to their good faith. To prevent Varvatos from benefiting from its selective withholding evidence, the Court should preclude Varvatos from offering any evidence on the issue of its good faith.

Conclusion

For the reasons set forth above, Plaintiffs respectfully request that the Court grant their motion to preclude Varvatos from offering evidence of its good faith.

Dated: New York, New York
April 25, 2019

DUNNEGAN & SCILEPPI LLC

By s/William Dunnegan
William Dunnegan (WD9316)
wd@dunnegan.com
Richard Weiss (RW4039)
rw@dunnegan.com
Attorneys for the Plaintiff, the 13
Opt-In Plaintiffs and the Class
350 Fifth Avenue
New York, New York 10118
(212) 332-8300