UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

| | | |
|---|---|---|
| TESSA KNOX, | : | |
| Plaintiff, | : | |
| -against- | : | 17 Civ. 772 (GWG) |
| JOHN VARVATOS ENTERPRISES, INC., | : | ECF Case |
| Defendant. | : | |

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

MEMORANDUM OF LAW IN SUPPORT OF THE MOTION IN LIMINE OF KNOX,
THE 13 OPT-IN PLAINTIFFS AND THE CLASS TO PRECLUDE VARVATOS
FROM OFFERING EVIDENCE OR ARGUMENT CONCERNING
ANY OBLIGATION TO TRY ON CLOTHING

DUNNEGAN & SCILEPPI LLC
Attorneys for the Plaintiff, the 13
 Opt-In Plaintiffs and the Class
350 Fifth Avenue
New York, New York 10118
(212) 332-8300

Plaintiff Tessa Knox ("Knox"), the 13 opt-in plaintiffs and the members of the Class the Court certified in an order entered February 21, 2018 (collectively, "Plaintiffs") respectfully submit this memorandum of law in support of their motion for an order precluding defendant John Varvatos Enterprises, Inc. ("Varvatos") from offering evidence concerning any job obligation or requirement on the part of male sales professionals to try on Varvatos clothing.

## Preliminary Statement

In its summary judgment memoranda, Varvatos argued that the jobs of male and female sales professional were not substantially equal because male sales professionals have additional job duties that female sales professionals do not.  Among these duties were "trying on clothing to help the sales force acquire product knowledge, and serving as a stand-in to try on items being purchased." (Dkt. 184 at 19/36)  We referred to these duties in our summary judgment memoranda as "the obligation of male sales professionals to try on clothing." (Dkt. 191 at 28/40) Because (i) there is no evidence that all male sales professionals at Varvatos were required to, or did, try on Varvatos clothing, and (ii) there is evidence that some female sales professionals did try on Varvatos clothing, the trying on of clothes cannot be used to distinguish between the jobs of male and female sales professionals.

Accordingly, because any evidence of the obligation to try on clothing is irrelevant under Rule 402, Varvatos should not be allowed to introduce it into evidence.

Argument

THE OBLIGATION TO TRY ON CLOTHING IS IRRELEVANT
TO ANY CLAIM OR DEFENSE IN THIS ACTION

FRE 402 provides that "[i]rrelevant evidence is not admissible." FRE 401 provides that:

"Evidence is relevant if:
(a) it has any tendency to make a fact more or less probable than it would be without the evidence; and
(b) the fact is of consequence in determining the action."

A.  Tasks That Not All Male Sales Professionals Perform
    Cannot Form The Basis Of An Unequal Work Finding

"Higher pay is not related to extra duties when one or more of the following circumstances exists: Some male employees receive higher pay without doing the extra work." Brennan v. Prince William Hosp. Corp., 503 F.2d 282, 286 (4th Cir. 1974)(citing Shultz v. American Can Co.-Dixie Products, 424 F.2d 356 (8th Cir. 1970)); Brobst v. Columbus Servs. Int'l, 761 F.2d 148, 158 (3d Cir. 1985)("As we stated in [Schultz v.] Wheaton Glass, [421 F.2d 259 (3d Cir. 1970)] the fact that the male selector-packers performed 16 additional tasks was not enough to support the finding of different work, in part because the district court made no finding that all male selector-packers performed this extra work."). See also 29 C.F.R. § 1620.16(b)("In general, a wage rate differential based on differences in the degree or amount of effort required for performance of jobs must be applied uniformly to men and women. For example, if all women and some men performing a particular type of job never perform heavy lifting, but some men do, payment of a higher wage rate to all of the men would constitute a prohibited wage rate differential if the equal pay provisions otherwise apply."); Usery v. Columbia Univ., 568 F.2d 953, 959 (2d Cir. 1977)("Nor will effort expended on additional tasks assigned to male employees necessarily suffice to justify a pay differential. If the additional tasks do not consume a significant total amount of **all of the employees'** time, Hodgson v. Behrens

3

Drug Co., 475 F.2d 1041, 1049 (5[th] Cir.), cert. denied,414 U.S. 822 (1973); Hodgson v. Brookhaven General Hospital, 436 F.2d 719, 725 (5[th] Cir. 1970)...in these situations the additional effort is insufficient to differentiate the male positions under the Act.")(Emphasis added).

This requirement makes sense because the purpose of the equal work analysis is to determine whether the differences between two jobs justify a pay differential. 29 C.F.R. § 1620.14(a)("On the other hand, substantial differences, such as those customarily associated with differences in wage levels when the jobs are performed by persons of one sex only, will ordinarily demonstrate an inequality as between the jobs justifying differences in pay."). If all of the male comparators received the Clothing Allowance, but not all of the male comparators performed a given task, that task cannot justify the pay differential.

B.    Varvatos Has No Evidence That All Male Sales Professionals Try On Clothes

Although Varvatos has introduced evidence that some male sales professionals have tried on clothing at meetings or for customers, Varvatos has failed to provide evidence that this is an actual job responsibility for all of its male sales professionals, as opposed to merely a task that some male sales professionals have performed upon request.

Additionally, Plaintiffs have provided evidence that not all male sales professionals try on the clothing. (Dkt. 195 ¶ 10; Dkt. 196 ¶ 7; Dkt. 197 ¶ 7; Dkt. 198 ¶ 7; Dkt. 199 ¶ 8; Dkt. 200 ¶ 8; Dkt. 201 ¶ 7; Dkt. 202 ¶ 10; Dkt. 203 ¶ 7)

The purported obligation on the part of male sales professionals to try on clothing does not appear in the job descriptions for sales professionals (Dkts. 188-11, 188-12), nor does it appear in any Varvatos policy or document that Varvatos produced in this case. The obligation to wear Varvatos clothing, which does not appear in any job description, is at least referenced in

Varvatos's documents. (Dkt. 188-8 at 2-5/5)  Consequently, because Varvatos cannot prove that all male sales professionals are required to try on Varvatos clothing, Varvatos cannot use that task to differentiate between the jobs performed by male and female sales professionals.

Some female sales professionals also try on Varvatos clothing at the request of customers. (Dkt. 195 ¶ 9; Dkt. 199 ¶ 7; Dkt. 200 ¶ 7;)  "[I]f female employees also perform duties which require additional effort…the additional effort is insufficient to differentiate the male positions under the Act." Usery v. Columbia Univ., 568 F.2d 953, 959 (2d Cir. 1977). See also Brennan v. Prince William Hosp. Corp., 503 F.2d 282, 286 (4th Cir. 1974)("Higher pay is not related to extra duties when one or more of the following circumstances exists...Female employees also perform extra duties of equal skill, effort, and responsibility.")(citing Hodgson v. Fairmont Supply Co., 454 F.2d 490 (4th Cir. 1971)).

Accordingly, the duty to try on clothing cannot serve as a basis to distinguish between the jobs male and female sales professionals perform, and is therefore irrelevant under Rule 402.

## Conclusion

For the reasons set forth above, Plaintiffs respectfully request that the Court grant their

motion to exclude evidence concerning any obligation of the male sales professionals to try on Varvatos clothing.

Dated:  New York, New York
        April 25, 2019

                                  DUNNEGAN & SCILEPPI LLC

                                  By  *s/*William Dunnegan
                                       William Dunnegan (WD9316)
                                       wd@dunnegan.com
                                       Richard Weiss (RW4039)
                                       rw@dunnegan.com
                                Attorneys for the Plaintiff, the 13
                                     Opt-In Plaintiffs and the Class
                                350 Fifth Avenue
                                New York, New York 10118
                                (212) 332-8300