UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

TESSA KNOX,

        Plaintiff,

  v.

JOHN VARVATOS ENTERPRISES, INC.

        Defendants.

No. 17-CV-00772 (GWG)

**MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT'S
MOTION *IN LIMINE* TO EXCLUDE (1) EVIDENCE REGARDING VARVATOS'
CLOTHING ASSISTANCE POLICIES IN THE UNITED KINGDOM, AND
(2) EVIDENCE REGARDING A YOUTUBE VIDEO PUBLISHED BY PLAYBOY**

Ned H. Bassen
Amina Hassan
HUGHES HUBBARD & REED LLP
One Battery Park Plaza
New York, New York 10004-1482
Telephone:  (212) 837-6000
Facsimile:  (212) 422-4726
ned.bassen@hugheshubbard.com
amina.hassan@hugheshubbard.com

*Attorneys for Defendant John Varvatos Enterprises, Inc.*

93936908_1

## TABLE OF CONTENTS

                                                                                                      **Page**

ARGUMENT ..........................................................................................................................1

    I.     THE COURT SHOULD EXCLUDE EVIDENCE REGARDING VARVATOS' CLOTHING ASSISTANCE POLICIES IN THE UNITED KINGDOM. .................................................................................................1

    II.    THE COURT SHOULD EXCLUDE EVIDENCE REGARDING A YOUTUBE VIDEO THAT DEPICTS A PLAYBOY BUNNY WEARING A VARVATOS SHIRT. .................................................................3

CONCLUSION ........................................................................................................................4

## TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Arlio v. Lively*, 474 F.3d 46 (2d Cir. 2007)..................................................................................2, 3

*Deviner v. Electrolux Motor, AB*, 844 F.2d 769 (11th Cir. 1988) ...................................................3

*Hurt v. Coyne Cylinder Co.*, 956 F.2d 1319 (6th Cir. 1992) ..........................................................2

**Statutes and Rules**

Fed. R. Evid. 401 .............................................................................................................................1

Fed. R. Evid. 402 .............................................................................................................................1

Fed. R. Evid. 403 ........................................................................................................................2, 3

Defendant submits this memorandum of law in support of its motions *in limine* requesting that the Court exclude at trial any evidence regarding: (1) Varvatos' clothing assistance in the United Kingdom; and (2) a YouTube video published by Playboy in which a Playboy model is depicted wearing a Playboy bunny tee shirt designed by Varvatos for men.

## ARGUMENT

### I. THE COURT SHOULD EXCLUDE EVIDENCE REGARDING VARVATOS' CLOTHING ASSISTANCE POLICIES IN THE UNITED KINGDOM.

Plaintiffs have designated deposition testimony and identified several exhibits they plan to use at trial that relate to the clothing assistance that Varvatos provides to its male and female sales professionals in the United Kingdom. However, evidence regarding the policies that apply to sales professionals in the United Kingdom is irrelevant to the issues in this case, and the prejudicial effect of exposing a jury to such evidence outweighs its probative value. Accordingly, this court should exclude all evidence regarding Varvatos' policies in the United Kingdom, including without limitation the deposition testimony and exhibits Plaintiffs have designated regarding or referring to this issue.

Evidence that is irrelevant may not be admitted at trial. Fed. R. Evid. 402. "Evidence is relevant if: (a) it has any tendency to make a fact more or less probable than it would be without the evidence; and (b) the fact is of consequence in determining the action." Fed. R. Evid. 401. What clothing assistance Varvatos provides to its employees in the United Kingdom has no tendency to make any fact more or less probable here and is – and should be – of no consequence in determining this action because any clothing assistance that Varvatos provides in the United Kingdom is determined under U.K. laws and regulations, not under U.S. law. Accordingly, the Court should exclude evidence regarding policies applicable only to United Kingdom employees.

93936908_1

To the extent Plaintiffs argue that evidence regarding the United Kingdom policies is relevant to determining the availability of less discriminatory alternatives, the likely prejudicial effect of exposing a jury to evidence regarding the Varvatos policies in the United Kingdom outweighs any probative value. "[R]elevant evidence may be excluded 'if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence.'" *Arlio v. Lively*, 474 F.3d 46, 53 (2d Cir. 2007) (*citing* Fed. R. Evid. 403).

Here, exposing a jury to evidence that female sales professionals in the United Kingdom receive different clothing assistance than female sales professions in the United States would result in prejudice to Varvatos by highlighting a possible disparity between United States and United Kingdom female sales professionals that is not at issue in this lawsuit. Crucially, Varvatos operates under completely different legal frameworks in the United States and the United Kingdom, each of which independently shapes the human resources policies applicable in each country. It would be unfair to permit consideration of an alternative that was dictated by different legal and regulatory obligations.

In light of the different legal requirements in the United Kingdom, it would be unduly prejudicial to Varvatos for the jury to compare Varvatos' clothing assistance policies in the United States with the Varvatos' clothing assistance policies in the United Kingdom. To provide necessary context for the clothing assistance policies in the United Kingdom, Varvatos would need to present evidence regarding the United Kingdom laws and regulations that motivated those policies, which would result in an inefficient use of time and also confuse the jury as to which is the proper standard under which they should be ultimately assessing

Plaintiffs' claims. *See Hurt v. Coyne Cylinder Co.*, 956 F.2d 1319, 1327 (6th Cir. 1992) (affirming district court's decision to exclude evidence about alternatives in product liability context where evidence concerned "devices produced in Great Britain," which were subject to foreign legal standards that "have been found excludable"); *Deviner v. Electrolux Motor, AB*, 844 F.2d 769, 773 (11th Cir. 1988) (affirming the district court's decision to exclude evidence involving the effects of Swedish laws to avoid confusing the jury with respect to issues arising under Alabama and federal law). Because the prejudicial effect of evidence regarding Varvatos' policies with respect to its United Kingdom employees outweighs any probative value it may have, this Court should exclude it.

**II. THE COURT SHOULD EXCLUDE EVIDENCE REGARDING A YOUTUBE VIDEO THAT DEPICTS A PLAYBOY BUNNY WEARING A VARVATOS SHIRT.**

Plaintiffs include on their exhibit list a document that consists of a series of screenshots of a YouTube video published by Playboy that depicts a Playboy model wearing a tee shirt designed by Varvatos for men (Plaintiffs' Exhibit 36). The screenshots of the video, which also include images of John Varvatos himself during an interview, misleadingly suggest that he and/or the Company created the video as a means to market its clothes or otherwise endorsed the use of a female Playboy to model wearing an item of Varvatos clothing. In fact, Varvatos neither played any role in the production or publication of that video nor endorsed the wearing of a Varvatos tee shirt by the female model in it. *See* Declaration of John Varvatos at ¶¶ 1-5. Accordingly, the Court should exclude all evidence related to the YouTube video from which the screenshots were taken.

As discussed above, "relevant evidence may be excluded 'if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of

3

93936908_1

cumulative evidence.'" *Arlio v. Lively*, 474 F.3d 46, 53 (2d Cir. 2007) (citing Fed. R. Evid. 403). Here, the video of a female Playboy model wearing a Varvatos Playboy tee shirt cut against an interview with John Varvatos himself, despite the fact that Varvatos played no role in the production of the video and never endorsed the wearing of the Varvatos tee shirt by the female model, is undoubtedly misleading and prejudicial to Varvatos.  Accordingly, the Court should exclude all evidence related to that video and its contents.

## CONCLUSION

For the foregoing reasons, the Court should exclude at trial:  (1) evidence regarding Varvatos' clothing assistance policies in the United Kingdom; and (2) evidence regarding a YouTube video published by Playboy in which a woman wears a Playboy bunny tee shirt designed by Varvatos for men.

Dated:   New York, New York
        April 25, 2019

>                               Respectfully submitted,
>
>                               HUGHES HUBBARD & REED LLP
>
>                               By: /s/ Ned H. Bassen_____
>
>                               Ned H. Bassen
>                               Amina Hassan
>                               HUGHES HUBBARD & REED LLP
>                               One Battery Park Plaza
>                               New York, New York 10004-1482
>                               Telephone:  (212) 837-6000
>                               Facsimile:  (212) 422-4726
>                               ned.bassen @hugheshubbard.com
>                               amina.hassan@hugheshubbard.com
>
>                               *Attorneys for Defendant John Varvatos Enterprises, Inc.*

4