UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| TESSA KNOX,<br><br>    Plaintiff,<br><br> v.<br><br>JOHN VARVATOS ENTERPRISES, INC.<br><br>    Defendants. | No. 17-CV-00772 (GWG) |

## OPPOSITION TO PLAINTIFFS' MOTION *IN LIMINE* TO PRECLUDE VARVATOS FROM OFFERING ANY EVIDENCE OF ITS GOOD FAITH

Ned H. Bassen
Amina Hassan
HUGHES HUBBARD & REED LLP
One Battery Park Plaza
New York, New York 10004-1482
Telephone: (212) 837-6000
Facsimile: (212) 422-4726
ned.bassen@hugheshubbard.com
amina.hassan@hugheshubbard.com

*Attorneys for Defendant John Varvatos Enterprises, Inc.*

93977718

## TABLE OF CONTENTS

Page

PRELIMINARY STATEMENT ...................................................................................................1

STATEMENT OF FACTS ..............................................................................................................1

ARGUMENT ...................................................................................................................................3

    A.    Varvatos Complied With Its Rule 26 Disclosure Obligations. ................................3

    B.    Varvatos Complied With Its Discovery Obligations Under Rule 30(b)(6). ....................................................................................................................4

    C.    Plaintiffs Had The Opportunity To Seek Further Discovery And They Chose Not To Do So. .......................................................................................5

    D.    The Harsh Remedy of Preclusion Is Not Warranted Here. .....................................8

CONCLUSION ..............................................................................................................................10

93977718

# **TABLE OF AUTHORITIES**

**Page(s)**

**Cases**

*Atkins v. Cty. of Orange*, 372 F. Supp. 2d 377 (S.D.N.Y. June 3, 2005), *aff'd sub nom. Bellotto v. Cty. of Orange*, 248 F. App'x 232 (2d Cir. 2007) ........................................... 7

*Costa v. County of Burlington*, 254 F.R.D. 187 (D.N.J.2008) ........................................... 4

*Design Strategy, Inc. v. Davis*, 469 F.3d 284 (2d Cir. 2006) ........................................... 8

*Eid v. Koninklijke Luchtvaart Maatschappij N.V.*, 310 F.R.D. 226 (S.D.N.Y. Oct. 2, 2015) ........................................... 4

*Health Grades, Inc. v. MDx Med., Inc.*, No. 11-CV-00520-PAB-BNB, 2013 WL 1777575 (D. Colo. Apr. 25, 2013) ........................................... 7

*Izzo v. ING Life Ins. & Annuity Co.*, 235 F.R.D. 177 (E.D.N.Y. Sept. 30, 2005) ........................................... 8

*Jockey Int'l, Inc. v. M/V ""LEVERKUSEN EXPRESS''*, 217 F. Supp. 2d 447 (S.D.N.Y. Aug. 22, 2002) ........................................... 8

*Lesser v. Wildwood*, No. 01 CIV. 4209 (RWS), 2003 WL 22228757 (S.D.N.Y. Sept. 29, 2003) ........................................... 8, 9

*MBIA Ins. Corp. v. Patriarch Partners VIII, LLC*, No. 09 CIV. 3255, 2012 WL 2568972 (S.D.N.Y. July 3, 2012) ........................................... 9

*Nemec v. Shrader*, No. 09 CIV. 7466 LAK, 2015 WL 1650391 (S.D.N.Y. Apr. 13, 2015) ........................................... 7

*Oakley v. Fed'n Employment & Guidance Servs.*, Inc., No. 10 CIV. 7739 JSR, 2011 WL 2946133 (S.D.N.Y. July 12, 2011) ........................................... 4, 6

*Outley v. New York*, 837 F.2d 587 (2d Cir. 1988) ........................................... 8

*S.E.C. v. Morelli*, 143 F.R.D. 42 (S.D.N.Y. July 30, 1992) ........................................... 4

*Softel, Inc. v. Dragon Medical & Scientific Communications, Inc.*, 118 F.3d 955 (2d Cir.1997) ........................................... 8, 9

*Update Art, Inc. v. Modiin Publishing, Ltd.*, 843 F.2d 67 (2d Cir. 1988) ........................................... 8

**Statutes and Rules**

FED. R. CIV. P. 26 ...........................................................................................................................3

FED. R. CIV. P. 30(b)(6) ........................................................................................................ *passim*

FED. R. CIV. P. 37 ........................................................................................................1, 3, 4, 6, 7, 8

93977718

Defendant John Varvatos Enterprises, Inc. ("Varvatos") respectfully submits this Opposition to Plaintiffs' *Motion in Limine* to Exclude Defendant from Offering Any Evidence of Its Good Faith (Doc. No. 245).

## PRELIMINARY STATEMENT

Varvatos opposes Plaintiffs' Motion because, as set forth below: (1) Rule 37(c)(1) preclusion does not apply because Varvatos is not proposing to rely on any evidence of good faith that it did not disclose during discovery; (2) Varvatos complied with its Rule 30(b)(6) obligations with regard to the deposition of Nicole Chang; (3) Plaintiffs had the opportunity to raise any alleged deficiencies in Varvatos' disclosures regarding its good faith defense during discovery, but chose not to do so, and cannot now seek preclusion; and (4) to the extent that the Court finds any deficiency in Varvatos' disclosures regarding the good faith defense, the drastic remedy of preclusion is not warranted here.

## STATEMENT OF FACTS

On June 7, 2017, Varvatos served its Initial Disclosure, disclosing, among others, Ann Byron, its former Vice President of Human Resources, and Nicole Chang, its then-Director of Human Resources, as individuals "**likely to have discoverable information that Varvatos may use to support its defense**." (Hassan Decl., Ex. 1 (emphasis added).)[1]  Plaintiffs did not depose Byron, and to Varvatos' knowledge, did not subpoena Byron for a deposition. (*See* Hassan Decl. ¶ 3.)

Varvatos designated Chang as its Rule 30(b)(6) witness on various topics, including Topic 112, "The factual and evidentiary bases for the affirmative defenses that JV has to the

---

1. Varvatos made a supplemental disclosure on June 13, 2017, updating Byron's contact information. (Weiss Decl. to Plaintiff's Motion, Ex. A (Doc. No. 247-1).)

93977718

claims asserted in this action." (Weiss Decl. to Plaintiffs' Motion, Ex. C (Doc. No. 247-3) at 32.)

On September 28, 2017, Plaintiffs deposed Chang for the first time as Varvatos' Rule 30(b)(6) witness. Plaintiffs kept Chang's Rule 30(b)(6) deposition open because "from plaintiff's perspective [Chang was] not prepared to provide information about sales professionals hired after June 5th, 2017." (Hassan Decl., Ex. 2 (9/28/17 N. Chang Dep. Tr. at 35:5-9, 38:14-18).)

On October 26, 2017, Plaintiffs deposed Chang as a Rule 30(b)(6) witness for Varvatos, for a second time. During the deposition, Plaintiffs asked Chang about Varvatos' good faith defense, and Chang testified that in 2014, Byron had consulted with outside lawyers to ensure that Varvatos was in compliance with the law regarding its clothing assistance policy. (*See* Hassan Decl., Ex. 3 (10/26/17 N. Chang Dep. Tr. at 125:10-127:5).)

Chang also testified that in preparation for this deposition, she had reviewed hardcopy files left by Byron, which were alphabetically organized. (*See id*. at 26:19-28:9.) She did not review Byron's old emails. Rather, she reviewed the hardcopy materials because "[t]he proper practice is that we keep files in the filing system. We don't retain it in our E-mail account. We typically try to print it out and have it in a file cabinet." (*See id*.) Chang testified that, based on her review of the documents, she had not been able to identify the specific law firm that Byron had consulted with. (*See id*. at 126:13-17.) Chang also testified that she had tried to contact Byron in preparation for her Rule 30(b)(6) testimony, but had been unable to get in touch with her. (*See id*. at 16:13-24.)

Plaintiffs did not ask that Chang's Rule 30(b)(6) testimony be kept open for any follow-up regarding her testimony on Varvatos' good faith defense.  Nor did Plaintiffs raise any objection – by way of a motion to compel or otherwise – to Varvatos' disclosures regarding the good faith defense.  As mentioned, Plaintiffs did not depose Byron.

## ARGUMENT

### A. Varvatos Complied With Its Rule 26 Disclosure Obligations.

Rule 37(c)(1) provides that a party is not permitted to use evidence at trial that it did not disclose in compliance with Rules 26(a) and (e).  FED. R. CIV. P. 37(c)(1) ("If a party fails to provide information ... as required by Rule 26(a) or (e), the party is not allowed to use that information ... to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless.").  Plaintiffs contend that Varvatos should be precluded from offering any evidence of its good faith that Varvatos did not produce during discovery.  (Plaintiffs' Mem. of Law (Doc. No. 246) at 6-7.)  However, Varvatos does not intend to rely on any evidence of its good faith defense that it did not disclose during discovery.  Varvatos intends to rely on the trial testimony of one or both of Chang and Byron, and both were properly identified in Varvatos' June 7, 2017 initial disclosures, in compliance with Rule 26(a).  (*See supra* at 1.)[2]  Therefore, Rule 37(c)(1)'s preclusion does not apply.

---

2. In a footnote in their brief, Plaintiffs assert that Chang should not be permitted to testify "about Byron's supposed communication" with the attorneys because it would constitute hearsay.  (Plaintiffs' Mem. of Law at 5, n.1.)  Varvatos disagrees.  Unless Byron is unavailable to testify for a reason beyond Varvatos' control, Varvatos does not intend to have Chang testify to the substance of any communication between Byron and the attorney, instead to her personal knowledge regarding the fact of that consultation, based on her own communications with Byron.

3

### B.     Varvatos Complied With Its Discovery Obligations Under Rule 30(b)(6).

Plaintiffs also contend that Varvatos' Rule 30(b)(6) testimony regarding its good faith defense was somehow deficient, and Varvatos should, therefore, be precluded from relying on its good faith defense for that reason. (Plaintiffs' Mem. of Law at 8-9.) Plaintiffs are wrong because Varvatos complied with its Rule 30(b)(6) obligations.

Under Rule 30(b)(6), it is the corporate party's obligation to prepare a designated deponent so that she "can answer fully, completely, unevasively, the questions posed ... as to the relevant subject matters." *S.E.C. v. Morelli*, 143 F.R.D. 42, 45 (S.D.N.Y. July 30, 1992) (internal quotation omitted). But, the designee must be prepared "to the extent matters are reasonably available, whether from documents, past employees, or other sources." *Eid v. Koninklijke Luchtvaart Maatschappij N.V.*, 310 F.R.D. 226, 229 (S.D.N.Y. Oct. 2, 2015) (citations omitted). Notably, a witness who cannot answer each and every question does not equate to the corporate party's failure to comply with Rule 30(b)(6). *See Oakley v. Fed'n Employment & Guidance Servs.*, Inc., No. 10 CIV. 7739 JSR, 2011 WL 2946133, at *3 (S.D.N.Y. July 12, 2011) (Rule 37 sanctions were not warranted because Rule 30(b)(6) witness was adequately prepared even though he did not know the answers to all of plaintiff's counsel's questions); *see also Costa v. County of Burlington*, 254 F.R.D. 187, 190 (D.N.J.2008) ("Simply because defendant's witness could not answer every question posed to him does not equate to the fact that defendant did not satisfy its obligation to prepare its 30(b)(6) witness.").

Here, Varvatos, through its designated deponent, Chang, complied with its Rule 30(b)(6) discovery obligations. During her deposition, Ms. Chang responded to a multitude of Rule 30(b)(6) topics, including the topic of good faith, over the course of two depositions. (*See supra*

93977718

at 2.)  Chang testified fully as to what she had been able to learn in preparation for the depositions, and testified unevasively to the limits of what she had been able to learn.  (*See id.*)  Contrary to Plaintiffs' unsupported allegation that Chang "avoided obtaining any (potentially damaging) evidence from Byron" or from Byron's emails (Plaintiffs' Mem. of Law at 5-6), Chang clearly testified that (1) she had attempted to contact Byron – by then a former employee, who had relocated out of state[3] – in preparation for the deposition, but had been unable to get in touch with her, and (2) the reason she had looked at Byron's physical files and not her emails was because it was the company's practice to keep hardcopy records rather than retain emails.  (*See id.*)  Therefore, Varvatos should not be precluded from relying on its good faith defense based on any alleged deficiencies in Chang's testimony.

> C. **Plaintiffs Had The Opportunity To Seek Further Discovery And They Chose Not To Do So.**

Even if Varvatos had failed to comply with its discovery obligations regarding its good faith defense, Plaintiffs had every opportunity to seek further discovery, but chose not to do so.  For example, with respect to Varvatos' Rule 30(b)(6) testimony regarding good faith:  (1) Plaintiffs knew full well how to keep a Rule 30(b)(6) deposition open – they already had done so once with Chang – but Plaintiffs chose not to do so with regard to the deficiencies they now allege as to Chang's responses regarding good faith; (2) prior to this *motion in limine*, Plaintiffs did not raise an issue with Varvatos' Rule 30(b)(6) testimony with the Court, e.g., by a motion to compel; and (3) Plaintiffs did not depose Byron despite Varvatos having disclosed her as a person "likely to have discoverable information that Varvatos may use to support its defense"

---

3. *See* Weiss Decl. to Plaintiffs' Motion, Ex. A (Doc. No. 247-1) (showing Byron's new contact information for Florida).

5

and Chang having identified her as the person who had obtained legal advice regarding Varvatos' clothing assistance policy at issue in this case.. (*See supra* at 1-2.)

Having not taken the necessary steps during discovery to address the deficiencies in Varvatos' disclosures that Plaintiffs now allege, Plaintiffs ought not to be able to preclude Varvatos from relying on a good faith defense under Rule 37. Courts in this Circuit have routinely rejected such gamesmanship. For example, in *Oakley v. Federation Employment & Guidance Services, Inc.*, the District Court for the Southern District of New York refused to impose Rule 37 sanctions in response to alleged deficiencies in defendant's Rule 30(b)(6) witness. 2011 WL 2946133, at *3. The Court found that Rule 37 sanctions were not warranted because defendant's Rule 30(b)(6) witness was sufficiently prepared, but also because plaintiff's counsel had engaged in gamesmanship by making no attempt at the time to seek corrected or additional discovery and instead waiting to file the sanctions motion. *Id*. In particular, the court opined:

> [A]t oral argument, it became clear to the Court that plaintiff's counsel was more interested in sanctioning defendants in order to gain a tactical advantage than in actually obtaining answers to the questions that were allegedly improperly answered by [defendant's] 30(b)(6) witness. Thus, at Perry Chin's deposition, when Mr. Chin answered "I don't know" to certain questions, plaintiff's counsel did not request that Mr. Chin find out the answers to the questions and provide them at a later date. Rather than taking this course of action, plaintiff's counsel, in an effort to exploit the fact that Mr. Chin did not answer all of the questions, remained quiet at the time of the deposition and subsequently filed the instant motion seeking sanctions. Thus, in addition to finding that plaintiff's motion for sanctions pursuant to Rule 37 lacks merit for the reasons previously discussed, the Court also denies the motion *because it is sheer gamesmanship*.

93977718

*Id.* (emphasis added); *see also Atkins v. Cty. of Orange*, 372 F. Supp. 2d 377, 397 (S.D.N.Y. June 3, 2005), *aff'd sub nom. Bellotto v. Cty. of Orange*, 248 F. App'x 232 (2d Cir. 2007) (refusing to impose Rule 37 preclusion because "Dr. Harris's testimony is essential to plaintiffs' case, and while defendants may be prejudiced by the deficient report, they had over a year to object to the report; thus, any prejudice is a result of their tactical decision to wait until a few months before trial to seek preclusion."); *Nemec v. Shrader*, No. 09 CIV. 7466 LAK, 2015 WL 1650391, at *2–3 (S.D.N.Y. Apr. 13, 2015) (holding that plaintiffs "forfeited whatever right they might have had to sanctions for the alleged discovery abuse they now rely upon by failing to seek such sanctions—and by acting in a manner inconsistent with any belief that they might be entitled to them—for far too long."); *Health Grades, Inc. v. MDx Med., Inc.*, No. 11-CV-00520-PAB-BNB, 2013 WL 1777575, at *5 (D. Colo. Apr. 25, 2013) ("[The requesting party's] delay in seeking relief [in connection with an allegedly inadequate Rule 30(b)(6) designee], combined with its decision to seek evidentiary sanctions at trial rather than an order compelling discovery, evidences the kind of 'overreaching by the party seeking discovery' about which Professors Wright and Miller warn.")  Accordingly, Plaintiffs should not be able to preclude Varvatos from relying on its good faith defense at trial.

Plaintiffs also have alleged, with no support, that Varvatos has "in its files … documents that hurt Varvatos" and that Varvatos did not produce these documents in discovery.  (Plaintiffs' Mem. of Law at 7.)  Plaintiffs' allegation is rank speculation and ought not to be considered on this *motion in limine*.

### D. The Harsh Remedy of Preclusion Is Not Warranted Here.

In the event that the Court were to find that Varvatos' disclosures regarding its good faith defense were in fact deficient in any way, Varvatos submits that preclusion is not warranted here.

Preclusion of evidence is a "harsh remedy," which "should be imposed only in rare situations." *See Izzo v. ING Life Ins. & Annuity Co.*, 235 F.R.D. 177, 186 (E.D.N.Y. Sept. 30, 2005) (quoting *Update Art, Inc. v. Modiin Publishing, Ltd.*, 843 F.2d 67, 71 (2d Cir. 1988)); *see also Lesser v. Wildwood*, No. 01 CIV. 4209 (RWS), 2003 WL 22228757, at *3 (S.D.N.Y. Sept. 29, 2003) (refusing to impose the Rule 37 sanction of preclusion even where there was a finding of the party's bad faith in its discovery abuses). "'[T]he imposition of sanctions under Rule 37(c)(1) is a matter within the trial court's discretion.'" *Jockey Int'l, Inc. v. M/V ""LEVERKUSEN EXPRESS"*, 217 F. Supp. 2d 447, 452 (S.D.N.Y. Aug. 22, 2002) (citations omitted). In fact, courts have discretion to impose less severe sanctions. *See Design Strategy, Inc. v. Davis*, 469 F.3d 284, 298 (2d Cir. 2006); *Outley v. New York*, 837 F.2d 587, 591 (2d Cir. 1988) ("Before [granting] the extreme sanction of preclusion," the Court "should inquire more fully into the actual difficulties which the violation causes, and must consider less drastic responses."). In determining whether preclusion would be appropriate, courts typically consider: (1) the party's explanation for the failure to comply with the discovery; (2) the importance of the precluded evidence to the party seeking to introduce the evidence; (3) the prejudice suffered by the opposing party as a result of having to prepare to meet the new evidence; and (4) the possibility of a continuance. *See Softel, Inc. v. Dragon Medical & Scientific Communications, Inc.*, 118 F.3d 955, 961 (2d Cir.1997).

The *Softel* factors weigh against preclusion here: (1) as demonstrated above, Varvatos did comply with its discovery obligations, in particular with regard to disclosing evidence during discovery that it now intends to rely on for its good faith defense at trial (*i.e.*, the testimonies of Chang and Byron); (2) the evidence of good faith is of key importance to Varvatos on the issue of damages; (3) Plaintiffs have not been prejudiced because they had the opportunity to depose Chang and Byron on the issue of good faith, and they had the opportunity to seek additional disclosures from Varvatos, but chose not to do so; and (4) since a trial date has not yet been set, Varvatos could take any curative actions, if the Court determines they are necessary. *See, e.g., MBIA Ins. Corp. v. Patriarch Partners VIII, LLC*, No. 09 CIV. 3255, 2012 WL 2568972, at *8-9, 14-15 (S.D.N.Y. July 3, 2012) (where trial was not going to be held for another three months, (1) opening discovery to permit three new defense witnesses to be deposed rather than striking them from the witness list; and (2) ordering defendant to produce documents potentially capable of rebutting defendant's factual assertions regarding its opinion of counsel defense); *Lesser v. Wildwood*, 2003 WL 22228757, at *3 (allowing defendants to cure deficiencies in disclosure by reopening discovery for witness deposition instead of precluding witness testimony pursuant to 37(c)).

## CONCLUSION

For the foregoing reasons, Varvatos respectfully asks that the Court deny Plaintiffs' motion seeking to preclude Varvatos from offering evidence of its good faith at trial.

Dated:   New York, New York
         May 2, 2019

                Respectfully submitted,

                HUGHES HUBBARD & REED LLP

                By: /s/ Ned H. Bassen

                Ned H. Bassen
                Amina Hassan
                HUGHES HUBBARD & REED LLP
                One Battery Park Plaza
                New York, New York 10004-1482
                Telephone:  (212) 837-6000
                Facsimile:  (212) 422-4726
                ned.bassen@hugheshubbard.com
                amina.hassan@hugheshubbard.com

                *Attorneys for Defendant John Varvatos Enterprises, Inc.*

93977718