**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

TESSA KNOX,

            Plaintiff,

      v.

JOHN VARVATOS ENTERPRISES, INC.

           Defendants.

No. 17-CV-00772 (GWG)

**VARVATOS' OPPOSITION TO PLAINTIFFS' *MOTION IN LIMINE* TO EXCLUDE**
**EVIDENCE OF ANY PLAINTIFF'S JOB PERFORMANCE**

Ned H. Bassen
Amina Hassan
HUGHES HUBBARD & REED LLP
One Battery Park Plaza
New York, New York 10004-1482
Telephone:  (212) 837-6000
Facsimile:  (212) 422-4726
ned.bassen@hugheshubbard.com
amina.hassan@hugheshubbard.com

*Attorneys for Defendant John Varvatos*
*Enterprises, Inc.*

93977582

**TABLE OF CONTENTS**

**Page**

ARGUMENT ........................................................................................................................... 1

      A.     Varvatos Is Entitled to Test the Credibility of Testifying
               Witnesses. ............................................................................................................ 1

      B.     Plaintiffs Would Not be Prejudiced If Varvatos Uses "Job
               Performance" Evidence to Test the Credibility of Testifying
               Plaintiffs. ............................................................................................................. 3

CONCLUSION ....................................................................................................................... 5

93977582

# <u>TABLE OF AUTHORITIES</u>

**Page(s)**

**Cases**

*Davis v. Alaska*, 415 U.S. 308 (1974)............................................................................2

*Greene v. McElroy*, 360 U.S. 474 (1959)......................................................................2

*Jones v. Berry*, 880 F.2d 670 (2d Cir. 1989) ...........................................................1, 2

*Redd v. New York State Div. of Parole*, 923 F. Supp. 2d 393 (E.D.N.Y. Jan. 24, 2013)............4

*United States v. Abel*, 469 U.S. 45 (1984)...................................................................1

**Statutes and Rules**

FED. R. EVID. 403.............................................................................................................3

FED. R. EVID. 608.............................................................................................................1

93977582

Defendant John Varvatos Enterprises, Inc. ("Varvatos") respectfully submits this Opposition to Plaintiffs' *motion in limine* seeking to Exclude Evidence of Any Plaintiff's Job Performance ("Plaintiffs' Motion" or "Motion," Doc. No. 250). Varvatos opposes Plaintiffs' Motion because, as set forth below, Varvatos is entitled to test the credibility of testifying plaintiffs and the evidence that Plaintiffs characterize as "job performance" is directly relevant to that purpose. Contrary to Plaintiffs' contention, the probative value of that evidence is not outweighed by its prejudicial value, if any.

## ARGUMENT

### A.    Varvatos Is Entitled to Test the Credibility of Testifying Witnesses.

Plaintiffs' Motion seeks to exclude all evidence of any plaintiff's "job performance"[1] from the trial. However, this evidence is relevant to the credibility of testifying witnesses, and Varvatos is entitled to test that credibility. These witnesses include, for instances, Class Representative Tessa Knox, who Plaintiffs did not even designate as a potential witness, but Varvatos did. (*See* Joint Pretrial Order (Doc. No. 254) at 11.)

Rule 608 of the Federal Rules of Evidence provides that "[a] court may, on cross-examination, allow [specific instances of conduct] to be inquired into if they are probative of the character for truthfulness or untruthfulness of the witness." FED. R. EVID. 608(b). In addition, "Proof of bias is almost always relevant because the jury, as finder of fact and weigher of credibility, has historically been entitled to assess all evidence which might bear on the accuracy and truth of a witness' testimony." *United States v. Abel*, 469 U.S. 45, 52 (1984); *see also Jones*

---

1. Plaintiffs' Motion appears to cover evidence of a lot of different things under the title of "job performance," including not only performance at work, but also evidence regarding resumes, job applications and punctuality outside of the work context. (*See, e.g.*, Plaintiffs' Mem. of Law (Doc. No. 251) at 9.) Varvatos objects to the preclusion of all such evidence and any other evidence that goes to witness credibility.

*v. Berry*, 880 F.2d 670, 673 (2d Cir. 1989) (quoting *Greene v. McElroy*, 360 U.S. 474, 496 (1959)) ("[C]ross-examination is especially important where the principal evidence 'consists of the testimony of individuals whose memory might be faulty or who, in fact, might be perjurers or persons motivated by malice, vindictiveness, intolerance, prejudice, or jealousy.'").

Here, the testimony of Class Representative Knox and other Plaintiff-witnesses will go to central facets of this case, *e.g.*, on issues such as, the cost of complying with Varvatos' dress code for female sales professionals and the sufficiency of the clothing assistance they have received.  (*See* Joint Pretrial Order (Doc. No. 254) at 9 (Plaintiffs identifying Ms. Romero – an Opt-in Plaintiff – as a former sales professional at Varvatos, who will "testify concerning … her observations working at Varvatos, and complying with the Female Dress Code.").)  Therefore, the credibility of the testifying Plaintiffs will be important and Varvatos is entitled to test that credibility, including with "job performance" evidence.  Indeed, as a current or former employer of the testifying Plaintiffs, the most logical source of information for Varvatos to test their credibility with is the Plaintiffs' job records and evidence of job performance.  *See Davis v. Alaska*, 415 U.S. 308, 318 (1974) (defendant was "denied the right to effective cross-examination" where defense counsel was not "permitted to expose to the jury the facts from which jurors, as the sole triers of fact and credibility, could appropriately draw inferences relating to the reliability of the witness.").

Thus, Varvatos is entitled to examine testifying witnesses regarding their job performance to the extent it relates to the truthfulness of their testimony and their potential bias against the employer that they are now suing.  By way of example, with regard to Class Representative Knox, evidence regarding false or inaccurate statements on her resume and application to Varvatos (*see* Plaintiffs' Mem. of Law (Doc. No. 251) at 9) relate to the

2

truthfulness, accuracy and believability of her trial testimony.  Similarly, evidence of the

corrective action notice and other feedback she received regarding her job performance while

working at Varvatos and her dissatisfaction with Varvatos (*see id.*) are relevant to her potential

bias as a testifying witness.

> **B.      Plaintiffs Would Not be Prejudiced If Varvatos Uses "Job Performance"**
> **Evidence to Test the Credibility of Testifying Plaintiffs.**

Under Rule 403 of the Federal Rules of Evidence, "[t]he court may exclude relevant

evidence if its probative value is substantially outweighed by a danger of one or more of the

following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time,

or needlessly presenting cumulative evidence."  FED. R. EVID. 403.  As discussed above, "job

performance" evidence is relevant to testing the credibility of testifying-Plaintiffs and its

probative value is significant given the expected subject matter of these Plaintiffs' testimony.

There would be no valid prejudice to the Plaintiffs if Varvatos rightfully uses "job performance"

evidence to test the credibility of, or impeach, the testifying Plaintiffs.  Plaintiffs' Motion argues,

for instance, that the use of "job performance" evidence might confuse the jury into believing

that "Knox's failures on the sales floor are relevant to a comparison of the jobs of male and

female sales professionals."  (Plaintiffs' Mem. of Law at 9.)  This argument is unavailing, since

in the parties' proposed jury instructions, Varvatos has proposed the clear instruction to the jury

that:  "In deciding whether jobs require substantially equal skill, effort and responsibility, you

should compare the jobs, not the individual employees holding those jobs."  (Joint Requests to

3

Charge, Doc. No. 257 at 8 (Varvatos' Proposed Instruction No. 6).[2]  Nor should Plaintiffs be

permitted to shield their credibility from being properly tested by Varvatos with the evidence that

Varvatos is most likely to have regarding them – *i.e.*, their job performance.  Under Rule 403's

balancing, Varvatos should not be barred from using the "job performance" evidence on the

grounds of prejudice, especially in light of the jury instructions proposed by the parties.  *See*

*Redd v. New York State Div. of Parole*, 923 F. Supp. 2d 393, 402 (E.D.N.Y. Jan. 24, 2013)

("Although permitting [defendant] to inquire into Redd's alleged false statements on cross-

examination contains some danger of prejudice to Redd, the court will permit the inquiry

because it is highly probative of Redd's character for truthfulness.").[3]

[*Continues on next page*]

---

2.  *See also id*. at 7 (Plaintiffs' Proposed Instruction No. 6, stating, "In deciding whether jobs require substantially
equal skill, effort and accountability, you should compare the jobs, not the individual employees holding those
jobs.").

3.  Plaintiffs' Motion mischaracterizes the record to the extent that it states that "Varvatos has already admitted
there is no gender-neutral reason that male sales professionals receive a Clothing Allowance while female sales
professionals do not."  (Plaintiffs' Mem. of Law at 4.)  Varvatos disagrees and disputes that issue.  Similarly,
Plaintiffs' Motion states that "Varvatos has also admitted that 'all male retail employees receive a clothing
allowance' regardless of job performance" (*id*.), citing to a document entitled John Varvatos Retail and Dress
Standards – Retail Location (Doc. No. 20-1).  That document, however, does not deal with job performance
issues at all.

4

## CONCLUSION

For the reasons set forth above, Defendants respectfully request that the Court deny

Plaintiffs' motion to exclude evidence concerning any plaintiff's job performance.

Dated:     New York, New York
           May 2, 2019

Respectfully submitted,

HUGHES HUBBARD & REED LLP

By: /s/ Ned H. Bassen

Ned H. Bassen
Amina Hassan
HUGHES HUBBARD & REED LLP
One Battery Park Plaza
New York, New York 10004-1482
Telephone:  (212) 837-6000
Facsimile:  (212) 422-4726
ned.bassen@hugheshubbard.com
amina.hassan@hugheshubbard.com

*Attorneys for Defendant John Varvatos*
*Enterprises, Inc.*

5

93977582