UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| TESSA KNOX,<br><br>                Plaintiff,<br><br>    v.<br><br>JOHN VARVATOS ENTERPRISES, INC.<br><br>                Defendants. | No. 17-CV-00772 (GWG) |

**VARVATOS' OPPOSITION TO PLAINTIFFS'** ***MOTION IN LIMINE*** **TO EXCLUDE EVIDENCE OF THE OBLIGATION OF ANY MALE SALES PROFESSIONAL TO TRY ON CLOTHES**

Ned H. Bassen
Amina Hassan
HUGHES HUBBARD & REED LLP
One Battery Park Plaza
New York, New York 10004-1482
Telephone:  (212) 837-6000
Facsimile:  (212) 422-4726
ned.bassen@hugheshubbard.com
amina.hassan@hugheshubbard.com

*Attorneys for Defendant John Varvatos Enterprises, Inc.*

## TABLE OF CONTENTS

**Page**

PRELIMINARY STATEMENT ................................................................................................ 1

ARGUMENT .................................................................................................................................. 1

  A.  The Record Shows That Varvatos Is Entitled To Use The Male Sales Professionals' Obligation To Try On Clothes For Customers And At Product-Meetings As A Means to Differentiate The Jobs Of Male & Female Sales Professionals. ....................................................................................... 1

  B.  Plaintiffs' Motion Raises An Issue Regarding the Commonality & Typicality Of the Claims of The Class. .................................................................. 5

CONCLUSION ............................................................................................................................... 6

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Brennan v. Prince William Hosp. Corp.*, 503 F.2d 282 (4th Cir. 1974) ..........................................5

*Chepak v. Metro. Hosp.*, 555 F. App'x 74 (2d Cir. 2014) ...............................................................2

*E.E.O.C. v. Port Auth. of New York & New Jersey*, 768 F.3d 247 (2d Cir. 2014) ..........................2

*Tomka v. Seiler Corporation*, 66 F.3d 1295 (2d Cir. 1995) ............................................................2

**Statutes and Rules**

29 C.F.R. § 1620.13 .........................................................................................................................2

Fed. R. Civ. P. 23 ............................................................................................................................6

Defendant John Varvatos Enterprises, Inc. ("Varvatos") respectfully submits this Opposition to Plaintiffs' *Motion in Limine* To Exclude Evidence or Argument Concerning Any Obligation of Male Sales Professionals To Try On Clothes (Doc. No. 252).

## PRELIMINARY STATEMENT

Plaintiffs seek to improperly exclude evidence that male sales professionals at Varvatos, unlike female sales professionals, are required to try on clothes for customers and at product-meetings, and that male sales professionals, as part of their job responsibilities, in fact do so. In making their *motion in limine*, Plaintiffs ignore the evidence in the record, including from at least one plaintiff who testified that trying on clothes is "really their [the male sales professionals'] job." As set forth below, Varvatos is entitled to present its evidence and use the obligation to try on clothes to differentiate between the jobs of male and female sales professionals under the Equal Pay Act ("EPA"). Ultimately, whether or not this obligation and the related effort make the jobs of male and female sales professionals unequal for purposes of the EPA is a question of fact for the jury to decide, and not to be determined on this motion to exclude.

## ARGUMENT

**A.    The Record Shows That Varvatos Is Entitled To Use The Male Sales Professionals' Obligation To Try On Clothes For Customers And At Product-Meetings As A Means to Differentiate The Jobs Of Male & Female Sales Professionals.**

Plaintiffs' assertion that Varvatos has "no evidence that all male sales professionals try on clothes," and therefore should be precluded from offering evidence of this additional job responsibility, misconstrues both the law and the facts

First, regardless of whether each and every male sales professional at Varvatos, during the relevant time period, has in fact tried on clothes for customers or at product-knowledge meetings is not the point for this jury trial. The point here is, because Varvatos designs and

markets clothes for men, it requires that each male sales professional, as part of his job, try on clothes for customers or at product knowledge meetings if called upon to do so. Varvatos has made it a job requirement for male sales professionals. On the other hand, female sales professionals are not required to try on clothes, and Varvatos has not made it a job requirement for them. Furthermore, contrary to Plaintiffs' contention (*see* Plaintiffs' Mem. of Law (Doc. No. 253) at 4), whether or not the requirement for male sales professionals to try on clothes is included in a job description or other formal documentation is not determinative of whether it can be used for the purpose of job comparison under the EPA. As the regulations implementing the EPA make clear, application of the equal pay standard is not dependent on the formalities of job descriptions. *See* 29 C.F.R. § 1620.13(e) (2019) ("Application of the equal pay standard is not dependent on job classifications or titles but depends rather on actual job requirements and performance."); *E.E.O.C. v. Port Auth. of New York & New Jersey*, 768 F.3d 247, 255 (2d Cir. 2014) ("In *Tomka v. Seiler Corporation,* we stated that 'job content and not job title or description' is the central concern of an EPA claim.'") (quoting *Tomka v. Seiler Corporation*, 66 F.3d 1295, 1310 (2d Cir. 1995); *Chepak v. Metro. Hosp.*, 555 F. App'x 74, 77 (2d Cir. 2014) ("[I]t is clear that the job content and not job title or description is the standard for determining whether there was a violation of the anti-discrimination laws.").

Second, Plaintiffs' suggestion that trying on clothes is not a part of the job of a male sales professional is disingenuous, at the least, in light of the testimony of at least one Opt-In Plaintiff that trying on clothes is in fact "really their [the male sales professionals] job" and not part of the job of a female sales professional because there is nothing for female sales professionals to try on. In particular, Opt-in Plaintiff Cheryl Somekh-Crouchen testified during her deposition as follows:

> Q. I'm sorry. Do you mean that male sales professionals are constantly trying things on?
>
> A. Constantly is excessive.
>
> Q. Could you explain please what you mean?
>
> A. **It means that it's really their job** if, when we get new clothes in, to see a jacket and somebody will try it on to see how it fits, then somebody else might try it on or -- that's how you know how the stuff fits or if it's comfortable or how it looks.
>
> **Q. So male sales associates try on clothing when it comes in, new clothing when it comes in, but female sales associates do not do that, correct?**
>
> **A. Correct, there's nothing to try on.**

(Hassan Decl., Ex. 1 (8/25/2017 C. Crouchen Dep. Tr. at 59:8-24) (emphasis added).)

      Third, although Varvatos does not have the burden to show that each and every male sales professional during the relevant time period has in fact tried on clothes for a customer or at a product-meeting, Plaintiffs have not pointed to any evidence that negates this. Indeed, Plaintiffs' contention that they "have provided evidence that not all male sales professionals try on clothing," is false. It mischaracterizes the record that Plaintiffs purport to rely on (*see* Plaintiffs' Mem. of Law at 4). In particular, Plaintiffs rely on nine declarations for the assertion that they "have provided evidence that not all male sales professionals try on clothing." (*See id*.) However, the cited material does not support Plaintiffs' assertion. For example, the cited paragraphs in the nine declarations address only whether the declaring-Plaintiffs are aware of male sales professionals having tried on clothes at product-meetings, and say nothing regarding whether the declaring-Plaintiffs are aware of male sales professionals trying on clothes on the

3

sales floor.[1]  This is not evidence that "not all male sales professionals try on clothing."  Some of the cited statements in fact contradict Plaintiffs' assertion that "not all male sales professionals try on clothing."  For example, Plaintiff Jena Tobak stated in her declaration that:  "At these meetings, the male sales professionals would try on several outfits and ask for styling advice."[2]  Similarly, other paragraphs in at least some of these declarations also note that the declaring-plaintiffs have asked male colleagues to try on clothes on the sales floor.[3]  None of this is evidence that "not all male sales professionals try on clothing."  Finally, the declaration of Class Representative Tessa Knox states that:  "During the time that I worked at JV, we held storewide meetings when the new season of clothing would come in.  I do not recall any meeting where any of the male employees tried on JV clothing."[4]  However, this fails to take into account that during the time Class Representative Knox worked for Varvatos (in the East Hampton store), no other sales professional worked with her – either male or female.  Thus, Class Representative Know cannot speak to whether all males sales professionals try on clothes for customers or at product-meetings.[5]

Plaintiffs' argument that the obligation to try on clothes cannot be used to differentiate the jobs of male and female sales professionals because some female sales professionals also try

---

1. *See* Doc. Nos. 195 ¶ 10; 196 ¶ 7; 197 ¶ 7; 198 ¶ 7; 199 ¶ 8; 200 ¶ 8; 201 ¶ 7; 202 ¶ 10; 203 ¶ 7.

2. *See* Doc. No. 203 ¶ 7; *see also* Doc. Nos. 197 ¶ 7; 199 ¶ 8; 200 ¶ 8.

3. *See, e.g.*, Doc. No. 203 ¶ 5 (Plaintiff Jena Tobak stating:  "Over the approximately 11 months that I worked for JV, I estimate that I asked a male sales professional to try on JV clothing for a customer about once or twice a month.").

4. *See* Doc. No. 196 ¶ 7.

5. *See id.* ¶ 4.

on clothes at the request of customers (Plaintiffs' Mem. of Law at 5) again misconstrues the law. As set forth above, the relevant inquiry is whether female sales professionals, as part of their jobs, are required to try on clothes for customers. The answer is that they are not.[6]

Finally, whether the obligation to try on clothes might be used to differentiate the jobs of male and female sales professionals is a question of fact to be determined by the jury, not on a motion to preclude.

### B. Plaintiffs' Motion Raises An Issue Regarding the Commonality & Typicality Of the Claims of The Class.

Plaintiffs' Motion raises an issue regarding the continued commonality of the questions of law and fact applicable to the Class and to the typicality of the claims of Class members. (*See* FED. R. CIV. P. 23(a).) *Presumably*, under Plaintiffs' argument – with which Varvatos disagrees – Class members who have tried on clothes for customers or Class members who work with male comparators, whom Plaintiffs can prove have never tried on any clothes for customers or at product-meetings, would have different claims under the EPA than other Class members. And Varavtos, *presumably*, would have different defenses against these different groups of Plaintiffs. The Class, therefore, would have neither commonality nor typicality. Plaintiffs, however, are continuing with this lawsuit as a Class action. Plaintiffs ought not to be able to take advantage of the vehicle of a class action, which requires commonality and typicality, while at the same time

---

6.  Plaintiffs cite, for example, *Brennan v. Prince William Hosp. Corp.* for the proposition that "Higher pay is not related to extra duties when one or more of the following circumstances exists: Some male employees receive higher pay without doing the extra work; Female employees also perform extra duties of equal skill, effort, and responsibility." 503 F.2d 282, 286 (4th Cir. 1974) (omitting citations). As discussed above, the foregoing does not apply here because the duty to try on clothes for customers or at product-meetings applies to all male sales professionals and not to any female sales professionals.

try to use facts specific to only some of the class members to restrict the evidence Varvatos can present at trial.

## CONCLUSION

For the foregoing reasons, Varvatos respectfully requests that the Court deny Plaintiffs' *motion in limine* to preclude Varvatos from offering evidence regarding the obligation of male sales professionals to try on clothes for customers or at store meetings.

Dated:   New York, New York
         May 2, 2019

          Respectfully submitted,

          HUGHES HUBBARD & REED LLP

          By: /s/ Ned H. Bassen_____

          Ned H. Bassen
          Amina Hassan
          HUGHES HUBBARD & REED LLP
          One Battery Park Plaza
          New York, New York 10004-1482
          Telephone: (212) 837-6000
          Facsimile: (212) 422-4726
          ned.bassen@hugheshubbard.com
          amina.hassan@hugheshubbard.com

          *Attorneys for Defendant John Varvatos Enterprises, Inc.*