**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| TESSA KNOX,<br><br>                    Plaintiff,<br><br>          v.<br><br>JOHN VARVATOS ENTERPRISES, INC.<br><br>                    Defendant. | No. 17-CV-00772 (GWG) |

**MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT JOHN VARVATOS ENTERPRISES, INC.'S MOTION *IN LIMINE* TO PRECLUDE THE ADMISSION INTO EVIDENCE OF THE PLAYBOY BUNNY TEE SHIRT VIDEO, PLAINTIFFS' PROPOSED TRIAL EXHIBIT 36**

Ned H. Bassen
Amina Hassan
HUGHES HUBBARD & REED LLP
One Battery Park Plaza
New York, New York 10004-1482
Telephone:  (212) 837-6000
Facsimile:  (212) 422-4726
ned.bassen@hugheshubbard.com
amina.hassan@hugheshubbard.com

*Attorneys for Defendant John Varvatos
Enterprises, Inc.*

# TABLE OF CONTENTS

**Page**

BACKGROUND ..................................................................................................................1

ARGUMENT: THE COURT SHOULD EXCLUDE THE PLAYBOY
VIDEO FROM EVIDENCE...............................................................................................2

CONCLUSION..................................................................................................................7

94170780_1

## <u>TABLE OF AUTHORITIES</u>

**Page(s)**

**Cases**

*Agence France Presse v. Morel*, 293 F.R.D. 682 (S.D.N.Y. 2013)...................................................2

*Disney Enterprises, Inc. v. Sarelli*, 322 F. Supp. 3d 413 (S.D.N.Y. 2018),
    *reconsideration denied*, No. 16 CIV. 2340 (GBD), 2018 WL 5019745
    (S.D.N.Y. Sept. 26, 2018)...................................................................................................4

*United States v. Gasperini*, 894 F.3d 482 (2d Cir. 2018) .............................................................4

**Statutes and Rules**

Fed. R. Civ. P. 37.............................................................................................................................2

Fed. R. Evid. 403..............................................................................................................................5

Pursuant to this Court's March 26, 2019 Pretrial Order (ECF No. 244) and May 9, 2019 Order permitting this motion to preclude (ECF No. 272), Defendant John Varvatos Enterprises, Inc. ("Varvatos") submits this memorandum of law in support of its motion *in limine* requesting that the Court exclude from evidence Plaintiffs' Proposed Trial Exhibit 36, a video splicing together an interview of John Varvatos with clips of a woman wearing a Playboy bunny tee shirt ("the Playboy video").

## BACKGROUND

On May 7, 2019, following the filing of the Parties' April 25, 2019 joint proposed pre-trial order and related submissions, including motions *in limine*, Plaintiffs filed with this Court and provided to Varvatos for the first time a disc containing Plaintiffs' Proposed Trial Exhibit 36, which Plaintiffs labeled "the 'YouTube video of Playboy T-shirt" (the "Playboy Video"). (Bassen Decl. ¶ 2 & Ex. A.) Plaintiffs never produced the Playboy Video in discovery, despite having been served a discovery request from Varvatos dated June 21, 2017 for "[a]ll documents you may use at trial or in support of any dispositive motion." (*See id.* ¶ 3 & Ex. B.) Prior to providing the Playboy video for the first time on May 7, 2019, Plaintiffs had included only what appear to be screenshots from the Playboy video along with their summary judgment briefing filed with the Court in June 2018. (ECF No. 206-1.)[1] YouTube does not currently appear to contain the Playboy video. (Hassan Decl. ¶ 2 & Ex. A.)

On April 25, 2019, in conjunction with Varvatos' pretrial submissions, and based on the screenshots that Plaintiffs included in their summary judgment papers, Varvatos moved to

---

1. Plaintiffs also included a different or smaller set of screenshots from what had been included in the summary judgment filing in the courtesy copy of the trial exhibits that Plaintiffs provided to Varvatos' counsel pursuant to the Court's Pre-trial Order (ECF 244). Presumably, Plaintiffs have provided an identical courtesy copy to the Court.

exclude at trial all evidence related to the video from which the screenshots appeared to have been taken.  (*See* ECF Nos. 260, 261 at 3-4.)  Having now received the Playboy video itself for the first time, the grounds for precluding it and any evidence related to it from trial are even more evident.  Varvatos reiterates its objections to admission into evidence of the screenshots and all evidence related to the same and additionally objects to admission into evidence of the Playboy video and all evidence related to it on the grounds that (1) Plaintiffs never produced the Playboy video in discovery as requested; (2) the Playboy video is not relevant because it is clear that neither John Varvatos nor Defendant Varvatos endorsed a woman wearing a Varvatos tee shirt; (3) the Playboy video and the apparent screenshots of that video are unauthenticated and inadmissible evidence; and (4) the Playboy video is highly prejudicial.

## ARGUMENT: THE COURT SHOULD EXCLUDE THE PLAYBOY VIDEO FROM EVIDENCE

The Court should exclude from evidence the Playboy video and any related evidence for the following reasons:

<u>First</u>, Plaintiffs failed to produce the Playboy video until after the parties' April 25, 2019 pretrial submissions.  Federal Rule of Civil Procedure 37 provides that a party may not rely on evidence at trial if that party failed to disclose that evidence during discovery, or supplement its response upon becoming aware of such evidence.  *See* FED. R. CIV. P. 37(c). Plaintiffs never produced the Playboy video in discovery, or at any time prior to May 7, 2019 (following the deadline for pre-trial submissions), despite having been served with a discovery request from Varvatos dated June 21, 2017 for "[a]ll documents you may use at trial or in support of any dispositive motion."  (*See* Bassen Decl. ¶ 3 & Ex. B.)

In considering whether to exclude evidence when a party has belatedly disclosed it, "courts refer to a nonexclusive list of four factors: (1) the party's explanation for

its failure to disclose, (2) the importance of the evidence, (3) the prejudice suffered by the opposing party, and (4) the possibility of a continuance." *Agence France Presse v. Morel*, 293 F.R.D. 682, 685 (S.D.N.Y. 2013). Here, these four factors favor exclusion. Plaintiffs provided no explanation for their failure to disclose. (*See* Bassen Decl., Ex. A.). The proposed evidence is important because, as it is being used by Plaintiffs, it relates directly to a central defense that Varvatos is a menswear company. Varvatos would be prejudiced because it was not able to take any discovery regarding the Playboy video. Finally, a continuance is not feasible because it would require re-deposing multiple witnesses, and taking third party discovery from YouTube and Playboy (or whomever created and posted the Playboy video).

Second, the Playboy video is not relevant. In their opposition to Varvatos' motion in *limine* regarding the screenshots, Plaintiffs have argued that the video "rebuts Varvatos's contention that women cannot wear Varvatos clothing and that Varvatos does not intend that women will wear its clothing." (ECF No. 269 at 6.) Contrary to Plaintiffs' contention, Varvatos has never contended that women "cannot" wear Varvatos clothing. Varvatos' point is that it designs and markets clothes for men. That does not mean that women cannot wear Varvatos clothing if they so choose. Nowhere in their Complaint have Plaintiffs challenged Varvatos' right to design for and market clothes to one gender rather than another. (*See* Second Amended Comp., ECF No. 69.) Thus the fact that the woman in the Playboy video is wearing a Playboy bunny tee shirt designed by Varvatos is not relevant to whether Varvatos is a company that designs or markets clothes for men, nor is it relevant to Plaintiffs' claims or Varvatos' defense in this case. The Playboy video is particularly not relevant, where, as here, Plaintiffs have made no showing, other than unsupported argument by their counsel, that Varvatos or John Varvatos himself was "hawking" the tee shirt or endorsing that women should buy or wear it. Indeed, the Playboy video itself shows no such thing. Instead, in the interview segment of the video, John Varvatos speaks only about men wearing or

asking about the tee shirt.  (*See* Plaintiffs' Proposed Ex. 36 at 0:20 (John Varvatos saying:  "I wore it

to a concert a few weeks ago and [inaudible] all the guys in the band asked me where they could get

one.").)  Further, nothing that John Varvatos says in the Playboy video (which as described below

appears to have been spliced together with video clips of a woman wearing a Playboy bunny tee

shirt) has anything to do with Varvatos marketing the tee shirt or its clothing to women.  As John

Varvatos says in his segment of the Playboy video:

> The Playboy Bunny is just one of those iconic images. It's
> edgy, sophisticated, rebellious, but it's also accessible. It's an
> incredible hallmark. There's not a lot of things like that; that
> you could put on and people would immediately ask about it. I
> wore it to a concert a few weeks ago and [inaudible] all the
> guys in the band asked me where they could get one. It's just
> one of those things, you know. Everybody commented it.

(Plaintiffs' Proposed Ex. 36 (transcribed).)  As John Varvatos has stated in his original and

supplemental declarations, Varvatos designed the Playboy tee shirt for men and marketed it to men.

(*See* Apr. 24, 2019 Varvatos Decl. (ECF 262) ¶ 4; May 15, 2019 Varvatos Decl. ¶ 6.)  Like Varvatos,

Playboy markets to men.  (*See* May 15, 2019 Varvatos Decl. ¶ 6.)

Accordingly, the Playboy video is not relevant and should be precluded from evidence.

<u>Third</u>, this Court should exclude the Playboy video from evidence because

Plaintiffs have failed to and cannot authenticate it.  There is nothing in the record that establishes

where the Playboy video came from, who produced it, or when and under what circumstances,

including why and how what appear to be two separate videos (one of an interview of John

Varvatos indoors and the other of a woman wearing a Playboy bunny tee shirt outdoors) were

combined into one.  Especially in the case of the Playboy video here that appears to have been

created by splicing or combining together two different videos, authentication is critical, and

Plaintiffs have not met this burden.  Indeed, the "YouTube" Playboy video that Plaintiffs are

trying to admit into evidence is not even accessible by Varvatos' counsel on YouTube (*see*

Hassan Decl. ¶ 2).  *See Disney Enterprises, Inc. v. Sarelli*, 322 F. Supp. 3d 413, 443 (S.D.N.Y. 2018), *reconsideration denied*, No. 16 CIV. 2340 (GBD), 2018 WL 5019745 (S.D.N.Y. Sept. 26, 2018) (screenshots and video submitted on an attorney declaration were not properly authenticated as admissible evidence on a summary judgment motion); *United States v. Gasperini*, 894 F.3d 482, 489–90 (2d Cir. 2018) (archived screenshots from an internet website were admissible where the proponent presented testimony from the office manager of the website, "who explained how the Archive captures and preserves evidence of the contents of the internet at a given time....[,] compared the screenshots sought to be admitted with true and accurate copies of the same websites maintained in the Internet Archive, and testified that the screenshots were authentic and accurate copies of the Archive's records").  Plaintiffs have not presented any witnesses from YouTube or from the creator of the Playboy video to even try to authenticate the Playboy video.  Moreover, the contents of the Playboy Video (or the related screenshots) are inadmissible hearsay, and should be precluded for that additional reason.

Fourth, as discussed in connection with Varvatos' first motion *in limine* (ECF No. 261 at 3-4), even if the Playboy video were considered relevant, admitting the Playboy video into evidence would be highly prejudicial to Varvatos because it misleadingly suggests that Varvatos endorses women wearing Varvatos clothing, even though Varvatos had no role in creating this misimpression or the production or publication of the Playboy Video.  *See* FED. R. EVID. 403 ("The court may exclude relevant evidence if its probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury …").

As discussed *supra,* viewing and listening to the contents of the Playboy video itself, makes even more evident that neither Varvatos nor John Varvatos himself endorsed the

wearing of a Varvatos tee shirt by the women in the Playboy video.  (*See supra* at p. 4
(transcription of John Varvatos' comments on the video).)  John Varvatos also has sworn to two
declarations that neither he, nor Varvatos, produced the Playboy video or asked whomever
created this video to splice/combine together his interview with the woman wearing a Playboy
tee shirt.  (*See* Apr. 24, 2019 Varvatos Decl. (ECF No. 262) ¶¶ 4-5; May 15, 2019 Varvatos Decl. ¶
4.)  The Playboy video is comprised of two separate videos—a video of an interview of John
Varvatos indoors, and a video of a woman wearing a Playboy tee shirt outdoors (*See* Plaintiffs'
Proposed Ex. 36; May 15, 2019 Varvatos Decl. ¶ 4.)  These separate video segments have been
spliced or combined together such that the woman wearing the Playboy tee shirt appears
interspersed throughout the interview with John Varvatos, while the audio from the interview
continues over the visual of the woman.  Yet John Varvatos, during his interview, discusses only
men (including himself) wearing Varvatos clothing, and in no way suggests that Varvatos
designs or markets clothes for women, or that Varvatos or John Varvatos endorses women
wearing Varvatos clothes.  (*See supra* at p. 4 (transcription of John Varvatos' comments on the
video).)  Because the Playboy video misleadingly suggests that Varvatos had something to do
with the creation of this video and that Varvatos designs or markets clothes for women, even
though Varvatos played no role in the production or publication of the video (*see* May 15, 2019
Varvatos Decl. ¶ 4), the Court should exclude the Playboy Video from evidence at trial as
prejudicial.

Finally, in their opposition to Varvatos' initial motion *in limine* regarding the
Playboy tee shirt, Plaintiffs also have argued that regardless of whether Plaintiffs are permitted to
admit the Playboy Video into evidence, they should be allowed to "use it to impeach or rebut the
testimony of any Varvatos employee or former employee who testifies that female Varvatos

employees wearing Varvatos clothing would confuse or discourage men from purchasing

Varvatos clothing, or that Varvatos does not promote the fact that women can easily wear some

of the clothing Varvatos sells."  (ECF No. 269 at 7.)  For all of the reasons described above,

Plaintiffs should not be permitted to use the Playboy video or any related evidence in any way

during the trial.  Not only is it incorrect and unsupported by the contents of the Playboy video or

any other evidence presented by Plaintiffs that Varvatos "promote[s] the fact that women can

easily wear some of the clothing Varvatos sells," Varvatos should not be forced to defend against

such unsupported arguments.

## CONCLUSION

For the foregoing reasons, the Court should exclude at trial Plaintiffs' Proposed

Trial Exhibit 36 and all evidence related to it.

Dated:    New York, New York
          May 16, 2019

                                        Respectfully submitted,

                                        HUGHES HUBBARD & REED LLP

                                        By: /s/ Ned H. Bassen                     

                                        Ned H. Bassen
                                        Amina Hassan
                                        HUGHES HUBBARD & REED LLP
                                        One Battery Park Plaza
                                        New York, New York 10004-1482
                                        Telephone:  (212) 837-6000
                                        Facsimile:  (212) 422-4726
                                        ned.bassen@hugheshubbard.com
                                        amina.hassan@hugheshubbard.com

                                        *Attorneys for Defendant John Varvatos
                                        Enterprises, Inc.*