

Hughes Hubbard & Reed LLP
One Battery Park Plaza
New York, New York 10004-1482
Telephone: +1 (212) 837-6000
Fax: +1 (212) 422-4726
hugheshubbard.com

October 15, 2019

**VIA ECF & BY HAND**

Hon. Gabriel W. Gorenstein
United States Magistrate Judge
Daniel Patrick Moynihan
United States Courthouse
500 Pearl Street
New York, New York 10007

      Re:    *Knox v. John Varvatos Enterprises, Inc.*,
               Civil Action No. 1:17-cv-00772 (GWG) (S.D.N.Y.)

Dear Judge Gorenstein:

      Hughes Hubbard & Reed LLP represents Defendant John Varvatos Enterprises, Inc. ("Varvatos") in the above-referenced action. We are writing to the Court in response to the October 14, 2019 letter filed by class counsel (Dkt. No. 300), in which class counsel has asked the Court for a conference in anticipation of a motion for an order modifying the Court's October 10, 2019 order (Dkt. 297) regarding class counsel's email sent to Ms. Cheryl Somekh-Crouchen, dated Wednesday October 2, 2019 (the "October 2 email").

      We disagree with class counsel's characterization in the October 14 letter that the contents of the October 2 email communication are innocuous. To the contrary, in response to class counsel protesting that we did not say why testimony from the witness/class member at issue would be relevant, we specifically wrote to the Court by letter dated October 7, 2019 that, *inter alia*, what the witness/class member said "raises the issue of whether class counsel has violated 18 U.S.C. Section 1512 (Tampering with a witness, victim or informant)." 18 U.S.C. § 1512 is a criminal statute. We submit that there may be an issue as to whether class counsel's October 2 email communication was in furtherance of a crime under 18 U.S.C. § 1512, which would lead to the crime/fraud exception to privilege. "It is well-established that communications that otherwise would be protected by the attorney-client privilege or the attorney work product privilege are not protected if they relate to client communications in furtherance of contemplated or ongoing criminal or fraudulent conduct." *In re Grand Jury Subpoena Duces Tecum Dated Sept. 15, 1983*, 731 F.2d 1032, 1038 (2d Cir. 1984). If the October 2 email communication to a witness cannot be used outside this litigation, there would be no opportunity for such an issue to be raised should that be appropriate. Accordingly, Varvatos believes it needs to reserve the right to challenge the purported privilege or work product protection of the October 2 email should

95184906

2

such a challenge be appropriate, and respectfully requests that any modification to the Court's October 10, 2019 Order (Dkt. 297) reflect and preserve such reservation.

Respectfully submitted,

*/s/ Ned H. Bassen*

Ned H. Bassen

cc:  William Dunnegan & Richard Weiss, Class Counsel (Via ECF)

95184906