Hon. Gabriel W. Gorenstein
October 14, 2019
Page 3

      While we understand that the contents of the October 2, 2019, e-mail are innocuous, we believe that the communication contained in it is privileged and the privilege is not ours, as lawyers, to waive.

                                       Respectfully yours,

                                       *William Dunnegan*

                                       William Dunnegan

Cc:    Ned H. Bassen, Esq. (By ECF)

---

The attorney-client privilege is designed to protect statements from a client to an attorney. It protects communications from the attorney to the client only to the extent that communications reveal statements by the client. See, e.g., Corona v. Hotel and Allied Services Union Loc. 758, 2005 WL 2086326, at *7 (S.D.N.Y. Aug. 30, 2005) ("An attorney's communications to the client are not privileged unless they reveal the substance of the client's communications to the attorney for the purpose of obtaining legal advice."); Softview Computer Products Corp. v. Haworth, Inc., 2000 WL 943415, *2 (S.D.N.Y. 2000) ("[E]ven if the content of the letter [from the attorney] can be considered legal advice, it is not legal advice that reflects a client confidence, and, therefore, is not privileged."). Because the email at issue does not reveal any communication from the client to the attorney, it is not privileged. That being said, the Court directs that this document shall be used only for purposes of this litigation.

**MEMO ENDORSED**

SO ORDERED: DATE 10/14/2019

GABRIEL W. GORENSTEIN
UNITED STATES MAGISTRATE JUDGE

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 10/15/19