

DтF

**Hughes Hubbard & Reed**

Hughes Hubbard & Reed LLP
One Battery Park Plaza
New York, New York 10004-1482
Office:+1 (212) 837-6000
Fax: +1 (212) 422-4726
hugheshubbard.com

Ned H. Bassen
Partner
Direct Dial: +1 (212) 837-6090
Direct Fax: +1 (212) 299-6090
ned.bassen@hugheshubbard.com

October 22, 2019

***BY HAND***

Hon. Gabriel W. Gorenstein
United States Magistrate Judge
Daniel Patrick Moynihan
United States Courthouse
500 Pearl Street
New York, New York 10007

Re: *Knox v. John Varvatos Enterprises, Inc.*, Civil Action No. 1:17-cv-00772 (GWG) (S.D.N.Y.)

Dear Judge Gorenstein:

We represent Defendant John Varvatos Enterprises, Inc. ("Varvatos") in the above-referenced action. We are writing pursuant to Your Honor's Individual Rules of Practice, Rule 2.A, to request a pre-motion conference in anticipation of, or in the alternative, for permission to file, a motion to compel the production by class/collective action counsel ("Class Counsel") of all written communications from Class Counsel to any person on either party's witness list since the submission of the witness lists to the Court, excluding any communication from a client to an attorney and excluding the October 2, 2019 email to Ms. Cheryl Somekh-Crouchen.[1]

**A. Background**

**1. Witness Somekh-Crouchen's Deposition Testimony**

On August 25, 2017, prior to class certification in this case, Class Counsel deposed Ms. Somekh-Crouchen. At the time, Ms. Somekh-Crouchen was an employee of Defendant Varvatos. We represented Ms. Somekh-Crouchen in her capacity as an employee of Varvatos. In response to examination by Class Counsel, Ms. Somekh-Crouchen testified, *inter alia,* as follows:

1. Varvatos believes that it is providing herein the relevant information to support an order from the Court directing Class Counsel to produce the requested documents, and additional briefing is not necessary. However, if the Court considers that any relevant point has not been addressed or briefing is otherwise required, Varvatos requests the opportunity to formally brief the motion to compel.

> Q. Do you think it's fair that John Varvatos doesn't give you clothing allowance?
>
> A. Do I think it's fair? I could tell you a lot of things I think are unfair in my life, that's not one of them. I think that I'm a woman working in a men's store. **I think it only makes sense that the men have to wear the clothes, just like when I was at Michael Kors, I had to wear the women's clothes.**
>
> Q. Have you ever complained about not getting a clothing allowance?
>
> A. You mean as often as I complain about not having a raise? I always -- I don't complain about it, I joke about it. When the guys are getting theirs, they'll be like, "oh, what are we getting? What are we getting?" We all joke about it. Do I think it's unfair? Honestly, I really don't.
>
> **Q. Have you ever asked a manager why you don't get a clothing allowance?**
>
> **A. I don't know that I've asked why. I think it's obvious why, we don't sell women's clothes.**

(Aug. 25, 2017 Crouchen Tr. at 44:3-23 (emphasis added).)

### 2. Recent Events Leading Up to the Instant Request

On April 25, 2019, the parties filed a (proposed) Joint Pretrial Order, identifying their respective trial witnesses. (Dkt. 254.) Plaintiffs and Varvatos both identified Ms. Somekh-Crouchen, a class member, as a witness they expect to call at trial. (*Id.* at 9 & 11.)

On October 4, 2019, defense counsel informed the Court by letter that the Managing Attorney of Hughes Hubbard (defense counsel's law firm), had received a telephone call from an individual, who identified herself as Cheryl Somekh-Crouchen. Defense counsel explained in the October 4 letter that Ms. Somekh-Crouchen told Mr. Packman, *inter alia*, that she had received a telephone call from an attorney, who told her that she was a member of a class action against Varvatos and that she was going to be called as a witness in that case; that she did not believe she was or should be a member of the class; that the attorney told her that they would like to prepare her for her testimony at trial and that she stands to gain $250,000; and that this was "so dirty of them to try this;" and that they were "out of their minds" if they think she is going to lie or change what she said last time (at her deposition prior to class certification). (Dkt. No. 295.) In an October 7, 2019 letter to the Court, Class Counsel informed the Court that, "there was no 'telephone call' from anyone at our firm. My firm sent an e-mail to Ms. Somekh-Crouchen on October 2, 2019, at 11:34 a.m." (Dkt. No. 294.)

Following a telephonic conference on this matter, the Court issued an order on October 10, 2019, directing Class Counsel to produce the October 2, 2019 email to defense counsel. (Dkt. No. 297.) Also on October 10, the Court issued a further Order, scheduling a conference "to discuss Ms. Cheryl Somekh-Crouchen's status as a class member (and the contact she had with defendant's counsel)." (Dkt. No. 299.) The conference is currently scheduled for November 14, 2019. (Dkt. No. 304.)

On October 10, Class Counsel produced to defense counsel the October 2, 2019 email from Class Counsel to Ms. Somekh-Crouchen (the "October 2 email"). The email states:

> Hi Cheryl,
>
> I'm an attorney for the class action plaintiffs in Knox v. Varvatos. You may remember me sitting in at your deposition at our offices at the Empire State Building on August 25, 2017
>
> I'm writing because Varvatos has designated you as a witness they intend to call for the upcoming trial. You are a member of the class, and the potential value of your claim against Varvatos approximates $250,000. Because I represent the class, I wanted to know if you would like to speak to me to help prepare you for the trial.

Following letter submissions by counsel for the parties, On October 15, 2019, the Court issued an Order on October 15, 2019, ruling that the October 2 email is not subject to attorney-client privilege, and limiting use of the October 2 email to this litigation. (Dkt. No. 302.)

On October 16, 2019, defense counsel emailed Class Counsel, asking whether Class Counsel will voluntarily produce all written communications from Class Counsel to any person on either party's witness list since the submission of the witness lists to the Court, excluding any communication from a client to an attorney and excluding the October 2, 2019 email to Ms. Somekh-Crouchen (the "Requested Documents"). Defense counsel asked for a meet-and-confer to discuss the request and informed Class Counsel of the intent to request the Court for a pre-motion conference in connection with a motion seeking production of the Requested Documents, if the parties could not reach an agreement. Class Counsel responded by email, asking for the "legal authority that you are relying upon for the relief you propose to request."

On October 18, 2019, defense counsel sent a letter to Class Counsel with legal authority for production of the Requested Documents, including, *inter alia*, the Court's October 10 and 15, 2019 Orders regarding the October 2 email; defense counsel's concern that the October 2 email raises concerns of witness tampering under 18 U.S.C. § 1512; that such conduct could result in sanctions, including disqualification of class counsel; and that the Requested Documents are likely to be similar to the October 2 email. Defense counsel also informed Class Counsel, in the same letter, that Varvatos would use the Requested Documents for this litigation only.

Later the same day on October 18, counsel for the parties met and conferred by phone. I participated in the meet-and-confer for Varvatos and Mr. William Dunnegan participated for

plaintiffs. Mr. Dunnegan stated that Class Counsel will not produce the Requested Documents that defense counsel's request for the documents is "as baseless as it gets," and that if Defendant Varvatos asks the Court to compel the production of the Requested Documents, Class Counsel may seek sanctions for doing so even though Mr. Dunnegan stated that it is not his practice to seek sanctions. Defense counsel responded that Class Counsel may be obstructing justice and that defense counsel plans to proceed with the Court, seeking production of the Requested Documents.

**B. Grounds for Seeking the Requested Documents**

Varvatos submits that the Court ought to order Class Counsel to produce the Requested Documents, for use only in this litigation, because: (1) the October 2 email raises concerns of witness tampering, and the Requested Documents are likely to be similar to the October 2 email; (2) the Court ordered the production of the October 2 email, and Varvatos' request for the additional documents is narrowly tailored to seek only the same type of documents; and (3) other New York courts have permitted discovery as to the existence and extent of a party's or counsel's improper conduct.

Class Counsel's October 2 email to class member and trial witness, Ms. Somekh-Crouchen, raises concerns of witness tampering, as discussed below.

First, the October 2 email incorrectly informs the witness that, "Varvatos has designated you as a witness they intend to call for the upcoming trial." In fact, Class Counsel also designated Ms. Somekh-Crouchen as a trial witness in the parties' Joint Pretrial Order. Thus, Varvatos submits that Class Counsel's October 2 email misrepresents the facts to the witness and prejudices Varvatos by suggesting to the witness that Varvatos alone is responsible for inconveniencing her by calling her to testify at trial.

Second, the October 2 email includes an improper inducement to a witness. Immediately before asking to help prepare her for the trial, Class Counsel informed Ms. Somekh-Crouchen in the October 2 email that the potential value of her claim in this case is approximately $250,000. Varvatos submits that this was misconduct by Class Counsel, constituting witness tampering, including under 18 U.S.C. § 1512. *See, e.g., Riley v. City of New York*, No. 10-CV-2513 MKB, 2015 WL 541346, at *8 (E.D.N.Y. Feb. 10, 2015) ("[C]orrupt influence," *i.e.*, "'attempts to persuade . . . motivated by an improper purpose,'" constitutes witness tampering in violation of the federal witness tampering statute); *Harris v. SCA Restaurant Corp.*, No. 09-CV-2212 JFB ETB, 2014 WL 996249, at *4 (E.D.N.Y. Mar. 14, 2014) ("Even noncoercive efforts attempting to dissuade a witness from testifying is a federal crime."); *Ty Inc. v. Softbelly's Inc.*, 353 F.3d 528, 535 (7th Cir. 2003) (requiring new trial where, among other issues, it turned out that a witness had decided not to testify after the plaintiff called and told him that his testimony could be damaging to plaintiff and the plaintiff and witness had recently discussed the possibility of doing business together).

Class Counsel's conduct, as reflected in the October 2 email, is especially prejudicial to Varvatos, given Ms. Somekh-Crouchen's deposition testimony favorable to Varvatos' defense in this case, because it is an attempt to improperly influence a trial witness against Varvatos.[2]

Such conduct also is sanctionable, whether as a violation of the federal witness tampering statute or civilly under Rule 37 of the Federal Rules of Civil Procedure or the court's inherent power to sanction conduct that abuses the judicial process. *See, e.g.*, *Riley*, 2015 WL 541346, at *11 (exercising the court's inherent powers to impose monetary sanctions and permit an adverse inference jury instruction to address the prejudice caused by plaintiff's witness tampering); *Harris v. SCA Restaurant Corp.*, 2014 WL 996249, at *4 (imposing monetary sanctions for witness tampering); *Ramirez v. T&H Lemont, Inc.*, 845 F.3d 772 (7th Cir. 2016) (affirming dismissal of the case, with prejudice, for plaintiff's witness tampering); *Young v. Office of the U.S. Senate Sergeant at Arms*, 217 F.R.D. 61 (D.D.C. 2003) (dismissing the case where plaintiff attempted to influence two potential witnesses' testimony by coaching the witnesses).

In view of the foregoing, Varvatos submits that there ought to be discovery into the extent of Class Counsel's tampering or potential tampering, including with other trial witnesses. *See Marubeni Am. Corp. v. Tenneco Resins, Inc.*, No. 82 Civ. 7548 (RLC), 1984 WL 534 (S.D.N.Y. June 27, 1984) (granting discovery on whether plaintiff's counsel influenced testimony or improperly obtained evidence); *Riley*, 2015 WL 541346, at *2 (noting that the magistrate judge had reopened discovery to permit discovery into allegations of witness tampering).

**C. Varvatos' Request is Narrowly Tailored and Timely**

In its October 10, 2019 Order, the Court directed Class Counsel to produce the October 2 email. The Requested Documents are of the same type of document as the October 2 email. In fact, Varvatos has narrowly tailored its current request for documents to cover only similar documents, and also avoid any communications that could implicate the attorney-client privilege (*i.e.*, all written communications from Class Counsel to any person on either party's witness list since the submission of the witness lists to the Court, excluding any communication from a client to an attorney). Consistent with the Court's October 15, 2019 Order, Varvatos has agreed to use the Requested Documents for the purposes of this litigation only.

Varvatos' request also is timely. Although formal discovery has closed in this matter, Varvatos' request for the documents described above is based on circumstances that have become known only recently. In particular, the October 2 email was produced to Varvatos only earlier this month, on October 10, 2019, and Varvatos has acted promptly to request the additional documents. *See Levi Strauss & Co. v. Golden Trade S.R.L.*, No. 92 CIV. 1667 (JMC), 1992 WL 188338, at *2 (S.D.N.Y. July 27, 1992) (reopening discovery for limited purposes where "[the moving party] learned of this information [which was the grounds for additional

2. Ms. Somekh-Crouchen recognized this herself when she told the Managing Attorney of defense counsel's law firm that this was "so dirty of them [*i.e.*, Class Counsel] to try this;" and that they were "out of their minds" if they think she is going to lie or change what she said last time, *i.e.*, at her deposition.

discovery] after the close of discovery, and . . . the delay was not attributable to inexcusable neglect by [the moving party]."); *see also Hines v. Trans World Airlines, Inc.*, No. 84 CIV. 9200 (JFK), 1987 WL 17641, at *4 (S.D.N.Y. Sept. 24, 1987) (reopening discovery to permit defendant to conduct discovery into new allegations made by the plaintiff after the close of discovery).[3]

*******

Accordingly, for the reasons set forth herein, Varvatos respectfully requests that the Court direct Class Counsel to produce the Requested Documents, or alternatively, afford Varvatos the opportunity to make a formal motion to compel the production of these documents.

Respectfully submitted,

Ned H. Bassen

cc: William Dunnegan & Richard Weiss
Class and Collective Action Counsel (By Hand)

3. Some courts in the Second Circuit have applied a six-factor balancing test to determine whether discovery after the close of formal discovery should be permitted. The six factors considered include: "1) whether trial is imminent, 2) whether the request is opposed, 3) whether the non-moving party would be prejudiced, 4) whether the moving party was diligent in obtaining discovery within the guidelines established by the court, 5) the foreseeability of the need for additional discovery in light of the time allowed for discovery by the district court, and 6) the likelihood that the discovery will lead to relevant evidence." *Jacobs v. N.Y.C. Dep't of Educ.*, 11-CV-5058 (MKB) (RML), 2015 WL 7568642, at *4 (E.D.N.Y. Nov. 24, 2019). Here, factors 1 and 4-6 strongly favor Varvatos. Trial is approximately 4 months away; Varvatos could neither have been more diligent about, nor could it have foreseen the need for, discovery of the Requested Documents since the need for this discovery has arisen only recently; however, since having learned of the October 2 email, Varvatos has been diligent in pursuing the Requested Documents, by first reaching out to opposing counsel within days of the production of the October 2 email and then making this instant request to the Court; and there is a high likelihood that the Requested Documents will lead to additional correspondence similar to the October 2 email, which, as discussed above, is relevant to the issue of witness tampering by Class Counsel.