UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

| | | |
|---|---|---|
| TESSA KNOX, | : | |
| Plaintiff, | : | |
| -against- | : | 17 Civ. 772 (GWG) |
| JOHN VARVATOS ENTERPRISES, INC., | : | ECF Case |
| Defendant. | : | |

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

## PLAINTIFFS' SUPPLEMENTAL REQUEST TO CHARGE

Pursuant to Rule 51 of the Federal Rules of Civil Procedure and the Individual Practices of the Court, plaintiff Tessa Knox ("Knox"), the 13 opt-in plaintiffs, Laurentina Chaparro, Hillary Crandle, Joy Fusaro, Alyssa Hickey, Margret Holcomb, Pamela Kassen, Michelle Ortiz, Tripti Pandey, Ruby Romero, Wijdan Shoubaki, Jena Tobak, Christina Torres, and Arissia Tossetti and the members of the class that the Court certified in an order entered February 21, 2018, request that the Court, in addition to its usual charges, instruct the Jury as set forth on the following page.

Dated: New York, New York
       February 14, 2020

                                        DUNNEGAN & SCILEPPI LLC

                                        By   s/William Dunnegan
                                           William Dunnegan (WD9316)
                                           wd@dunnegan.com
                                           Richard Weiss (RW4039)
                                           rw@dunnegan.com
                                        Attorneys for the Plaintiffs
                                        350 Fifth Avenue
                                        New York, New York 10118
                                        (212) 332-8300

Tessa Knox v. John Varvatos Enterprises, Inc.,
17 Civ. 772 (GWG)

Supplemental Request to Charge No. 32A

Taxation

In determining the amount of damages, you should not consider the amount of income taxes that the male sales professionals may pay as a result of the Clothing Allowance or the amount of income taxes that the female sales professionals may pay as a result of any award of damages in this case.[1]

---

[1] Grant v. Bethlehem Steel Corp., No. 76 CIV. 847, 1978 WL 6, at *2 (S.D.N.Y. June 29, 1978), aff'd, 622 F.2d 43 (2d Cir. 1980)("We do not, however, adopt defendant's suggestion that it be reduced by amounts owed for income and social security taxes. Since plaintiffs will have to pay such taxes on any recovery here, such a reduction would frustrate the purpose of making plaintiffs whole."); Thompson v. Comm'r, 866 F.2d 709, 712 (4th Cir. 1989)("Further, the purpose of the Equal Pay Act is to ensure equal pay for equal work regardless of the gender of the employee. The amount of the award is calculated based on the wage differential between similarly situated male and female employees without regard to tax consequences."); Crump v. United States Dep't of Navy, 205 F. Supp. 3d 730, 767 n. 32 (E.D. Va. 2016)("Thus, the Court will not reduce Plaintiff's back pay award for payment of applicable federal and state taxes, but will expect the parties to make the necessary withholdings and pay the necessary taxes from such award as required by law.")