**EXHIBIT A**

<u>Draft 3/27/20</u>

**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK**

TESSA KNOX

                    Plaintiff,

    v.                                                          Civil Action No. 1:17-cv-00772 (GWG)

JOHN VARVATOS ENTERPRISES, INC.
                    Defendant.

**NOTICE OF REQUEST FOR ATTORNEYS' FEES AND INCENTIVE AWARD**

To:    All members of the class in this action: females who were employed as sales associates
       by John Varvatos Enterprises, Inc. ("Varvatos") either:  (a) in the State of New York
       since February 1, 2011; or (b) in the United States since April 16, 2016 (the "Class").

**What Is This Notice?**

The purpose of this Notice is to inform you that Dunnegan & Scileppi LLC, the law firm that
represented the Class in this case ("Class Counsel") will be requesting from the Court a fee for
its services. The plaintiff who started this case and represented the class, Tessa Knox (the "Class
Representative"), will also be requesting from the Court a fee for her services.

**Why Did I Receive This Notice?**

You received this notice because you are a member of the Class. A notice was sent to you in
March 2018 informing you of the creation of the Class and the Court did not receive a request
from you to be excluded from the Class.

**What Is The Status Of The Class Action Case?**

From February 24, 2020 to March 2, 2020, a jury trial was held in this case. The Jury found that
Varvatos' male-only Clothing Allowance policy (the "Policy") unlawfully discriminated against
female sales associates under state and federal laws, determined the amount of damages that the
plaintiffs should receive for backpay, and determined that Varvatos' violation was "willful" and
that Varvatos should pay punitive damages.

On March 24, 2020, based on the Jury's verdicts, the Court applied the law and entered a
judgment, in favor of plaintiffs and against Varvatos for damages of **$3,516,051.23.**  Of the
$3,516,051.23, **$3,474,051.23** was recovered for the Class (the "Class Recovery").  (Three
plaintiffs were not members of the class.)

QUESTIONS?  VISIT WWW.VARVATOSCLASSACTION.COM

Of the Class Recovery, $2,627,009.56 compensates the plaintiffs for their backpay damage equal to the amount of the clothing "pull" that the men received, and in certain cases, doubled those backpay damages, which are called liquidated damages.  The rest of the $3,474,051.23, which is $847,041.67, represents punitive damages that the Jury found that Varvatos should pay.  Punitive damages are damages designed to punish Varvatos, not to compensate the Class.

Plaintiffs have not collected any amount from Varvatos.  No one can guaranty that Class Counsel will be able to collect all, or even any, amount of the judgment.

**Why Are Class Counsel Requesting Attorneys' Fees?**

Class Counsel are requesting attorneys' fees because they have not yet been paid for any of their services in bringing this case. Class Counsel worked on a contingency basis, which means that the plaintiffs in this case, including the Class, will not need to pay any money to Class Counsel unless the plaintiffs collect money from this lawsuit.  The Court must approve any amount of fees paid to Class Counsel.

**What Types Of Fees Are Class Counsel Requesting?**

Class Counsel are requesting two types of fees.

First, Class Counsel request to be paid for the hourly time of its professionals multiplied by an hourly rate for those professionals.  This amount can be called the "Lodestar."  The papers of Class Counsel in support of its motion will detail how Class Counsel calculated the Lodestar.

Second, Class Counsel seeks a share of the punitive damages that the class recovers from Varvatos.  This can be called a "Success Bonus."

**Who Will Be Responsible For Paying The Fees Of Class Counsel?**

If the Court approves any amount of Class Counsel's request for the Lodestar, Varvatos will be responsible for paying that amount.

If the Court approves any amount of Class Counsel's request for the Success Bonus, that amount will be paid to Class Counsel from the amount of money that Varvatos pays in punitive damages minus the amount of punitive damages that is allocated to those members of the class who opted-in to the collective action and therefore have a retainer agreement with Class Counsel. We have called that the Punitive Damages Fund.  The amount of the Punitive Damages Fund, if the entire amount of the judgment is collected, will be $612,041.67.

**How Much Money Will Class Counsel Request in Attorneys' Fees?**

Class Counsel will request $1,710,194.00 in the Lodestar, from Varvatos.  That amount represents Class Counsel's usual hourly rates, multiplied by the amount of hours Class Counsel worked on this case since January 2017.

QUESTIONS?  VISIT WWW.VARVATOSCLASSACTION.COM

Class counsel will also request no more than $250,000, but not less than $100,000, as a Success Bonus, from the Punitive Damages Fund.

The total will be no more than $1,960,194.00 in attorneys' fees.  The Class will pay no more than $250,000, and the Opt-In plaintiffs will not pay any of that amount.  Varvatos will pay the rest.

**Why Is The Class Representative Requesting An Amount of Money?**

To encourage plaintiffs to bring successful class actions which bring benefit to others, the law allows a successful class representative to request an additional amount of money to (a) serve as an incentive and reward for bringing the case, (b) compensate the class representative for the time and expense of representing the class, and (c) compensate the class representative for accepting the risks that the litigation may impose on the class representative. This amount can be referred to as an "Incentive Award."

**What Did The Class Representative Do?**

The Class Representative started this case and hired attorneys to bring the lawsuit.  (Those attorneys became Class Counsel.) She also agreed to represent the interests of the class in the litigation of this case.  During the litigation of this case, the Class Representative spent a significant amount of time representing the interests of the Class, and undertook a significant amount of risk, even though her own claim for damages was relatively small.

**How Much Money Is The Class Representative Requesting?**

The Class Representative is requesting an award of $300,000.

**Who Will Be Responsible For Paying The Incentive Award?**

If the Court approves any amount of the Class Representative's request for an Incentive Award, the Incentive Award will be paid from the Punitive Damages Fund.

**Where Can I Find Full Copies Of The Request For Attorneys' Fees and the Incentive Award?**

Full copies of the requests, including supporting documentation, will be posted to www.varvatosclassaction.com/attorneysfees.

**If I Have Questions Or Concerns About This Request, Who Can I Ask?**

You may contact Class Counsel at the following address:

Richard Weiss, Esq.
Dunnegan & Scileppi LLC
350 Fifth Avenue, 76th Floor
New York, New York 10118
Email: rw@dunnegan.com

4

QUESTIONS?  VISIT WWW.VARVATOSCLASSACTION.COM


Due to the ongoing coronavirus state of emergency, please e-mail your questions or concerns.

If you do not wish to speak to Class Counsel, you can also ask anyone you want, including another attorney.

**Can I Object To The Request For Attorneys' Fees And/Or The Incentive Award?**

Yes. Any class member can object to either or both of the requests.  You can give reasons why you think the Court should not approve them. The Court will consider your views, although the Court will make an independent decision in this matter.

To object, you have two options. If you wish to retain an attorney to make your objection, the attorney should file the objection on the Court's electronic case filing system ("ECF").

If you wish to make an objection without retaining an attorney, you should send an email to varvatosclass@gmail.com, which will be read by both Class Counsel and Varvatos. The attorneys for either the Class or Varvatos will then file your objection on ECF.

In either case, your objection should include all the reasons for your objection and any supporting documentation you want the Court to consider. Your objection must also include your name, address, telephone numbers, and email address.

**ALL OBJECTIONS MUST BE FILED OR EMAILED BY                        , 2020.**

Dated: New York, New York
     March_, 2020


BY ORDER OF THE
UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK