UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------------------X
KNOX, et al.,                                                  :

             Plaintiffs,                     :        <u>ORDER</u>

   -v.-                                                        :
                                                       17 Civ. 772 (GWG)
JOHN VARVATOS ENTERPRISES, INC.            :

             Defendant.                      :
---------------------------------------------------------------X

**GABRIEL W. GORENSTEIN, UNITED STATES MAGISTRATE JUDGE**

      The Court would like clarification from plaintiffs as to the reason Tessa Knox seeks the incentive payment only from the portion of the punitive damages award attributable to those class members who were not also FLSA opt-ins ("named plaintiffs"). <u>See</u> Docket # 368 at 3, 28-35. The Court understands her attorneys believe they cannot seek their additional payment from the named plaintiffs' recovery because such a request is barred by the named plaintiffs' retainer agreements. No explanation is given, however, as to why any incentive payment to Knox herself should be drawn only from the award to the non-named plaintiffs. Please provide an explanation of this distinction for purposes of any incentive payment.

      Second, the Court would like clarity on why, putting the weighing of the equities to one side, plaintiffs are making a distinction between the compensatory damage award and the punitive damage award as a source of the additional payments at all. Is it the plaintiffs' position that had only compensatory damages been awarded it would be impermissible to order an incentive payment?

      Relatedly, the plaintiffs cite several cases awarding incentive payments. <u>See</u> Docket # 368 at 30. Every case involved a settlement fund. Courts have a designated role in approving settlements by virtue of Fed. R. Civ. P. 23(e). What is the basis for a court's power to award an incentive payment from a jury award? Can plaintiffs cite any cases in which incentive payments were ordered to be made from a jury award?

      Finally, if the Court were to view its powers to award an incentive payment as deriving from its power to award attorney's fees from a "common fund," <u>see</u>, <u>e.g.</u>, <u>Boeing Co. v. Van Gemert</u>, 444 U.S. 472, 478 (1980), would either the compensatory damages award, the punitive damages award, or both qualify as a "common fund"? If so, why? If not, why not?

      The plaintiffs are invited to address these matters in a letter filed at their earliest convenience (and no later than February 19). The Court assumes that the defendant does not plan to respond for the reasons stated in its memorandum (Docket # 383 at 42-43).

SO ORDERED.

Dated: February 2, 2021
      New York, New York

_____
GABRIEL W. GORENSTEIN
United States Magistrate Judge