```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------------------X
KNOX, et al.,                                   :
                Plaintiffs,                     :    OPINION AND ORDER
        -v.-                                    :
                                                     17 Civ. 772 (GWG)
JOHN VARVATOS ENTERPRISES, INC.,                :
                Defendant.                      :
---------------------------------------------------------------X
```

**GABRIEL W. GORENSTEIN, UNITED STATES MAGISTRATE JUDGE**

    Plaintiffs have filed a motion to amend two separately issued judgments pursuant to Fed. R. Civ. P. 60 and for an award of supplemental attorney's fees.[1] Defendant has not responded to these requests. The Court decides plaintiffs' applications as follows.

    <u>Amending the Judgments Pursuant to the NY EPA</u>

    The New York Equal Pay Act ("NY EPA") provides that "if any amounts remain unpaid upon the expiration of ninety days following issuance of judgment, or ninety days after expiration of the time to appeal and no appeal is then pending, whichever is later, the total amount of judgment shall automatically increase by fifteen percent." N.Y. Lab. Law § 198(4). The final judgment on the merits of this case — an "amended judgment" entered on January 29, 2021, following defendant's successful motion for a new trial or remittitur under Fed. R. Civ. P. 59(e) — awarded plaintiffs $1,758,025.61. See Clerk's Amended Judgment (Docket # 403). The Court separately awarded attorney's fees to plaintiffs in the amount of $748,321.21 (Docket # 406), which was set forth in a judgment filed February 17, 2021 (Docket # 407). Plaintiffs represent in their memorandum of law that they "have not yet received any amounts in payment" and thus argue that plaintiffs "should therefore be entitled to a 15 percent increase of the amounts awarded pursuant to the NY EPA under each judgment." Pl. Mem. at 7.[2]

    While defendant has not appealed either judgment, plaintiffs appealed the judgment awarding the attorney's fees. and that appeal is still pending. See Notice of Appeal, filed February 24, 2021 (Docket # 408).

---

    [1] See Notice of Motion, filed June 2, 2021 (Docket # 412); Memorandum of Law in Support, filed June 2, 2021 (Docket # 413) ("Pl. Mem."); Declaration of William Dunnegan, filed June 2, 2021 (Docket # 414) ("Dunnegan Decl."); Declaration of Richard Weiss, filed June 2, 2021 (Docket # 415) ("Weiss Decl.").

    [2] Although plaintiffs have not submitted a sworn statement to substantiate their assertion of a lack of payment, we accept their attorney's representation.

Because there is no appeal of the merits judgment (Docket # 403), the Court agrees that plaintiffs are entitled to the 15% statutory increase given the defendant's failure to pay. Plaintiffs state, and we accept, that $938,137.30 of the $1,758,025.61 judgment following remittitur is attributable to the NY EPA claim. Pl. Mem. at 7. 15% of this figure is $140,720.59. Thus, the merits judgment (Docket # 403) must be increased by that amount.

We do not believe the statute permits any increase of the attorney's fees judgment (Docket # 407) at this time, however. The NY EPA permits the automatic increase only after the later of two dates: "ninety days following issuance of judgment, or ninety days after expiration of the time to appeal." N.Y. Lab. Law § 198(4). However, the statute also provides that the second date is operative only when "no appeal is then pending." Id. While this provision is not a model of clarity, we interpret it as barring an automatic increase in the judgment while an appeal is pending. In other words, if the judgment remains unpaid, the statute contemplates that the automatic increase occurs only after an appeal is adjudicated — i.e., is no longer "pending" (assuming, as is almost always the case and will be the case here, the adjudication occurs more than 90 days after the expiration of the deadline to appeal). Here, an appeal is pending with regard to the attorney's fee judgment. Thus, the automatic increase cannot be applied to this judgment until that appeal is adjudicated. See generally Estrada v. Giovanni's Italian Pizzeria, Inc., 2020 WL 3166964, at *9 (S.D.N.Y. June 15, 2020) ("Accordingly, if any part of the judgment is unpaid at the expiration of such time, and no appeal is pending, the judgment should provide that it is increased by 15 percent.") (emphasis added), adopted by, 2020 WL 4917179 (S.D.N.Y. Aug. 20, 2020).

Supplemental Attorney's Fees

Plaintiffs' counsel argues that it is entitled to a supplemental award of attorney's fees of $234,350.50 for time spent on the following three activities: 1) "preparing and supporting its motion for fees in this Court," 2) "opposing Varvatos's post-judgment motions for a new trial and/or judgment as a matter of law," and 3) "attempting to enforce the judgment, both in the Southern District of New York and in the bankruptcy court in the District of Delaware." Pl. Mem. at 8. Plaintiffs have provided a breakdown of the hours they seek compensation for along with copies of contemporaneous time entries. See Weiss Decl. ¶¶ 3-11 (describing hours spent); Weiss Decl., Exh. A (time records).

It is certainly settled that the first two categories are compensable inasmuch as they represent time spent with respect to the litigation of this case. As to the last category, case law reflects that attorney's fees may be awarded for collection activities, including litigation in bankruptcy court, where the judgment debtor has declared bankruptcy. See, e.g., Lora v. J.V. Car Wash, 2015 WL 7302755, at *6-7 (S.D.N.Y. Nov. 18, 2015); Easterly v. Tri-Star Transp. Corp., 2015 WL 337565, at *10 (S.D.N.Y. Jan. 23, 2015).

We are mindful of course of the "well settled" principle that "the filing of a timely and effective notice of appeal from a final judgment divests the court of jurisdiction to amend or

otherwise reconsider that judgment." United States v. Katsougrakis, 715 F.2d 769, 776 (2d Cir. 1983). Here, the existing judgment for attorney's fees is "final" for purposes of this principle. Nonetheless, attorney fee petitions are considered to be "collateral" to the merits and thus stand separate and apart from any other judgment, including any prior award of fees. Yurman Designs, Inc. v. PAJ, Inc., 2001 WL 797474, at *1-2 (S.D.N.Y. July 12, 2001). We thus follow the Yurman Designs decision, which issued an order awarding attorney's fees notwithstanding the pendency of an appeal of a previous award of attorney's fees that related to an earlier phase of the case.

With regard to the rates requested, plaintiffs' counsel argues that the Court erred in its initial fee decision by setting the rates at the "cheapest hourly rate an effective attorney would have charged." Pl. Mem. at 15 (citing Opinion and Order, filed February 17, 2021 (Docket # 406), at 7). The Court disagrees. As we stated previously, Second Circuit precedent required a district court to "step[] into the shoes of the reasonable, paying client, who wishes to pay the least amount necessary to litigate the case effectively." Arbor Hill Concerned Citizens Neighborhood Ass'n v. Cty. of Albany, 522 F.3d 182, 184 (2d Cir. 2008). Thus, "Arbor Hill demands that we determine the cheapest hourly rate an effective attorney would have charged." O.R. v. New York City Dep't of Educ., 340 F. Supp. 3d 357, 364 (S.D.N.Y. 2018). Plaintiffs' arguments to the contrary do not adequately address this language in Arbor Hill, instead focusing on policy arguments for why such a standard is not in the "economic interests" of highly effective attorneys and may dissuade some of them from taking cases with statutory attorney's fees. See Pl. Mem. at 15-17. Such arguments do not change the import of the Second Circuit's instructions, and thus we reject them. We note that other courts similarly construe Arbor Hill. See, e.g., H.C. v. New York City Dep't of Educ., 2021 WL 2471195, at *7 (S.D.N.Y. June 17, 2021) ("Until the Second Circuit modifies the directives set forth in Arbor Hill, this Court is constrained to determine, as it has done here, the cheapest hourly rate an effective attorney would have charged."); Idir v. La Calle TV, LLC, 2020 WL 4016425, at *4 (S.D.N.Y. July 15, 2020) (same); Robles v. City of New York, 2021 WL 1034773, at *9 (S.D.N.Y. Feb. 26, 2021) (same), adopted by, 2021 WL 1177462 (S.D.N.Y. Mar. 29, 2021).

As a result, we adhere to our prior determination regarding the proper rates for plaintiffs' counsel. See Knox v. John Varvatos Enterprises Inc., 2021 WL 608345, at *10 (S.D.N.Y. Feb. 17, 2021) (awarding rate of $450 for Dunnegan, $325 for Scileppi, $250 for Weiss, and $75 for Rafuse). While plaintiffs point out that their counsel has more experience in bankruptcy law than employment litigation, see Pl. Mem. at 19, we find that this difference alone does not warrant revising the rates previously awarded. We note that the rates awarded previously are in line with or even potentially exceed awards by other courts. Only a little more than a year ago, Lin v. La Vie en Schezuan Restaurant Corp., 2020 WL 1819941 (S.D.N.Y. Apr. 9, 2020), found that the "reasonable rate for senior attorneys handling wage-and-hour cases, in this market, typically ranges from $300 to $400 per hour." 2020 WL 1819941, at *3. As for plaintiffs' Delaware counsel, Mark Billion, we will award the requested rate of $450 in light of his prior experience and specialization in bankruptcy law. See Dunnegan Decl. ¶ 22 (describing Billion's credentials); Guerra v. Trece Corp., 2021 WL 1893593, at *2 (S.D.N.Y. May 11, 2021) (finding $450 an hour "within the range of reasonable rates for similarly experienced attorneys" in FLSA

3

context).

As for the hours requested, we have reviewed the contemporaneous time records and find the hours requested to be reasonable.

Accordingly, the hours and rates awarded are as follows:

| **Attorney** | **Rate** | **Hours** | **Total** |
|---|---|---|---|
| William Dunnegan | $450/hour | 325.7 | $146,565.00 |
| Laura Scileppi | $325/hour | 12.1 | $3,932.50 |
| Richard Weiss | $250/hour | 174.8 | $43,700.00 |
| Jennifer Rafuse | $75/hour | 62.3 | $4,672.50 |
| Mark Billion | $450/hour | 36.6 | $16,470.00 |
| **Total** | | | **$215,340.00** |

Conclusion

The plaintiffs' motion (Docket # 412) to amend the judgments and for fees is granted in part and denied in part.

First, the Clerk is directed to issue an Amended Judgment as to Docket # 403 that increases the award in that judgment from $1,758,025.61 to $1,898,746.20.

Second, the Court hereby awards plaintiffs $215,340.00 in additional attorney's fees for work performed by the plaintiffs' attorneys since the entry of the initial March 24, 2020 judgment (Docket # 362).

SO ORDERED.

Dated: June 22, 2021
      New York, New York

_____
GABRIEL W. GORENSTEIN
United States Magistrate Judge