UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
TESSA KNOX                                          :

                                                           :      ORDER

                     Plaintiff,

                                                           :      17 Civ. 772 (GWG)

    -v.-
                                                           :

JOHN VARVATOS ENTERPRISES, INC.
                                                           :

              Defendant.          :
------------------------------------------------------------X

**GABRIEL W. GORENSTEIN, United States Magistrate Judge**

       With regard to the motion to turnover assets (Docket # 429), the motion is granted in part and denied in part as follows.

1. With respect to the bank funds in the possession of John Varvatos Enterprises, Inc. ("Varvatos") in the form of cashier's checks from Bank of America, Varvatos shall contact Bank of America by July 22, 2022, and thereafter execute and deliver necessary documents in an attempt to obtain new cashier's checks (or another negotiable instrument). Those checks or instrument(s) shall be payable to "Dunnegan & Scileppi LLC as Attorneys" and delivered to Dunnegan & Scileppi LLC. If this process does not result in the delivery of funds, plaintiffs are free to serve a restraining order on Bank of America.

2. With respect to the $141,166.25 held in an account with Kurtzman Carson Consultants LLC ("KCC") at the time of the filing of the notice of motion, and based on the representations of Varvatos: (a) $42,403.46 of checks dated on or before June 30, 2022, have been cashed by the payee, and are no longer subject to the control of Varvatos; (b) $41,900.91 in checks/wires have been sent/initiated but not cashed/completed, and Varvatos shall cause KCC to turn over such amount to counsel for plaintiffs; (c) $7,856.80 in checks have been returned to Varvatos, for which Varvatos has no additional information concerning the payee, and Varvatos shall cause KCC to turn over such amount to counsel for plaintiffs; and (d) $49,005.08 constitutes checks and wires that have not been cashed or received by the payee, but Varvatos believes that it currently has accurate contact or wire information for the payee, and thus Varvatos is authorized to send a check or wire to such payee and provide payees receiving checks with 90 days following issuance of the checks to cash their respective checks. Following the expiration of such time, Varvatos shall cause KCC to turn over to counsel for plaintiffs any amount that remains on account of checks that have not been cashed or wires not completed.

3. With respect to the $58,725.44 (the "Escrow Amount") held in an account with KCC, plaintiffs' request for turnover of the Escrow Amount is deferred until November 1, 2022, or any

earlier time at which it is reported to the Court that KCC's current activities with respect to the bankruptcy are completed.  KCC shall provide a new invoice to the parties at that time that includes an estimate of any future expenses and the basis therefor.  The parties shall by November 8, 2022 (or such later date as they may agree) file a jointly-composed letter to the Court that provides the parties' positions as to the disposition of those funds.

    SO ORDERED.

Dated: July 15, 2022
       New York, New York

_____
GABRIEL W. GORENSTEIN
United States Magistrate Judge